BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director
LAUREN BRYANT (NY Bar 5321880)
ANNA DICHTER (NJ Bar 304442019)
JEFFREY HARTMAN (WA Bar 49810)
CATHERINE ROSS (DC Bar 9007404)
AMANDA SAYLOR (FL Bar 1031480)
ERIC SNYDERMAN (VA Bar 99563)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>            Plaintiff<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>            Defendants. | Case No. 3:25-cv-05687<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE**<br><br>Judge: Hon. Trina L. Thompson |

DEFS.' OPPOSITION TO PLS.' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME
AND SETTING SCHEDULE  No. 3:25-cv-05687

**INTRODUCTION**

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs National TPS Alliance, et al.'s ("NTPSA") Administrative Motion for Order Shortening Time and Setting Schedule. *See* ECF No. 19. First, Plaintiffs have failed to demonstrate that good cause exists to shorten time and accelerate the briefing schedule. Here, the urgency expressed by Plaintiffs is in part their own making, as they waited until weeks after the final agency action at issue in this case to file their lawsuit. In doing so, Plaintiffs attempt to group separate Temporary Protected Status ("TPS") determinations—with publication dates weeks apart from each other—under the same motion. *See* ECF No. 17 ("Pls.' Mot. to Postpone."). Plaintiffs' request for an expedited briefing timeline should not be entertained. *See California Chamber of Commerce v. Bonta*, 2021 WL 2109639 at *2 (E.D. Cal. May 25, 2021) ("There is a presumption that the time-tested schedules and safeguards imposed by the Federal Rules of Civil Procedure are the fair and reliable way to resolve motions in civil litigation. This presumption, in turn prevents ex-parte applications from becoming a 'tool for parties who have failed to present requests when they should have.'"). Second, the briefing schedule proposed by plaintiffs is unworkable and highly prejudicial to defendants, particularly where Plaintiffs filed such motion prior to serving Defendants with the Complaint. For the reasons below, Plaintiffs' Motion to Shorten Time should be denied.

**ARGUMENT**

**I.    Plaintiffs Have Not Met Their Burden of Demonstrating that "Good Cause" Exists for Shortening the Briefing Schedule**

Courts have found that good cause does not exist to expedite a briefing schedule where the reasons justifying a shortened schedule stem from the moving party's own making. *See Medtronic Vascular Inc., v. Advanced Cardiovascular Systems, Inc.*, No. C 06-1066 PJH., 2007 WL 2903997 at *1 (N.D. Cal. Oct. 4, 2007) (finding good cause lacking for granting a motion to shorten time where party "is responsible for its own delay in bringing the motion."); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007 WL 3340935 *2 (E.D. Cal. Nov. 9, 2007) (finding that Plaintiff did not demonstrate circumstances that justify shortening the time for hearing where Plaintiff is the cause of the predicament);

*Manzano v. FCA US LLC*, 2018 WL 8130612 (C.D. Cal. 2018) ("Defendant has failed to make any showing why it should not be considered the cause of its own predicament or how Defendant is without fault in creating the crisis that it claims now requires ex parte relief."). Here, Plaintiffs argue that an accelerated briefing schedule is justified due to the upcoming effective termination dates of the TPS designations for Nepal, Honduras, and Nicaragua. ECF No. 19 at ¶ 5. This argument, however, rests on three separate determinations that were published weeks apart from each other. The termination notice for Nepal was published on June 6, 2025—almost five weeks prior to the publication dates of the termination notices for Honduras and Nicaragua.[1] Rather than filing their Complaint when the Termination Notice for Nepal's TPS designation was published, Plaintiffs waited and used the Nepal designation as a tool to bundle separate determinations and manufacture exigency based on the looming Nepal deadline. But such dilatory litigation tactics should not be rewarded with an expedited briefing schedule that would frustrate judicial resources and unduly burden parties. *See Belina K. v. Baldovmos*, No. C 10–02507 PSG, 2011 WL 335315 at *2 (N.D. Cal. Feb. 1, 2011) ([a]n order shortening time on a motion necessarily delays resolution of other matters pending before the Court. Because such an order is effectively a request to jump the line, good cause is required."); *United States v. Idaho*, 342 F.R.D. 144, 152 ( D. Idaho Aug. 13, 2022) (finding any prejudice stemming from briefing schedule is Plaintiffs own making where they "chose to delay filing this case and its motion for preliminary injunction for over six weeks after the Supreme Court issued the Dobbs decision."). Plaintiffs' allegations of urgency to justify the abbreviated schedule fall flat, particularly where Plaintiffs could have brought this action weeks ago. As Plaintiffs have failed to establish that good cause exists for shortening the briefing schedule, their motion should be denied.

