Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNÁNDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED ADMINISTRATIVE RECORDS** |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 799 3566

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez
diana.sanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice pending*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

Pursuant to Civil Local Rules 6-3, 7-11, and 16-5, Plaintiffs respectfully move to expedite production of the certified administrative records ("CARs") for the challenged terminations of Temporary Protected Status ("TPS") for Honduras, Nepal, and Nicaragua by July 18, 2025.[1] Plaintiffs have conferred with Defendants in good faith on the issues raised in this motion, but the parties have been unable to reach a resolution.

## I.   INTRODUCTION

Time is running out for more than 60,000 long-time TPS holders from Honduras, Nepal, and Nicaragua. On June 6, 2025, Defendant Noem terminated TPS for Nepal and on July 7, 2025, Defendant Noem terminated TPS for Honduras and Nicaragua. For all three designations, Noem provided the statutory minimum sixty-day wind-down period—no more. Absent prompt judicial relief, individual Plaintiffs and members of Plaintiff National TPS Alliance stand to lose lawful status, work authorization, driver's licenses, health insurance, and the ability to remain with their U.S. citizen children and families as early as August 5, 2025 (Nepal) and September 8, 2025 (Honduras and Nicaragua).

Within twenty-four hours of filing their Complaint, Plaintiffs requested that Defendants begin assembling the CARs and offered to accept a phased seven- and fourteen-day schedule. *See* Bansal Decl. ¶ 4 & Ex. 1. Defendants refused, saying the fastest they could agree to producing these CARs was six weeks, thereby creating the impasse that necessitates this motion. *Id.*

## II.   BACKGROUND

On June 6, 2025, Secretary of the Department of Homeland Security ("DHS") Kristi Noem terminated TPS for Nepal and on July 7, 2025, Secretary Noem terminated TPS for Honduras and Nicaragua. For all three designations, Secretary Noem provided a sixty-day "orderly transition" period.

Plaintiffs filed their Complaint on July 7, 2025, alleging that the Secretary's decisions to

---

[1] The right to production of the certified administrative record in the APA context arises from Supreme Court precedent and the applicable Local Rules governing administrative review, not from the discovery provisions of the Federal Rules of Civil Procedure such as FRCP 26 or FRCP 37. *See, e.g., Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (requiring judicial review of agency action to be based on the full administrative record before the agency at the time of its decision); Civil Local Rule 16-5.

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED ADMINISTRATIVE RECORDS – CASE NO. 3:25-cv-05687-TLT

terminate TPS for Honduras, Nepal, and Nicaragua were pre-ordained, discriminatory, and issued without the statutorily required review of country conditions in violation of the Administrative Procedure Act ("APA") and the Fifth Amendment of the United States Constitution. *See* Dkt. 1. The following day, Plaintiffs filed a Motion to Postpone pursuant to 5 U.S.C. § 705. Dkt. 17. This Court has set a hearing on Plaintiffs' Motion for July 29, 2025. Dkt. 19. Ultimately, Plaintiffs seek an order setting aside the terminations pursuant to 5 U.S.C. § 706. Dkt. 1, ¶ 168.

If the terminations take effect, Plaintiffs—many of whom have lived in the United States legally for decades—will become subject to detention and deportation; lose the jobs that sustain their U.S. citizen families; forfeit employer-sponsored health insurance and Social Security benefits; and face wrenching choices about family separation.

Recognizing identical urgency in the related litigation over the vacatur and termination of TPS for Venezuela and Haiti (*Nat'l TPS Alliance v. Noem*, No. 3:25-cv-01766-EMC (N.D. Cal. 2025) ("*NTPSA I*")), the Court ordered Defendants to produce the Venezuela CARs within seven days. *See* Transcript of Proceedings at 115:20-21, *NTPSA I* (Mar. 24, 2025), ECF No. 91 ("I do expect the parties to produce a record within seven days"). After Defendants produced the Venezuela CARs, the Court ordered them to produce the Haiti CAR within 7 days. *See* Dkt. 106. Defendants complied, producing CARs that consisted of fifty documents or fewer. Despite that precedent—and despite Plaintiffs' July 8–10, 2025 meet-and-confer emails requesting the same timetable here—Defendants insist on a six-week schedule, based on nothing more than their unsupported claim that they believe the CARs at issue here may be larger and have less overlap than the CARs for Venezuela. *See* Bansal Decl. ¶ 4 & Ex. 1.

