Jonathon P. Hauenschild (SBN 249615)
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Ste. 335
Washington, DC 20001
(202) 232-5590
jhauenschild@irli.org

Counsel for *Movant* Immigration Reform Law Institute

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**NOTICE OF MOTION AND MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF FEDERAL DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION TO POSTPONE EFFECTIVE DATE OF AGENCY ACTION**<br><br>NO HEARING NOTICED<br><br>Complaint filed: July 7, 2025<br>Courtroom 9, Hon. Trina L. Thompson |

**To All Parties and their Counsels of Record**:

**PLEASE TAKE NOTICE** that movant Immigration Reform Law Institute ("IRLI") respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of the Federal Defendants and their opposition to the Plaintiffs' Motion to Postpone Effective Date of Agency Action ("Plaintiffs' motion"). Since this is a motion for administrative relief, Local Rule 7-11 does not require a hearing.

IRLI respectfully asks that this Court grant this motion for leave for reasons provided herein.

Defendants have indicated that they do not oppose the request so long as the brief is consistent with the rules. Plaintiffs have indicated that they either oppose or otherwise reserve the right to oppose the brief.

## IDENTITY AND INTEREST OF *AMICI CURIAE*

*Amicus curiae* Immigration Reform Law Institute ("IRLI") is a non-profit 501(c)(3) public interest law firm dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens, and to assisting courts in understanding and accurately applying federal immigration law.

## REASONS TO GRANT LEAVE TO FILE

Courts have broad discretion to accept briefs from *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (describing broad discretion to appoint *amici curiae*), *abrogated on other grounds*, *Sandin v. Conner*, 215 U.S. 472 (1995). Where the Local Rules and Federal Rules of Civil Procedure are silent as to governing standards for *amicus* briefs, "district courts rely on Federal Rule of Appellate Procedure 29 in addressing such requests." *United States v. State Water Res. Control Bd.*, 2020 U.S. Dist. LEXIS 72027, *9 (C.D. Cal. 2020). The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

The "touchstone is whether the amicus brief is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, 2019 U.S. Dist. LEXIS 214578, *3 (E.D. Cal.) (citations omitted). An *amicus* brief should normally be allowed "when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, 2022 U.S. Dist. LEXIS 246314, *2-3 (C.D. Cal. 2022), *citing Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). As a general rule, courts within the Ninth Circuit have determined that "it is

preferable to err on the side of permitting such amicus briefs if an amicus brief that turns out to be unhelpful is filed, the court can them simply disregard the brief. On the other hand, if a good brief is rejected, the court will be deprived of a resource that might have been of assistance." *Stoyas v. Toshiba Corp.*, 2021 U.S. Dist. LEXIS 106487, *4 (citation modified).

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

The accompanying *amicus* brief concerns two matters: the question of whether the 2025 Vacaturs and Terminations of TPS for Honduras, Nepa, and Nicaragua constitute exercises of the President's Article II powers under the Constitution and thus are unreviewable under the APA, and a discussion of the Harmonious Reading Canon in the context of statutes and the President's inherent constitutional powers. Because these matters are relevant to this Court's decision on plaintiffs' motion, the proffered *amicus* brief may aid the Court.

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, this Court should grant leave to file IRLI's *amicus* brief.

Dated: July 16, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ Jonathon P. Hauenschild
　　　　　　　　　　　　　　　　　　　Jonathon P Hauenschild
　　　　　　　　　　　　　　　　　　　(SBN 249615)
　　　　　　　　　　　　　　　　　　　Immigration Reform Law Institute
　　　　　　　　　　　　　　　　　　　25 Massachusetts Ave., NW, Suite 335
　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　(202) 232-5590
　　　　　　　　　　　　　　　　　　　jhauenschild@irli.org

　　　　　　　　　　　　　　　　　　　Counsel for *Movant*
　　　　　　　　　　　　　　　　　　　Immigration Reform Law Institute