1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    NATIONAL TPS ALLIANCE, et al.,                Case No.  25-cv-05687-TLT

8                   Plaintiffs,

9            v.                                     **FOLLOW-UP QUESTIONS FOR THE
                                                    HEARING**
10   KRISTI NOEM, et al.,                           Re: Dkt. No. 17

11                  Defendants.

12   **To both parties:**

13       5 U.S.C. § 705 states:

14           When an agency finds that justice so requires, it may postpone the
             effective date of action taken by it, pending judicial review. On such
15           conditions as may be required and to the extent necessary to prevent
             irreparable injury, **the reviewing court**, including the court to which
16           a case may be taken on appeal from or on application for certiorari or
             other writ to a reviewing court, **may issue all necessary and**
17           **appropriate process to postpone the effective date of an agency**
             **action or to preserve status or rights pending conclusion of the**
18           **review proceedings**.

19   1.  What is the purpose of the APA?  What was Congress' intent in passing 5 U.S.C. § 705?

20   2.  Under 5 U.S.C. § 705, would Congress have intended for reviewing courts to be limited in

21       their ability to postpone agency actions, if justice so requires?

22   **For Plaintiffs:**

23   1.  On ECF 67 at 4:12–16, Plaintiffs provide some examples of collateral decisions.

24       a)  Please list all collateral decisions that may underly the Secretary's determination to

25           terminate TPS.

26   2.  On ECF 67 at 10:25–28, Plaintiffs argue that the principles justifying limits on equitable

27       relief in *ImmDef* are not applicable, given that Plaintiffs here ask the Court to "postpone"

28

United States District Court
Northern District of California

1    the effective date of agency action. *ImmDef,* however, ordered "a stay of Remain in

2    Mexico's reimplementation" to preserve the status quo.

3        a)   How is a postponement at this stage of the litigation different from *ImmDef*'s stay

4             to preserve the status quo?

5    3.   On ECF 67 at 16:14–15, Plaintiffs mention that Congress sharply limited the Executive's

6         discretion to end a TPS designation.

7        a)   Is this limitation only expressed from the TPS statute, or does the legislative history

8             also reflect this intent?

9    **For Defendants:**

10   1.   Are Defendants suggesting that the TPS statute precludes judicial review of all legal and

11        factual TPS determinations?

12   2.   Since taking office, how many TPS extensions has the Secretary reviewed?

13       a)   Which countries, if any, did the Secretary extend TPS?

14       b)   Which countries did the Secretary terminate TPS?

15   3.   On ECF 65 at 9:6–7, Defendants argue that complete relief can be granted by only

16        postponing terminations for the individual Plaintiffs.

17       a)   How would DHS or Defendants be able to ensure Plaintiffs obtain complete relief?

18       b)   Does DHS or Defendants have a system in place to make sure Plaintiffs are still

19            able to access medical care, obtain employment, and not be deported for lack of

20            status?

21   4.   On ECF 65 at 15:14, Defendants argue that the Secretary's TPS terminations are plausibly

22        related to foreign relations interests.

23       a)   How so?

24       **IT IS SO ORDERED.**

25   Dated: July 29, 2025

26

27   _____
     TRINA L. THOMPSON

28   United States District Judge

United States District Court
Northern District of California

2