1  Ahilan T. Arulanantham (SBN 237841)
   arulanantham@law.ucla.edu
2  CENTER FOR IMMIGRATION LAW AND
   POLICY, UCLA SCHOOL OF LAW
3  385 Charles E. Young Dr. East
   Los Angeles, CA 90095
4  Telephone: (310) 825-1029

5  Emilou MacLean (SBN 319071)
   emaclean@aclunc.org
6  Michelle (Minju) Y. Cho (SBN 321939)
   mcho@aclunc.org
7  Amanda Young (SBN 359753)
   ayoung@aclunc.org
8  ACLU FOUNDATION
   OF NORTHERN CALIFORNIA
9  39 Drumm Street
   San Francisco, CA 94111-4805
10 Telephone: (415) 621-2493
   Facsimile: (415) 863-7832
11
   Attorneys for Plaintiffs
12 *[Additional Counsel Listed on Next Page]*

13

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 | NATIONAL TPS ALLIANCE, DENIS | Case No. 25-cv-5687-TLT
   MOLINA, JHONY SILVA, MARIA ELENA
   HERNANDEZ, O.C., SANDHYA LAMA, S.K., | **PLAINTIFFS' ADMINISTRATIVE**
19 and TEOFILO MARTINEZ, | **MOTION FOR ORDER SHORTENING
                                        TIME AND SETTING SCHEDULE RE:**
20         Plaintiffs, | **PLAINTIFFS' MOTION FOR PARTIAL
                          SUMMARY JUDGMENT (ECF 100) &**
21      vs. | **PLAINTIFFS' MOTION FOR LEAVE TO
              FILE MULTIPLE MOTIONS FOR**
22 KRISTI NOEM, in her official capacity as | **SUMMARY JUDGMENT (ECF 101)**
   Secretary of Homeland Security, UNITED
23 STATES DEPARTMENT OF HOMELAND | Complaint Filed: July 7, 2025
   SECURITY, and UNITED STATES OF
24 AMERICA,

           Defendants.
25

26

27

28

1 | Additional Counsel for Plaintiffs

2 | Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
3 | Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
4 | NATIONAL DAY LABORER
ORGANIZING NETWORK
5 | 1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
6 | Telephone: (626) 799 3566

7 | Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
8 | Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
9 | ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
10 | 1313 West 8th Street
Los Angeles, CA 90017
11 | Telephone: (213) 977-5236

12 | Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
13 | HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
14 | San Diego, CA 92120
Telephone: (949) 603-7411

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    In accordance with Civil Local Rules 6-3 and 7-11 and this Court's rules and orders,

2  Plaintiffs respectfully move the Court to modify the briefing schedule with respect to Plaintiffs'

3  Motion for Partial Summary Judgment and Motion for Leave to File Multiple Motions for Summary

4  Judgment, both filed August 25, 2025 (Dkts. 100 & 101).

5    In support of this Administrative Motion for Order Shortening Time and Setting Schedule

6  ("Motion"), Plaintiffs submit that good cause exists to shorten time as set forth below:

7    1.    Plaintiffs acknowledge and appreciate that this Court has already made extraordinary

8  adjustments to its schedule in order to carefully consider a large body of evidence and legal

9  argument in this case on an expedited basis. Nonetheless, given the impact of Defendants' actions on

10  Plaintiffs' lives and the lives of tens of thousands of other long-time lawful residents of this country,

11  and the straight-forward nature of the sole claim which Plaintiffs wish to present in their Motion for

12  Partial Summary Judgment—which is less than 10 pages long and includes only one, three-page

13  exhibit—Plaintiffs respectfully submit that good cause exists for this Court to again act

14  expeditiously in considering Plaintiffs' Motion for Partial Summary Judgment and Motion for Leave

15  to File Multiple Motions for Summary Judgment on or before September 8. Doing so is the only way

16  to prevent approximately 50,000 people who have lived in this country lawfully for at least 25 years

17  from losing their jobs, their health insurance, and potentially their presence here altogether. Because

18  of the stay to this Court's order entered by the Ninth Circuit, Temporary Protected Status ("TPS")

19  holders from Honduras and Nicaragua are set to lose their TPS on September 9; TPS holders from

20  Nepal have already lost their legal status and employment authorization.

21    2.    Alternatively, if the Court cannot accommodate Plaintiffs' request to hold a hearing

22  on or before September 8, Plaintiffs request that the hearing currently set on their motion for class

23  certification, which is scheduled for September 16, 2025, be modified to also address the motion for

24  partial summary judgment they advance here.

