1  BRETT A. SHUMATE
   Assistant Attorney General
2  YAAKOV M. ROTH
   Principal Deputy Assistant Attorney General
3  WILLIAM H. WEILAND
   Acting Assistant Director
4  ANNA L. DICHTER
   Senior Litigation Counsel
5  ERIC SNYDERMAN
   LAUREN BRYANT
6  CATHERINE ROSS
   AMANDA B. SAYLOR
7  JEFFREY HARTMAN
   DANIEL CAPPELLETTI
8  SHELBY WADE
   Trial Attorneys
9  U.S. Department of Justice, Civil Division
   Office of Immigration Litigation
10 General Litigation and Appeals Section
   P.O. Box 868, Ben Franklin Station
11 Washington, DC 20044

12 Attorneys for Defendants

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16 NATIONAL TPS ALLIANCE, *et al.*,

17              Plaintiffs,                    Case No. 3:25-cv-5687
        v.
18 KRISTI NOEM, in her official capacity as    **DEFENDANTS' OPPOSITION TO**
   Secretary of Homeland Security, *et al.*,   **PLAINTIFFS' ADMINISTRATIVE MOTION**
19                                             **FOR ORDER SHORTENING TIME AND**
              Defendants.                      **SETTING SCHEDULE, ECF NO. 102**
20
                                               Judge: Hon. Trina L. Thompson
21

22

23

24

## I.    INTRODUCTION

Defendants Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs National TPS Alliance, et al.'s ("NTPSA") Administrative Motion for Order Shortening Time and Setting Schedule Regarding the Plaintiffs' Motion for Partial Summary Judgment (ECF No. 100) and Plaintiffs' Motion for Leave to File Multiple Motions for Summary Judgment (ECF 101). ECF No. 102. First, Plaintiffs have failed to demonstrate that good cause exists for this Court to expeditiously consider the Motion for Leave to File Multiple Motions for Summary Judgment, as well as Plaintiffs' Motion for Partial Summary Judgment. Second, the briefing schedule proposed by Plaintiffs is not feasible under the circumstances and is unduly prejudicial to the Defendants. For the reasons below, Plaintiffs' Administrative Motion for Order Shortening Time and Setting Schedule, ECF No. 102, should be denied.

## II.    ARGUMENT

### A.  Plaintiffs fail to demonstrate that good cause exists for this Court to expeditiously consider their Motion for Leave to File Multiple Motions for Summary Judgment, as well as their Motion for Partial Summary Judgment.

Plaintiffs demand an expedited briefing schedule *before* the Court has even ruled on their motion for leave to file multiple motions for summary judgment, ECF No. 101, and before the Parties have fully briefed that motion. Indeed, Plaintiffs demand is so extreme that it presents a timeline that presumes it will be granted, forcing Defendants into the untenable position of already having to scramble to cobble together a summary judgment response before the Court has even approved the filing of such. For this reason alone, the Court should deny Plaintiffs' request for an expedited schedule until the Court has at least resolved whether Plaintiffs can file successive motions for summary judgment. As this Court has made clear that "[p]arties are limited to filing *one* motion for summary judgment." Standing Order for Civil Cases Before District Judge Trina L. Thompson, at ¶ 24 (emphasis added). "Any party wishing to exceed this limit must request leave of Court and must show good cause." *Id*. at ¶ 25. This adheres to the principle that successive motions for summary judgment—while not categorially barred— "are generally disfavored in federal court." *Peasley v. Spearman*, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (citing *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs & Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010)).

Plaintiffs have not demonstrated that good cause exists to allow them to file successive motions for summary judgment. To determine whether "good cause" exists to allow successive motions for summary judgment, courts in this district have considered factors such as (1) "the availability of new evidence or an expanded factual record," (2) "an intervening change in controlling law," or (3) "the need to correct a clear error or prevent manifest injustice." *Bally v. State Farm Life Insurance Co.*, 2021 WL 3514009, at *2 (N.D. Cal. Aug. 10, 2021); *Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 2021 WL 4281336, at *1 (N.D. Cal. Sept. 21, 2021).

Here, Plaintiffs have failed to show "good cause" to exceed their limit of one summary judgment motion. Plaintiffs have not identified any newly available evidence, relevant changes in law, clear errors, or similar developments that would warrant an additional motion for summary judgment, particularly where the Court has already ordered a briefing schedule for dispositive motions and set aside time for oral argument. ECF No. 91; *see Bally*, 2021 WL 3514009, at *2. Instead, Plaintiffs rely on the Ninth Circuit's recent decision on August 20, 2025, granting a stay of this Court's postponement order, to seek a successive motion for summary judgment. ECF No. 102, at ¶¶ 5–9. However, the fact that Plaintiffs lost an appeal of a preliminary injunction before a circuit court is not sufficient to show "good cause" and does not permit a successive motion for summary judgment. *See generally Edwards Lifesciences Corp.*, 2021 WL 4281336, at *2; *Bally*, 2021 WL 3514009, at *2.

