Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION (DKT. 89)**<br><br>Assigned to: Hon. Trina L Thompson<br><br>Date: September 16, 2025<br>Time: 11:00 a.m.<br>Place: Courtroom 9<br><br>Complaint Filed: July 7, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (Admitted *Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (Admitted *Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    The Proposed Classes Satisfy Rule 23(a) Commonality. ............................................... 2

    II.   The Proposed Classes Satisfy Rule 23(a) Typicality. ..................................................... 6

    III.  Class Certification is Appropriate Pursuant to Rule 23(b)(2). ....................................... 8

    IV.  Certifying Nationwide Classes Is Appropriate. ............................................................ 11

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ali v. Ashcroft*,
  213 F.R.D. 390 (W.D. Wash. 2003) ....................................................................................... 11

*Arizona v. United States*,
  567 U.S. 387 (2012) .............................................................................................................. 12

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ................................................................................................... 6

*Bova v. Cox Commc'ns, Inc.*,
  No. 7:01CV00090, 2001 WL 1654708 (W.D. Va. Dec. 12, 2001) ........................................ 12

*Califano v. Yamasaki*,
  442 U.S. 682 (1979) .............................................................................................................. 11

*Casa Libre/Freedom House v. Mayorkas*,
  No. 2:22-cv-01510-ODW, 2023 WL 3649589 (C.D. Cal. May 25, 2023) ............................. 11

*DZ Rsrv. v. Meta Platforms, Inc.*,
  96 F.4th 1223 (9th Cir. 2024) ................................................................................................... 7

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................................ 4, 7

*Ferguson v. Randy's Trucking, Inc.*,
  No. 1:15-cv-00697-JLT, 2016 WL 4082900 (E.D. Cal. Mar. 11, 2016) .................................. 3

*Garcia v. Johnson*,
  No. 14-CV-01775-YGR, 2014 WL 6657591 (N.D. Cal. Nov. 21, 2014) .............................. 11

*Garland v. Aleman Gonzalez*,
  596 U.S. 543 (2022) (Sotomayor, J., dissenting) .................................................................. 10

*Gonzalez v. U.S. Immigr. & Customs Enf't*,
  975 F.3d 788 (9th Cir. 2020) ........................................................................................... 2, 5, 6

*Hanon v. Dataproducts, Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................................... 8

*Hernandez v. Lynch*,
  No. CV-16-00620-JGB(KKx), 2016 WL 7116611 (C.D. Cal. Nov. 10, 2016) ....................... 2

*Hovsepian v. Apple, Inc.*,
  No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ................................... 4

*Huashan Zhang v. USCIS*,
  344 F. Supp. 3d 32 (D.D.C. 2018) ..................................................................................... 11

*Immigr. Defs. L. Ctr. v. Noem*,
  145 F.4th 972 (9th Cir. 2025) ............................................................................................ 10

*Kidd v. Mayorkas*,
  734 F.Supp.3d 967 (C.D. Cal. May 15, 2024) ................................................................... 11

*L.V.M. v. Lloyd*,
  318 F. Supp. 3d 601 (S.D.N.Y. 2018) ................................................................................ 11

*Lyon v. U.S. Immigr. & Customs Enf't*,
  171 F. Supp. 3d 961 (N.D. Cal. 2016) ................................................................................. 5

*Nat'l TPS All. v. Noem*,
  No. 25-2120, slip op. (9th Cir. Aug. 29, 2025) ............................................................ 10, 12

*O.A. v. Trump*,
  404 F. Supp. 3d 109 (D.D.C. 2019) ................................................................................... 11

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*,
  31 F. 4th 651 (2022) ......................................................................................................... 4, 5

*Padilla v. U.S. Immigr. & Customs Enf't*,
  No. C18-928 MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2019) ................................... 9

*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) ........................................................................................... 8, 9

*Perez–Funez v. Dist. Dir., I.N.S.*,
  611 F. Supp. 990 (C.D. Cal. 1984) .................................................................................... 12

*Refugee & Immigr. Ctr. for Educ. & Legal Servs. v. Noem*,
  No. CV 25-306 (RDM), 2025 WL 1825431 (D.D.C. July 2, 2025) .................................. 11

*Reno v. Am.-Arab Anti-Discrimination Comm.*,
  525 U.S. 471 (1999) .......................................................................................................... 10

