UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | Case No.  25-cv-05687-TLT<br><br>**QUESTIONS FOR THE HEARING**<br><br>Re: Dkt. Nos. 89, 99, 106 |

I. **DEFINING THE HARM**

1. **To Plaintiffs**: Defendants argue that the proposed class includes individuals who "allege different injuries that would arise from a loss of TPS." ECF 99 at 12.  Plaintiffs respond that typicality is established because "Plaintiffs and Proposed Class members face the uniform harm of losing TPS due to Defendants' wrongful terminations." ECF 106 at 7. Plaintiffs cite *Ellis v. Costco Wholesale Corp* for the proposition that typicality looks to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct," but the underlying conduct alleged in *Ellis* was gender discrimination, not unlawful government action.  657 F.3d 970, 984 (9th Cir. 2011).  Please provide a citation supporting the proposition that the unlawful termination of TPS is an independent, legally cognizable injury.

## II. CLASS MEMBERS ABROAD

1. **To Defendants**: Defendants argue the class includes "individuals who may have once held TPS benefits but . . . no longer reside in the United States." ECF 99 at 10. Yet, residency in the United States is a prerequisite for TPS eligibility. 8 U.S.C. § 1254a(c)(4)(B).
   a. Are Defendants referring to foreign nationals who left the United States voluntarily during the duration of their country's TPS designation, or those who left the United States after the termination of their country's TPS designation (July 5, 2025, and June 6, 2025, respectively)?
      i. How, if at all, do Defendants distinguish between those who left the United States voluntarily and those who were forcibly removed?
2. **To Plaintiffs**: Plaintiffs contend that there is a lack of evidence demonstrating "former TPS holders who no longer reside in this country . . . is anything more than a de minimus group." ECF 106 at 3. Do Plaintiffs have an estimate as to the number of former TPS holders from Honduras, Nepal, and Nicaragua who left the United States after the termination of their country's TPS designation?

## III. CERTIFICATION OF MULTIPLE CLASSES

1. **To Defendants**: Defendants object to Plaintiffs' request to certify three different classes. ECF 99 at 1, 14. The Ninth Circuit has affirmed lower court judgements certifying multiple classes in one motion for class certification. *See Owino v. CoreCivic, Inc*. 60 F.4th 437, 450 (9th Cir. 2022) (affirming certification of three classes with no discussion of subclasses); *Wit v. United Behavioral Health* 70 F.4th 1068, 1089 (9th Cir. 2023) ("[T]he district court did not err in certifying three classes to pursue the fiduciary duty claim"). How do Defendants distinguish this case from the precedent cited?

//
//
//

## IV. FORM OF RELIEF

1. **To Plaintiffs**: Plaintiffs argue that, at this stage in the litigation, it is inappropriate for the Court to address the nature of the relief available to them. ECF 106 at 12. The "appropriateness of any relief . . . is properly addressed during the merits proceedings." *Id.* (citing *Santillan v. Ashcroft*, No. C 04-2686 MHP, 2004 WL 2297990, at *8 (N.D. Cal. Oct. 12, 2004)). Yet, as Plaintiffs note, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted." ECF 106 at 9 (citing *Wal-Mart Stores*, 564 U.S. 338, 360 (2011). Explain the limits or the scope of the Court's consideration of the relief sought at this stage of the litigation. Provide legal citations to support your argument.

The parties are *encouraged* to respond in writing by **September 15, 2025**. A timely response will allow the Court to receive the benefit of the parties briefing on the Court's questions prior to oral argument.

If the parties are requesting that the matter be submitted on the briefing, this should also be included in the written response. *See* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

IT IS SO ORDERED.

Dated: September 10, 2025

TRINA L. THOMPSON
United States District Judge