**II.   Plaintiffs' Proposed Briefing Schedule is Highly Prejudicial to Defendants**

Plaintiffs' motion to shorten time should be denied because the expedited response deadlines of the current proposed briefing schedule are unworkable and unduly prejudicial to Defendants. *See City of Richmond v. Trump*, Case No. 17-cv-01535-WHO, 2017 WL 3605216 *1 (N.D. Cal. Aug. 21, 2017)

---

[1] *See Termination of the Designation of Nepal for [TPS],* 90 Fed. Reg. 24151 (Jun. 6, 2025*); see also Termination of the Designation of Honduras for [TPS]*, 90 Fed. Reg. 30089 (Jul. 8, 2025); *Termination of the Designation of Nicaragua for [TPS]*, 90 Fed. Reg. 30087 (Jul. 8, 2025).

(denying motion to shorten time and concluding that "it would be unduly prejudicial to the government, which would have only five days to respond to [Plaintiffs'] motion."); *See Dairy, LLC v. Milk Movement, Inc.*, No. 2:21-cv-02233 WBS AC, 2022 WL 378838 *3 (E.D. Cal. Feb. 8, 2022) ("The Court is persuaded that it would be unduly burdensome on defendants to force preparation for such a deposition on the proposed shortened timeframe"). Plaintiffs' assertion that they are absorbing "substantially more of the burden" caused by the shortened schedule is inaccurate at best. ECF No. 19 at ¶ 8. As mentioned above, Plaintiffs have waited five weeks since the publication date of the Termination Notice for Nepal's TPS designation to file their 54-page (173 paragraph) Complaint, as well as the simultaneously filed 188-page motion to postpone (with supporting declarations). *See* ECF Nos. 1, 17. Clearly, the organizational Plaintiff NTPSA was well aware of the termination of the Nepal designation and used the intervening 5-weeks to perfect their pleadings. To now claim that they too will be pressed for time, based upon their own late filing, is disingenuous. Plaintiffs appear to have instead made a tactical decision to sit on their Complaint and therein obfuscate the effective dates for multiple TPS determinations in order to manufacture a false exigency by claiming action must be taken immediately on all 3 termination decisions. *See generally* ECF No. 17. Far from shouldering more of the burden, Plaintiffs demand a rushed schedule and offer Defendants less than a week to respond and prepare for a hearing on the motion. ECF No. 19 at ¶ 6. This is clear litigation gamesmanship and should not be supported by the Court. However, if the Court disagrees and orders the schedule Plaintiffs seek, Defendants respectfully request that the July 29, 2025, hearing date be moved to July 31, 2025, as counsel for the Defendants plan to be in San Francisco for a hearing on August 1, 2025.

## **CONCLUSION**

For the reasons above, the Court should deny Plaintiffs Motion to Shorten Time.

Dated: July 11, 2025                                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DEFS.' OPPOSITION TO PLS.' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME
AND SETTING SCHEDULE No. 3:25-cv-05687
3

Civil Division

WILLIAM H. WEILAND (Mass. Bar 661433)
Acting Assistant Director

ERIC SNYDERMAN (VA Bar 99563)
ANNA DICHTER (NJ Bar 304442019)
LAUREN BRYANT(NY Bar 5321880)
AMANDA SAYLOR (FL Bar 1031480)
JEFFREY HARTMAN (WSBA 49810)
Trial Attorneys

/s/ *Catherine Ross*
CATHERINE ROSS
Trial Attorney (DC Bar 9007404)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 451-7492
Catherine.ross@usdoj.gov

*Attorneys for the Defendants*