**III.   ARGUMENT**

    **A.   Expedited production is warranted given the weighty interests at stake in this case and Defendants' demonstrated ability to produce similar CARs rapidly**

Section 706 of the APA requires courts to "review the whole record" underlying an agency's decision. 5 U.S.C. § 706. Accordingly, the Court will need to consider the CARs before making a final decision on the merits of the Plaintiffs' claims. Moreover, the CAR may be useful to the Court in ruling on Plaintiffs' pending Motion to Postpone and—in the event of a ruling in Plaintiffs' favor

2

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED ADMINISTRATIVE RECORDS – CASE NO. 3:25-cv-05687-TLT

on that Motion and a subsequent appeal by Defendants (as occurred in *NTPSA I*)—could be relevant to appellate proceedings in addition to being essential for further proceedings towards a final decision in this Court. Thus, in order to expedite adjudication of this case given the important interests at stake, the Court should order Defendants to promptly produce the relevant CARs in this matter.

Time is of the essence. The terminations of TPS for Honduras, Nepal, and Nicaragua are set to take effect imminently, with only 60 days' notice provided to TPS holders who have lived lawfully in the United States for a decade or more. Defendants' only argument against producing the CARs in accordance with Plaintiffs' proposed schedule is that it would not be "achievable." *See* Bansal Decl. Ex. 1 at 3. In *NTPSA I*, the Court ordered—and Defendants produced—two CARs within seven days. Transcript of Proceedings at 114:1–116:7, *NTPSA I* (Mar. 24, 2025), ECF No. 91. Moreover, in *Ramos v. Nielson,* a similarly situated case, the Court ordered Defendants to produce the CARs for the TPS terminations of Sudan and Nicaragua within ten days, and for El Salvador and Haiti one week later. *See Ramos v. Nielson,* Case No. 3:18-cv-01554-EMC (N.D. Cal. June 25, 2018), ECF No. 34 at 4. Defendants offer no plausible explanation why producing three comparably sized records here requires six times as long as it took to prepare the two Venezuela CARs.

In *NTPSA I*, the Venezuela and Haiti CARs contained fifty or fewer documents each. *NTPSA I*, Dkt. Nos. 103, 104, 110. In *Ramos*, the CARs were even smaller. *See Ramos*, Dkt. 111 (Sudan CAR, 13 documents); Dkt. 112 (Nicaragua CAR, 34 documents); Dkt. 113 (Haiti CAR, 47 documents); Dkt. 114 (El Salvador CAR, 33 documents). There is no reason to expect the CARs related to the terminations in this case will be materially larger. Further, the vast majority of relevant materials—the USCIS decision memoranda, clearance records, State Department cables, and country-conditions compilations—are already centralized in DHS files. Defendants have been on notice since at least February 2025 that TPS terminations would be litigated and should have preserved and organized the underlying materials. And Plaintiffs requested expedited production of the administrative records in this case the day they filed the Postponement Motion, requesting confirmation that Defendants would begin compilation "immediately." Bansal Decl. Ex. 1. Any marginal administrative burden pales in comparison to the existential harms Plaintiffs face.

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED ADMINISTRATIVE RECORDS – CASE NO. 3:25-cv-05687-TLT

IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to produce all three CARs promptly, and in no event by later than July 18, 2025, which is seven days from the date of this administrative motion and ten days from the date that Plaintiffs put Defendants on notice that Plaintiffs intended to seek expedited production of these CARs. *See* Bansal Decl. Ex. 1.

Date:  July 11, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice pending*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

4

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED
ADMINISTRATIVE RECORDS – CASE NO. 3:25-cv-05687-TLT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal

5

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXPEDITE PRODUCTION OF THE CERTIFIED ADMINISTRATIVE RECORDS – CASE NO. 3:25-cv-05687-TLT