25    3.    Plaintiffs are filing this Motion concurrently with the Motion for Partial Summary

26  Judgment and Motion for Leave to File Multiple Motions for Summary Judgment. The default

27  hearing date for Plaintiffs' Motions would be September 29, 2025 (35 days from date of filing). This

28  Court previously set a hearing date of November 18, 2025 for dispositive motions.

PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
CASE NO. 3: 25-CV-5687-TLT

4.    This matter pertains to the Department of Homeland Security's ("DHS") unlawful decision to terminate TPS for 60,000 people from Honduras, Nicaragua, and Nepal.

5.    On July 31, 2025, this Court granted Plaintiffs' motion to postpone all three termination decisions until November 18, 2025. Dkt. 73. Defendants moved to stay that order. After this Court denied Defendants' request for a stay on August 8, 2025, Dkt. 87, the Ninth Circuit granted a stay of this Court's postponement order on August 20, 2025, Dkt. 96.

6.    As a result of the Ninth Circuit stay order, the termination of Nepal's TPS designation has taken effect. Nepali TPS holders no longer have work authorization and are subject to detention and deportation. The terminations of Honduras and Nicaragua's TPS designations will go into effect on September 9, 2025, at which point Honduran and Nicaraguan TPS holders will lose their work authorization and become subject to detention and deportation

7.    Plaintiffs allege that the DHS Secretary's decisions to terminate are unlawful under the Administrative Procedure Act (APA) and the Anti-Discrimination guarantee of the Fifth Amendment's Due Process Clause, and must be set aside. Under the APA, Plaintiffs allege that (1) Defendants' termination decisions were arbitrary and capricious because they were not based on a review of country conditions as required by statute, but instead on a preordained, political decision to terminate TPS wholesale, and (2) that Defendants arbitrarily and capriciously failed to acknowledge or explain their departure from two decades of unbroken agency practice of providing at least a six-month orderly transition period when terminating a TPS designation.

8.    Plaintiffs' Motion for Partial Summary Judgment seeks summary judgment only on Plaintiffs' second APA claim.

9.    Unlike Plaintiffs' first APA claim, Plaintiffs' second APA claim is purely legal, and requires no further factual development. The Ninth Circuit's stay of this Court's Postponement Order does not bar this Court from entering partial summary judgment on that claim before September 9—when an additional (more than) 50,000 people will otherwise lose their right to live and work in this country under Defendants' illegal TPS terminations.

10.    Plaintiffs contacted Defendants via e-mail to request an accelerated briefing and hearing schedule for Plaintiffs' Motion for Partial Summary Judgment and Motion for Leave to File

2

1    Multiple Motions for Summary Judgment. Defendants responded that they oppose accelerating

2    briefing and hearing and stated that "If any hearing is to be held for [summary judgment] in

3    September, it should happen on the date the Court already set aside on its calendar – September 16."

4    *See* Bansal Decl. in Support of Motion to Shorten Time for Motion for Partial Summary Judgment ¶

5    9.

6        11.    Good cause exists for this Court to hear Plaintiffs' Motion for Partial Summary

7    Judgment and Motion for Leave to File Multiple Motions for Summary Judgment on an expedited

8    timeframe. Due to the Ninth Circuit's stay of this Court's postponement order, Dkt. 96, the

9    termination of Nepal's TPS designation is currently in effect, and the terminations of Honduras and

10   Nicaragua's TPS designation will imminently go into effect on September 9, 2025. Plaintiffs, as well

11   as other Honduran, Nicaraguan, and Nepali TPS holders, are faced with tremendous and irreparable

12   harm from losing their work authorization and their immigration status. Upon the termination of

13   their TPS status, they are deprived of their ability to support themselves and their family, maintain

14   their health insurance, pay for necessary medical care, rent housing, and drive. *See, e.g.*, Dkt. 17-4

15   (Hernandez Decl. ¶¶ 12–13); Dkt. 17-10 (A.C. Decl. ¶ 10); Dkt. 17-5 (O.C. Decl. ¶ 7); Dkt. 17-2

16   (Molina Decl. ¶¶ 13–14); Dkt. 17-8 (Martinez Decl. ¶¶ 13–14); Dkt. 17-6 (Lama Decl. ¶ 13); Dkt.

17   17-3 (Silva Decl. ¶¶ 13–14). Many Honduran, Nicaraguan, and Nepali TPS holders, including many

18   individual Plaintiffs, have lived in the U.S. for more than twenty-five years and have U.S. citizen

19   children and family members. *See, e.g.*, Dkt. 17-13 (Palma Decl. ¶¶ 28–29); Dkt. 17-6 (Lama Decl.