As such, Plaintiffs cannot demonstrate that the Court should grant their motion for leave to file multiple motions for summary judgment, ECF No. 101, and the Court should deny Plaintiffs Administrative Motion for Order Shortening Time and Setting Schedule. ECF No. 102. Indeed, briefing on Plaintiffs' partial motion for summary judgment should only proceed if the Court grants Plaintiffs' motion for leave to file multiple motions for summary judgment. ECF No. 101. Alternatively, should the Court permit briefing to proceed on Plaintiffs' partial motion for summary judgment, Defendants request that the Court order the parties to proceed under a normal, non-expedited briefing schedule.

## B. Plaintiffs' proposed expedited schedule is not feasible under the circumstances and is unduly prejudicial to the Defendants.

Plaintiffs' Administrative Motion for Order Shortening Time and Setting Schedule should be denied because the accelerated briefing and hearing schedule is unworkable and unduly prejudicial to Defendants. Plaintiffs' proposed schedule provides Defendants at most *four days* to respond to Plaintiffs'

1   motion for partial summary judgment. ECF No. 102 at ¶ 12. This schedule, whose clock started ticking

2   before the Court has even approved it, unjustifiably prejudices Defendants for multiple reasons and should

3   be denied. *City of Richmond v. Trump*, 2017 WL 3605216, at *1 (N.D. Cal. Aug. 21, 2017) (denying

4   motion to shorten time and concluding that "it would be unduly prejudicial to the government, which

    would have only five days to respond to [Plaintiffs'] motion.").

5       First, this Court has already set an expedited calendar to address the issues in this case, including

6   an aggressive schedule for discovery and briefing of all dispositive motions. ECF No. 91. This schedule

7   was set in consideration of the Court's busy calendar and was based upon the representations the Parties

8   made in their joint case management statements and during the case management hearing. ECF No. 84.

    At the time the joint case management statement was filed, and the conference was held, Plaintiffs were

9   not only aware of the Defendants' Ninth Circuit emergency motion to stay, but Plaintiffs had filed their

10  opposition to the Defendants' emergency motion to stay. *Id*. at 9. Thus, although Plaintiffs were aware of

11  the possibility that the Ninth Circuit could grant the Defendants' motion for a stay, Plaintiffs only indicated

12  that they "anticipate[d] filing a motion for summary judgment and for vacatur of agency action under 5

    U.S.C. § 706 with respect to Nepal, Nicaragua, and Honduras in *mid-October*." *Id*. (emphasis added).

13  Their abrupt change of course, less than two weeks after the case management conference, as well as the

14  attempt to manipulate a foreseeable result in order to jam Defendants into an unreasonable timeline, is the

15  kind of gaming of this Court's docket that should not be condoned.

16      Second, granting Plaintiffs' administrative motion for order shortening time and setting schedule

17  would be unduly prejudicial to Defendants as they would be placed on an imminent, unreasonable deadline

18  to respond to Plaintiffs' surprise briefing that, if Plaintiffs have their way, will dispose of the case.

    Although Plaintiffs assert that "the requested Motion will have minimal effect on the overall case

19  schedule[,]" if Plaintiffs succeed in getting an order to set aside the disputed determinations, they will

20  have received all the relief they seek, mooting the remaining claims. Without any showing of good cause,

21  Plaintiffs now seek to win it all by providing Defendants with less than 96 hours to respond. What's more,

22  if Defendants are ordered to respond to Plaintiffs' last-minute motions on an expedited schedule, it will

23  draw limited resources and time away from addressing other Court-ordered deadlines in this Court's Case

    Management and Scheduling Order, ECF No. 91. *See* ECF No. 102 at ¶ 14.

24      For these reasons, Defendants request that the Court deny Plaintiffs' Administrative Motion for

Order Shortening Time and Setting Schedule. ECF No. 102. If the Court disagrees and chooses to permit multiple summary judgment motions, Defendants respectfully request that the Court set a reasonable briefing schedule based upon the normal rules, with Defendants' response due no sooner than September 8, 2025. Furthermore, if a motion hearing is required by the Court, Defendants respectfully request that it be held coincident with the date already set aside by the Court for the hearing on Plaintiffs class certification motion—September 16, 2025.

Dated: August 26, 2025                                  Respectfully submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General

                                                        YAAKOV M. ROTH
                                                        Principal Deputy Assistant Attorney General
                                                        Civil Division

                                                        WILLIAM H. WEILAND
                                                        Acting Assistant Director

                                                        ANNA L. DICHTER
                                                        Senior Litigation Counsel

                                                        ERIC SNYDERMAN
                                                        LAUREN BRYANT
                                                        CATHERINE ROSS
                                                        AMANDA B. SAYLOR
                                                        JEFFREY HARTMAN
                                                        DANIEL CAPPELLETTI
                                                        Trial Attorneys

                                                        /s/ *Shelby Wade*
                                                        SHELBY WADE
                                                        Trial Attorney
                                                        U.S. Department of Justice, Civil Division
                                                        Office of Immigration Litigation
                                                        General Litigation and Appeals Section
                                                        P.O. Box 868, Ben Franklin Station
                                                        Washington, DC 20044
                                                        Tel: (202) 285-8379
                                                        Shelby.Wade2@usdoj.gov

                                                        *Attorneys for the Defendants*