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010) ..................................................................................... 2, 8, 9

*Ruiz Torres v. Mercer Canyons Inc.*,
  835 F. 3d 1125 .................................................................................................................. 4, 5

*Santillan v. Ashcroft*,
  No. C 04-2686 MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) ................................ 12

*Scholl v. Mnuchin*,
  494 F. Supp. 3d 661 (N.D. Cal. 2020) ............................................................................... 11

*Thakur v. Trump*,
  No. 25-CV-04737-RFL, 2025 WL 1734471 (N.D. Cal. June 23, 2025) .................................11

*Trump v. CASA, Inc.*,
  145 S. Ct. 2540 (2025) ..............................................................................................2, 12

*United Farm Workers v. Noem*,
  No. 1:25-CV-00246 JLT CDB, 2025 WL 1235525 (E.D. Cal. Apr. 29, 2025).........................9

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011).........................................................................................................6, 9

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ..........................................................................................10

**Statutes & Rules**

8 C.F.R. § 244.17(b) ...............................................................................................................3

8 U.S.C. § 1158(c)(2)..............................................................................................................4

8 U.S.C. § 1252(f)(1) ............................................................................................................10

8 U.S.C. § 1254a.................................................................................................................3, 4

Fed. R. Civ. P. 23(a) ..................................................................................................... *passim*

Fed. R. Civ. P. 23(b)(2)................................................................................................. *passim*

**Other Authorities**

3 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 10:33 (6th ed.
  2025) ................................................................................................................................11

# INTRODUCTION

Defendants' Opposition is premised almost entirely on their erroneous view that any variation in putative class members' immigration backgrounds precludes class certification. The Ninth Circuit has consistently rejected similar arguments in immigration cases which, like this one, challenge a policy or practice that affects all putative class members. There can be no question that the unlawful terminations of TPS for Honduras, Nepal, and Nicaragua impact the over 60,000 TPS holders from those countries; that this Court need not consider the circumstances of individual putative class members to determine whether the terminations themselves were lawful; and that relief from the unlawful terminations would resolve putative class members' injuries. Defendants do not, and cannot, contest these basic facts, and so fail to show why class certification should not be granted. There is also no basis for Defendants' assertion that the certification of three classes in one case is improper, and Defendants provide none.

Defendants' remaining arguments fail as well. As to Rule 23(a), Defendants do not dispute that Plaintiffs have demonstrated numerosity and adequacy. Instead, Defendants challenge commonality and typicality on near identical grounds, arguing in primary part that the Proposed Classes are impermissibly overbroad because Proposed Class members may have no injury, different injuries, or other avenues for immigration relief. Defendants' arguments are a red herring. The Proposed Class Representatives and the Proposed Class members are all at risk of losing TPS due to Defendants' wrongful termination decisions, which is a concrete and universal injury. That Proposed Class members may also suffer other injuries or have alternative options for relief is irrelevant and does not make their uniform loss of TPS inappropriate for classwide resolution.

As to Rule 23(b)(2), Defendants contend that class certification should be denied because, in their view, the Court cannot grant injunctive relief for Plaintiffs' claims or do so on a nationwide class basis. Defendants are wrong. Plaintiffs have clearly met the standard of Rule 23(b)(2), and several courts, including this Court, have already rejected Defendants' jurisdictional and other arguments that classwide injunctive relief is not available for APA claims. In any event, Plaintiffs also seek declaratory relief under both their equal protection and APA claims, certification is undoubtedly appropriate. The Supreme Court also *affirmed* the availability of nationwide class

1

1  certification in the very authority Defendants cite to argue otherwise—*Trump v. CASA, Inc.*, 145 S.
2  Ct. 2540 (2025).
3       For the reasons stated in the Motion and reiterated here, Plaintiffs have met the requirements
4  of Rule 23(a) and (b)(2), and respectfully request that the Court certify the Proposed Classes.