20   ¶¶ 13–14); Dkt. 17-11 (Shrestha Decl. ¶ 10); Dkt. 17-12 (Carbajal Decl. ¶¶ 9–10); Dkt. 17-2

21   (Molina Decl. ¶¶ 7, 15); Dkt. 17-3 (Silva Decl. ¶ 16). Without legal immigration status under TPS,

22   Plaintiffs and other Honduran, Nicaragua, and Nepali TPS holders face imminent arrest and

23   detention, followed by deportation and the unfathomable separation from their U.S. citizen family

24   members. *See generally*, Dkt. 17-13 (Palma Decl. ¶ 31); Dkt. 17-10 (A.C. Decl. ¶ 12); Dkt. 17-4

25   (Hernandez Decl. ¶¶ 14–16), Dkt. 17-5 (O.C. ¶¶ 6–8); Dkt. 17-2 (Molina ¶¶ 13–14); Dkt. 17-9

26   (R.A. Decl. ¶ 11); Dkt. 17-11(Shrestha Decl. ¶¶ 10–14); Dkt. 17-6 (Lama Decl. ¶ 14–15); Dkt. 17-

27   12 (Carbajal Decl. ¶ 14); Dkt. 17-3 (Silva Decl. ¶ 16).

28       12.    For those reasons, Plaintiffs propose the following timeline:

PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
CASE NO. 3:25-CV-5687-TLT

- Defendants shall file their Response to Plaintiffs' Motion for Partial Summary Judgment by August 29, 2025 at 11:59 pm PST;

- Plaintiffs shall file their Reply, if any, by September 2, 2025 at 11:59 pm PST; and

- The Court will hear argument on the Motion for Partial Summary Judgment no later than September 8, 2025, or, in alternative, at the Motion for Class Certification hearing already scheduled for September 16, 2025, at 11:00 am PST.

13.    There have been the following previous time modifications in this case:

- On July 11, 2025, the Court granted Plaintiffs' Motion to Shorten Time regarding Plaintiffs' Motion to Postpone (Dkt. 19) for good cause shown and advanced the parties' briefing schedule and hearing on the Motion to Postpone. *See* Dkt. 36.

- On July 15, 2025, the Court granted Plaintiffs' Motion to Expedite Production of Certified Administrative Records (Dkt. 42) for good cause shown and ordered Defendants to produce the CARs for Defendants' decisions to terminate TPS for Nepal, Nicaragua, and Honduras within seven (7) days of issuance of the Court's order. *See* Dkt. 47.

- On August 6, 2025, the Court granted Defendants' Motion to Shorten Time regarding Defendants' Emergency Motion for Stay (Dkt. 76) and advanced the parties' briefing schedule and the Court's decision on Defendants' Emergency Motion for Stay. *See* Dkt. 80.

- On August 14, 2025, the Court set a shortened schedule regarding Plaintiffs' Motion for Class Certification after the Plaintiff notified the Court that it intended to seek an expedited briefing schedule for class certification in the Joint Case Management Statement, and ordered Plaintiffs to file their Motion for Class Certification by August 15, 2025; Defendants to file their Opposition by August 25, 2025; Plaintiffs to file their Reply by August 29, 2025; and set argument on the Motion for Class Certification for September 16, 2025 at 2:00 pm PST. *See* Dkt. 91. On August 21, 2025, the Court advanced the Motion for Class Certification hearing to 11:00 am PST on the same day. *See* Dkt. 98.

4

- In its July 31, 2025 Order Granting Plaintiffs' Motion to Postpone, this Court *sua sponte* reserved November 18, 2025 for a dispositive motions hearing. On August 14, 2025, the Court further ordered the parties to file their dispositive motions no later than October 14, 2025; to file their oppositions to dispositive motions by October 28, 2025; to file their replies by November 4, 2025. *See* Dkt. 91.

14.     If granted, the requested Motion will have minimal effect on the overall case schedule. All other currently scheduled dates will remain the same, including the deadline for Plaintiffs to file what would be their second Motion for Partial Summary Judgment (on the predetermination APA claim) by October 14, 2025, following discovery.

15.     Based on the foregoing, and for good cause shown, Plaintiffs respectfully request that the Court modify the briefing and hearing schedule as set forth in paragraph 12 above.

Date:  August 25, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)

5

HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
CASE NO. 3:25-CV-5687-TLT

1

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER
ORGANIZING NETWORK


 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal

7

PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
CASE NO. 3: 25-CV-5687-TLT