# ARGUMENT

## I. The Proposed Classes Satisfy Rule 23(a) Commonality.

The Ninth Circuit has consistently held that commonality is met "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 807-08 (9th Cir. 2020) (citation omitted); *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1122-23 (9th Cir. 2010) (finding commonality despite individualized differences because of common questions concerning constitutionality of prolonged immigration detention), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Hernandez v. Lynch*, No. CV-16-00620-JGB(KKx), 2016 WL 7116611, at *17 (C.D. Cal. Nov. 10, 2016) (finding commonality among class of detained immigrants challenging the same bond determination policies and practices). That is precisely what Plaintiffs' claims do here. Plaintiffs challenge Defendants' unlawful policy and practice of terminating TPS for Honduras, Nicaragua, and Nepal on the same three grounds: (1) the terminations violate the Administrative Procedure Act ("APA") because they were not based on an objective review of country conditions, as required by statute, but instead, were the product of a preordained decision to terminate TPS first and then search for a rationale to support the end result later; (2) the terminations are unlawful because Defendants provided only 60-days' notice before their effective dates, an unexplained deviation from historical practice that further violates the APA; and (3) the terminations are unlawful because they were motivated at least in part by intentional race- and national-origin-based animus, in contravention of the Fifth Amendment. *See generally* Dkt. 1 ¶¶ 3-6.

Defendants raise a flurry of arguments against commonality based on their view that Plaintiffs' proposed class definitions are overbroad and unworkable, Opp. at 8-11, but none of these arguments are grounds to deny certification. Defendants first assert that the proposed class definitions are overbroad because they are not limited to current TPS holders and may conceivably

include individuals who previously had TPS but no longer do, for example, because they failed to timely re-register or because they no longer reside in the U.S., *see* Opp. at 9-10. However, TPS holders who failed to timely re-register are permitted to file *un*timely re-registration applications upon good cause, and so maintain an interest in the ongoing designation of their country. 8 C.F.R. § 244.17(b). As to former TPS holders who no longer reside in this country, Defendants have failed to provide any evidence—or even any speculation—that this is anything more than a de minimis group, and besides the existence of some uninjured absent class members does not defeat class certification. Opp. at 9–11. Moreover, in the event that the Court believes that adjustment to the proposed class definitions is needed to avoid any overbreadth, a court is permitted to clarify that the Proposed Classes do not include individuals who no longer reside in the United States. *See Ferguson v. Randy's Trucking, Inc.*, No. 1:15-cv-00697-JLT, 2016 WL 4082900, at *5 (E.D. Cal. Mar. 11, 2016) ("[T]he Court may cure the defects of a proposed class definition where the class is overbroad.").

      Defendants next contend that there is no commonality because the Proposed Class members may have various alternative avenues for immigration relief or a path to permanent residency. Opp. at 10. This Court previously rejected Defendants' arguments on similar grounds in connection with Plaintiffs' Motion to Postpone Effective Date of Agency Action, finding such relief largely unavailable, Dkt. 73 at 31-32, consistent with the expert testimony, Dkt. 17-19 ¶¶ 16-22. The loss of lawful status through TPS may also render such individuals ineligible for alternative forms of relief. *Id.* at ¶¶ 21-22. Alternative forms of relief may also provide less robust protection than TPS. *Id.* at ¶¶ 19-20 (individuals with pending asylum applications may be subject to detention; and individuals with withholding of removal or protection against the Convention Against Torture are vulnerable to removal to third countries). Moreover, that some small portion of Proposed Class members may have other forms of immigration status, or other paths for future relief, does not deprive them of the right to relief from the loss of TPS, which is a harm in and of itself. Indeed, the TPS statute expressly permits TPS holders to hold both TPS and another immigration status at the same time. 8 U.S.C. § 1254a(a)(5) ("Nothing in this section shall be construed as authorizing the [Secretary] to deny temporary protected status to an alien based on the alien's immigration status or to require any alien, as a condition of being granted such status, either to relinquish nonimmigrant or other status

1  the alien may have or to execute any waiver of other rights under this chapter. The granting of
2  temporary protected status under this section shall not be considered to be inconsistent with the
3  granting of nonimmigrant status under this chapter."). TPS holders have a concrete interest in
4  maintaining both TPS and another status because, for example, the second status may have different
5  eligibility requirements than TPS and could be revoked on different grounds. *Compare, e.g.*, 8
6  U.S.C. § 1158(c)(2) (grounds for revoking asylum) *with* 8 U.S.C. § 1254a(c)(3) (grounds for
7  withdrawing TPS).

8      Defendants also argue that the Proposed Classes cannot be certified because they include
9  individuals who lack a concrete injury and standing, but concede (as they must) that the Ninth
10  Circuit has already rejected their position.[1] Opp. at 9-11 & n.2. While "at least one named plaintiff
11  [must] meet[] the requirements" for standing, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978
12  (9th Cir. 2011), there is no requirement that *all* class members must demonstrate their standing for a
13  class to be certified—indeed, the opposite is true.[2] *See Olean Wholesale Grocery Coop., Inc. v.*
14  *Bumble Bee Foods, LLC*, 31 F. 4th 651, 682 n.32 (2022) ("[T]he Supreme Court has long recognized
15  that in cases seeking injunctive or declaratory relief, only one plaintiff need demonstrate standing to
16  satisfy Article III"; therefore, in cases seeking only equitable relief, potential overbreadth is not an
17  obstacle to class certification). The Ninth Circuit has expressly held that Rule 23 does not preclude
18  certification even of a class that potentially includes *more* than a de minimis number of uninjured
19  members. *Ruiz Torres v. Mercer Canyons Inc.*, 835 F. 3d 1125, 1136-37 (affirming class
20  certification order and explaining that "even a well-defined class may inevitably contain some
21  individuals who have suffered no harm as a result of a defendant's unlawful conduct"). Here,
22  Defendants do not offer any evidence of what percentage of the Proposed Classes purportedly lack
23  an injury, and there is no reason to believe that it is anything more than de minimis. Defendants'

---

[1] Defendants also cite authorities, such as *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009), for the proposition that the Proposed Classes are not ascertainable because they "included members who 'had no injury and no standing to sue.'" Opp. at 10. The Proposed Classes here are plainly ascertainable through Defendants' own records of which individuals from Honduras, Nicaragua, and Nepal presently in the U.S. have TPS.

[2] To the extent the Court has concerns about overbreadth, the remedy would be to modify the definition of the class to make it more precise, not to deny certification altogether. *See supra* p. 3.

4

unsupported speculation is not grounds to deny certification. Both *Olean* and *Torres* were in the context of Rule 23(b)(3), which is subject to a much more rigorous standard than a Rule 23(b)(2) class. *Gonzalez*, 975 F.3d at 808 (explaining that "'the predominance criterion [of Rule 23(b)(3)] is *far more demanding*' than the commonality requirement of Rule 23(a)(2)") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997)). If inclusion even of more than a de minimis number of uninjured persons was insufficient to prevent certification under Rule 23(b)(3), like in *Olean*, then it certainly is not a basis to deny certification of the Rule 23(b)(2) classes proposed here. *See, e.g.*, *Lyon v. U.S. Immigr. & Customs Enf't*, 171 F. Supp. 3d 961, 983 (N.D. Cal. 2016) (finding that a class may be appropriate "[e]ven if some class members have not been injured by the challenged practice" "particularly … in a Rule 23(b)(2) class action, where the defining feature is whether" the challenged actions apply generally and whether relief is appropriate for the "*class as a whole*.").

Defendants cannot reasonably argue that the Proposed Class Representatives lack standing. Plaintiff Sandhya Lama is a Nepali TPS holder who is a single mother of three U.S. citizen children and who has lived in the United States since 2008. Dkt. 17-6 ¶¶ 6, 11. As a result of Defendants' actions, she has lost her legal status and employment authorization and faces the prospect of having to return to Nepal with her children, who have never even visited the country, or to separate from her family. *Id.* ¶¶ 13-15. Plaintiff Denis Molina is the father of four U.S. citizen children, a pastor, mechanic, and homeowner. Dkt. 17-2 ¶ 2. He has lived in the United States since 1997 and had TPS for 26 years, but now faces the imminent loss of legal status and employment authorization, and with that the ability to pay his mortgage, support his family, and keep his family together. *Id.* ¶¶ 2, 13-16. Plaintiff Maria Elena Hernandez is a 67-year-old Nicaraguan TPS holder who has lived in the United States for 30 years and has had TPS since 1999. Dkt. 17-4 ¶ 2. Facing the imminent loss of TPS, she fears she will lose her job and her right to remain in the United States, as well as her access to Social Security and essential health care. *Id.* ¶¶ 10-15. The Proposed Class Representatives undeniably suffer concrete harm sufficient to confer standing.

Defendants' related argument that commonality is lacking because of individualized issues of standing also fails. Opp. at 11. That argument again improperly conflates the Rule 23(b)(3)

predominance requirement with Rule 23(a)(2) commonality. *Gonzalez*, 975 F.3d at 808 (rejecting government's predominance arguments because the plaintiff's proposed Rule 23(b)(2) class "need only satisfy Rule 23(a)(2)'s 'less demanding' commonality requirement"). In all events, the Court does not need to adjudicate any individualized inquiries to resolve the common question of whether Defendants complied with the law when they terminated TPS for Honduras, Nicaragua, and Nepal. The legality of Defendants' TPS termination decisions is a common question, the answer to which will resolve the claims of the Proposed Classes. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality exists if the claims depend on a common question "of such a nature that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").

Plaintiffs' equal protection claim under the Fifth Amendment demonstrates the class shares commonality, since class members' claims are premised on the same question of whether Defendants' termination decisions were unconstitutional. Mot. at 7. Defendants suggest that because due process is a "flexible concept," such claims require the Court "to delve into the specific facts of each [individual]'s case" and are not appropriate for certification. Opp. at 11. This argument is just a repackaged version of Defendants' assertion that individualized issues require denial of the Motion, which is wrong for the reasons set forth above. Moreover, it ignores the fact that the Due Process Clause bars the government from acting out of animus towards anyone, and certainly toward any person present within the United States, as are all the class members here.

## II.     The Proposed Classes Satisfy Rule 23(a) Typicality.

The Named Representatives' claims are typical of those of the members of the Proposed Classes because they all seek the same relief from the same harm caused by Defendants' conduct—*i.e.*, relief under the Administrative Procedure Act and the Fifth Amendment from the threatened loss of TPS due to Defendants' wrongful terminations of TPS designations for their respective countries. Mot. at 8-9; *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (explaining that typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citation omitted). Furthermore, typicality is "permissive," meaning that the Named Representative Plaintiffs'

1  claims do not need to be "substantially identical" to those of the Proposed Classes, but instead only "reasonably co-extensive." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024) (internal quotation marks and citation omitted). That standard is plainly met here. Mot. at 8-9.

Defendants' recycled commonality arguments do not alter this conclusion. First, Defendants' argument that Plaintiffs' individual circumstances and allegations of injury are too varied for typicality misses the mark. Opp. at 12-13. Plaintiffs and Proposed Class members face the uniform harm of losing TPS due to Defendants' wrongful terminations, which Defendants do not deny is a legally cognizable injury. Mot. at 8-9. That alone is sufficient to establish typicality. *Ellis*, 657 F.3d at 984 (typicality requirement looks at "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct") (citation omitted). The loss of TPS will also result in devastating consequences for each Plaintiff and Proposed Class member. *See* Dkt. 73, at 30-31; Mot. at 2-3. Any differences in those consequences does not defeat typicality. The Named Representatives and Proposed Class members share the uniform injury of losing protected status, regardless of whether any other harms *also* flow from that injury.

Second, Defendants incorrectly contend there is no typicality because the Named Representatives and Proposed Class members may be able to pursue other avenues for immigration relief or permanent residency. Opp. at 12-13. That is irrelevant and should be rejected for the reasons noted above as to commonality. Whether the Named Representatives and Proposed Class members may also have a path to other forms of relief in no way eliminates the harm caused by the loss of TPS or makes that harm any less redressable by this litigation. In any event, none of the Proposed Class Representatives currently holds any immigration status other than TPS, or has any immediate pathway to permanent legal status. *See, e.g.*, Dkt. 17-3 ¶ 15 ("Without legal status, work authorization, or protection from deportation and detention, I would be faced with the prospect of going to Honduras, a country that I left when I was only a toddler."); Dkt. 17-4 ¶ 14 ("[L]osing TPS would put me at risk of detention and deportation on the one hand, and return to Nicaragua and family separation on the other."). Their harms are typical of those of absent Class Members.

Third, in conclusory fashion, Defendants suggest (but do not clearly argue) that the Named

Representatives may be subject to unique defenses that preclude typicality. Opp. at 12. This argument is based on the faulty premise that the consequences from losing TPS or other avenues of immigration relief somehow create unique defenses. For the reasons explained above, that is wrong. The sole case that Defendants cite for this point, *Hanon v. Dataproducts, Corp.*, 976 F.2d 497 (9th Cir. 1992), is inapposite, and Defendants overstate its rule. In *Hanon*, a securities fraud case, the proposed named plaintiff was subject to a disputed defense regarding his reliance on the integrity of the market that would be heavily litigated due to his unique factual background (extensive experience in prior securities litigation, relationships with lawyers, and share-purchasing practices). For that reason, the Ninth Circuit held typicality was not satisfied. Defendants here do not point to any similar evidence of unique defenses for the Named Representatives. The Ninth Circuit in *Hanon* also explained that "class certification is inappropriate where a putative class representative is subject to unique defenses *which threaten to become the focus of the litigation*" or where "there is a danger that absent class members will suffer if their representative is *preoccupied* with defenses unique to it." *Id.* at 508 (emphasis added) (citations omitted). Defendants do not even specify defenses unique to the Named Representatives, let alone identify any that would become the "focus of the litigation" or so "preoccup[y]" the Named Representatives so as to endanger the interests of the Proposed Classes.

### III.     Class Certification is Appropriate Pursuant to Rule 23(b)(2).

Plaintiffs readily meet the requirements for class certification under Rule 23(b)(2). Rule 23(b)(2)'s "requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014). Under Rule 23(b)(2), courts need not "examine the viability or bases of class members' claims for declaratory and injunctive relief, but only … whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 591 F.3d at 1125. Those are precisely the circumstances here.

Whether Defendants have acted in a manner applicable generally across the three terminations is irrelevant. *See* Opp. at 14 (arguing that Defendants "have not acted on grounds that apply generally to all three TPS terminations"). Plaintiffs seek certification of three separate classes.

Mot. at 3-4. In the Introduction section of their Opposition (and nowhere else), Defendants assert that courts may not certify multiple separate classes, but Defendants cite no authority for that proposition and, in fact, courts regularly certify separate classes that are not sub-parts of a larger class. *See, e.g., Padilla v. U.S. Immigr. & Customs Enf't*, No. C18-928 MJP, 2019 WL 1056466, at *1 (W.D. Wash. Mar. 6, 2019) (granting motion to certify two separate classes in an action challenging federal immigration policies); *United Farm Workers v. Noem*, No. 1:25-CV-00246 JLT CDB, 2025 WL 1235525, at *53 (E.D. Cal. Apr. 29, 2025) (same, in granting provisional class certification). In any event, Plaintiffs *have* demonstrated with substantial evidence that in all three terminations, Defendants have engaged in a preordained and racially motivated effort to terminate TPS without regard to statutory requirements or past practice. Dkt. 73 at 20-30. Defendants' allegedly illegal actions "apply generally to the proposed class[es] . . . , rendering certification under Rule 23(b)(2) appropriate." *Parsons*, 754 F.3d at 689.

The Rule 23(b)(2) inquiry "does not require a finding that all members of the class have suffered identical injuries." *Id.* at 688. Under Rule 23(b)(2), it is irrelevant that the unlawful practice "may have affect[ed] different members of the class in different ways." *Rodriguez*, 591 F.3d at 1125-26 (cleaned up) (citation omitted). Moreover, because (b)(2) classes seek only equitable or declaratory relief, "[t]he fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting" the Rule's requirements. *Id.*

The generalizable nature of the remedy, and not the uniformity of the class members' injuries, is what defines the (b)(2) class. "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted.'" *Wal-Mart Stores*, 564 U.S. 338 at 360. Plaintiffs, who challenge three individual termination decisions affecting three separate classes, need only demonstrate that each class seeks "the same relief" "from a single practice." *Rodriguez*, 591 F.3d at 1126. Here, they unquestionably do. Defendants cannot reasonably dispute that a single order would provide full, classwide relief for each class.

Defendants also reiterate their assertion that a 23(b)(2) class may not be certified as some absent class members lack standing. Opp. at 14. However, as elaborated above, *supra* pp. 4–6, the

9

1. Ninth Circuit does not require *all* class members to demonstrate standing for class certification. "Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Defendants fail to contend with this binding law and rely on inapposite out-of-circuit cases or on cases seeking damages, which Plaintiffs do not seek. *See* Opp. at 14.

Defendants next rehash their arguments that Plaintiffs' claims are barred by 8 U.S.C. § 1252(f)(1), which precludes a classwide injunction against the operation of certain provisions of the Immigration and Nationality Act. Such arguments speak to the availability of certain remedies, not the propriety of class certification. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481 (1999) (Section 1252(f) is "nothing more or less than a limit on injunctive relief."). But even were it appropriate to consider remedial arguments at this juncture, Defendants are still wrong for two reasons. Defendants disregard binding Ninth Circuit law, which is unequivocal that § 1252(f)(1) does not bar review of APA claims because APA relief is not injunctive. *Immigr. Defs. L. Ctr. v. Noem*, 145 F.4th 972, 990 (9th Cir. 2025) ("*ImmDef*") (adopting the reasoning of *Texas v. United States*, 40 F.4th 205, 219 (5th Cir. 2022), and holding that § 1252(f)(1) does not bar "stays []or other forms of relief under the APA"); *see also Nat'l TPS All. v. Noem*, No. 25-2120, slip op. at 30 (9th Cir. Aug. 29, 2025) (applying *ImmDef* to hold § 1252(f)(1) did not preclude review of APA challenge to TPS vacatur and termination). This Court likewise has already considered, and rejected, the argument that Plaintiffs' APA claims are barred by § 1252(f)(1). Dkt. 73 at 20. Defendants proffer no reason to deviate from this Court's sound holding, and there is none. Defendants' second argument that § 1252(f)(1) bars declaratory relief is, again, a question of the availability of review, not a class certification issue. In any event, as Defendants acknowledge, the argument is squarely foreclosed by binding Ninth Circuit authority. Opp. at 16 (citing *Rodriguez*, 591 F.3d at 1119); *see also Garland v. Aleman Gonzalez*, 596 U.S. 543, 571-72 (2022) (Sotomayor, J., dissenting) (noting "the Court rightly does not embrace the Government's eleventh-hour suggestion at oral argument to hold that § 1252(f)(1) bars even classwide declaratory relief").

Finally, Defendants' position that a Rule 23(b)(2) class cannot be certified because Plaintiffs seek APA relief is meritless. Plaintiffs seek declaratory relief under both their equal protection and

10

APA claims. Dkt. 1 ¶ 166. Defendants readily admit that Rule 23(b)(2) certification is available for declaratory relief claims. Opp. at 16. That alone resolves this dispute in Plaintiffs' favor. But even were that not so—although Defendants fail to acknowledge it—courts routinely certify Rule 23(b)(2) classes seeking vacatur relief under the APA. *See, e.g.*, *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 692 (N.D. Cal. 2020) (certifying a Rule 23(b)(2) class and vacating a federal action); *Thakur v. Trump*, No. 25-CV-04737-RFL, 2025 WL 1734471, at *31 (N.D. Cal. June 23, 2025) (same); *Kidd v. Mayorkas*, 734 F.Supp.3d 967, 976, 987 (C.D. Cal. May 15, 2024) (same); *Casa Libre/Freedom House v. Mayorkas*, No. 2:22-cv-01510-ODW (JPRx), 2023 WL 3649589, at *15 (C.D. Cal. May 25, 2023) (certifying Rule 23(b)(2) class seeking only APA vacatur relief); *Refugee & Immigr. Ctr. for Educ. & Legal Servs. v. Noem*, No. CV 25-306 (RDM), 2025 WL 1825431, at *49, 51 (D.D.C. July 2, 2025) (certifying Rule 23(b)(2) class, vacating federal guidance, and entering declaratory judgment); *O.A. v. Trump*, 404 F. Supp. 3d 109, 118 (D.D.C. 2019) (certifying a (b)(2) class and vacating a federal action); *Huashan Zhang v. USCIS*, 344 F. Supp. 3d 32, 65–66 (D.D.C. 2018), *aff'd*, 978 F.3d 1314 (D.C. Cir. 2020) (same); *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 621 (S.D.N.Y. 2018) (same). Against this overwhelming case law, Defendants cite none to the contrary.

### IV.     Certifying Nationwide Classes Is Appropriate.

The Court should certify nationwide classes. "Nothing in Rule 23 … limits the geographical scope of a class action that is brought in conformity with that Rule." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (upholding a nationwide class certification against an agency's nationwide procedure). Courts in the Ninth Circuit routinely certify nationwide classes in the immigration context, where uniformity is paramount and concerns regarding percolation are not present.[3] *See, e.g.*, *Garcia v. Johnson*, No. 14-CV-01775-YGR, 2014 WL 6657591, at *15–16 (N.D. Cal. Nov. 21, 2014) (certifying nationwide class challenging federal immigration policy); *Ali v. Ashcroft,* 213 F.R.D. 390, 409–10 (W.D. Wash. 2003), *aff'd,* 346 F.3d 873, 886 (9th Cir. 2003), *vacated on other grounds,* 421 F.3d 795 (9th Cir. 2005) (same); *Perez–Funez v. Dist. Dir., I.N.S.,* 611 F. Supp. 990,

---

[3] Defendants claim that if nationwide classes are certified, no plaintiff could sue elsewhere, Opp. at 18, but that reflects a "common misunderstanding" that "certification of a class in one suit somehow forestalls other related cases; in fact, only the preclusive effect of a final judgment can formally achieve that end and a decision simply certifying a class is not itself a final judgment." 3 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 10:33 (6th ed. 2025).

1000, 1005 (C.D. Cal. 1984) (same); *see also Arizona v. United States,* 567 U.S. 387, 395 (2012) (recognizing that in immigration matters, the government must act as "one national sovereign, not the 50 separate States").[4] Nationwide relief is particularly appropriate in the TPS context because, as the Ninth Circuit recently held, "the TPS statute contemplates only a single binary determination for each country's TPS designation." *Nat'l TPS All.,* No. 25-2120, slip op. at 49. Limiting the effect of the termination decisions in only certain parts of the country "would effectively mean rewriting [the terminations] in a way that does not comply with the TPS statute." *Id.*

*Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), affirms the availability of nationwide class certification. *Trump v. CASA* concerns nationwide injunctions where there is *not* a nationwide class certification. *See id.* at 2566 (Alito, J., concurring) ("Of course, Rule 23 may permit the certification of nationwide classes[.]"); *id.* at 2569 (Kavanaugh, J., concurring) (observing district courts may "grant or deny the functional equivalent of a universal injunction—for example, by granting or denying a preliminary injunction to a putative nationwide class under Rule 23(b)(2)").

Defendants claim Plaintiffs have not explained why nationwide relief is necessary, but that is false. *See* Mot. at 6 (stating the proposed classes are geographically dispersed nationwide and reside in virtually every state, and at least some lack financial resources to litigate individually). Defendants also express concern that class certification here would intrude on cases in other districts, Opp. at 18, but there are no cases challenging the terminations at issue. These issues aside, Defendants again conflate merits and class certification issues. The appropriateness of any relief—including a set-aside under the APA, which is universal by default—is properly addressed during merits proceedings. *See Santillan v. Ashcroft*, No. C 04-2686 MHP, 2004 WL 2297990, at *8 (N.D. Cal. Oct. 12, 2004) (declining to narrow the proposed class based on arguments that "are beyond the scope of the present motion to certify, going to the heart of the merits of the case and the nature of available relief."). Here, there is no question the challenged TPS terminations have universal and nationwide effect. Accordingly, nationwide classes are warranted.

---

[4] Defendants cite a single, out-of-Circuit case, *Bova v. Cox Commc'ns, Inc.*, No. 7:01CV00090, 2001 WL 1654708 (W.D. Va. Dec. 12, 2001). Those plaintiffs sought certification under Rule 23(b)(1)(A) and (b)(3), not (b)(2), and there were personal jurisdiction issues not present here. *Bova*, at *3-4.

# CONCLUSION

For the foregoing reasons and those set forth in the Motion, Plaintiffs respectfully request an order certifying the Proposed Classes under Federal Rule of Civil Procedure 23(a) and 23(b)(2); appointing Plaintiffs Denis Molina, Jhony Silva, Maria Elena Hernandez, Sandhya Lama, and Teofilo Martinez as Named Representatives for their respective countries; and appointing the undersigned counsel as Class Counsel.

Date:   August 29, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/  Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong
(Admitted *Pro Hac Vice*)

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitrán
Diana Sánchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Erik Crew (Admitted *Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs