Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**JOINT DISCOVERY LETTER BRIEF RE: PRODUCTION OF CERTIFIED ADMINISTRATIVE RECORDS**<br><br>Magistrate Judge Sallie Kim |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
Diana Sanchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

The parties submit this brief regarding outstanding discovery disputes. Lead counsel met and conferred and complied with Section 9 of the District's Guidelines for Professional Conduct.

## I.   FACTUAL BACKGROUND & RELEVANT DEADLINES

This case concerns a legal challenge pursuant to the Administrative Procedure Act (APA) and the Equal Protection Clause of the Constitution to Defendants' termination of Temporary Protected Status (TPS) designations of Honduras, Nepal and Nicaragua. The terminations affect more than 60,000 individuals who have resided in the United States with TPS for at least a decade. Plaintiffs allege that the decisions were preordained and deviated from TPS prior practice and history, in violation of the APA; and that they were unconstitutionally motivated by racial animus. Plaintiffs must move for summary judgment no later than October 14.

Defendants produced Certified Administrative Records (CARs) for each of the challenged decisions, withholding certain records in the CARs pursuant to the deliberative process privilege (DPP). ECF 77-1, 77-3, 78-1, 78-3, 79-1, 79-3 (supplemental CAR indices and certifications of complete CAR production); ECF 77-2, 78-2, 79-2 (USCIS Decision Memoranda withheld pursuant to DPP). This Court required the production of the material withheld as DPP.

In orders on August 21 and September 4, following briefing between the parties, this Court ordered expedited extra-record discovery for Plaintiffs' APA and Equal Protection claims, compelling production of responsive documents by September 18. ECF 97 (ordering expedited extra-record discovery); ECF 107 (ordering the production of records concerning the three challenged decisions). Specifically, this Court ordered the production of 1) records from the CARs withheld on the grounds of deliberative process privilege, ECF 107 at 1-6; 2) Decision Memoranda and clearance records concerning the TPS periodic reviews of Nepal, Honduras and Nicaragua, ECF 107 at 7 (RFPs 1 and 2); and 3) communications with or involving DHS personnel regarding the periodic review of the TPS designations of Nepal, Honduras or Nicaragua, ECF 107 at 7-8.

Plaintiffs also sought limited records concerning other TPS periodic reviews conducted by this administration—draft and final USCIS Decision Memoranda (RFP 4) and draft and final country conditions analyses, and communications related to these country conditions analyses (RFP 5). ECF 95-1 & 95-2. This Court ruled that Plaintiffs' request for information relevant to the TPS periodic

1

review conducted by other administrations was "premature" as "Defendants have not yet produced an administrative record for countries other than Honduras, Nepal, and Nicaragua. ECF 107 at 7-8.

Following this Court's September 4 order, Plaintiffs requested that Defendants produce the CARs for the 2025 TPS decisions related to the designations of the countries which have been subject to periodic reviews during this administration. Defendants declined to produce these CARs, asserting that the Court's order did not require it and they would not do so voluntarily. By letter brief, the parties thus seek resolution of this dispute concerning whether Defendants must produce these CARs as extra-record discovery. Specifically, Plaintiffs move to compel the production of the CARs for Afghanistan and Cameroon within two days (as they have already been produced in other litigation) and the CARs for Haiti and South Sudan within seven days (the timeline this Court gave for the production of CARs of the challenged decisions). Defendants oppose the motion to compel.

## II.   PLAINTIFFS' POSITION

In response to this Court's September 4 order, Plaintiffs move to compel the production of the CARs for the TPS periodic reviews of this administration which are *not* challenged directly by the instant litigation—those of Haiti, Afghanistan, Cameroon, and South Sudan.[1] These are sought as part of the extra-record discovery requested by Plaintiffs, and justified in light of the finding by this Court that "this case falls within the 'bad faith' exception to the general practice of prohibiting extra-record discovery in APA cases," ECF 97 at 3.

Limited records concerning the TPS periodic reviews conducted by this administration for countries other than the three challenged in this litigation are plainly relevant: Plaintiffs' first APA claim challenges Defendants' general TPS policies and practices, including "the collateral decision to end TPS for virtually every country that has it." ECF 87 at 3; ECF 73 at 22 (describing Secretary's "history of systematically attempting to limit TPS"). In reaching its decision that "Plaintiffs will likely succeed on the merits of their first APA claim," this Court has already considered relevant this administration's decisionmaking in other TPS periodic reviews. ECF 73 at 22-23 (citing this administration's TPS decisions for Venezuela, Haiti, Afghanistan and Cameroon). A federal district

---

[1] Plaintiffs do not seek the CARs for the TPS decisionmaking related to Venezuela, as Defendants produced those CARs and related extra-record discovery in *NTPSA I*.

1  court judge in *NTPSA I v. Noem* also recently found that Defendants engaged in preordained
2  decisionmaking in connection with earlier TPS decisions. *NTPSA I v. Noem*, Case No. 3:25-cv-1766,
3  ECF 279 at 48 (N.D. Cal. Sept. 5, 2025) ("[T]he Secretary – acting with precedented haste and in an
4  unprecedented manner – issued the vacatur for the preordained purpose of expediting termination of
5  Venezuela's TPS."); *id.* at 57 ("[T]he partial vacatur decision [of Haiti was] arbitrary and capricious
6  because (like the vacatur decision for Venezuela) it was preordained[.]").

7  While this Court did not order the production of records related to other periodic reviews in
8  *NTPSA I*, Plaintiffs asked for none there. This is for two simple reasons: First, *NTPSA I* concerned the
9  *first* TPS decisions of this administration; *i.e.,* there were no other prior TPS periodic reviews at that
10 time which *could* have been produced in extra-record discovery. Second, *NTPSA II* presents a claim
11 that was not present in *NTPSA I* and for which these records are plainly, and highly, relevant: the APA
12 claim that these termination decisions were part of a preordained effort to terminate TPS writ large.
13 Indeed, this claim is informed by the discovery in *NTPSA I*, which revealed the preordained
14 decisionmaking, and which the *NTPSA I* court just found to violate the APA. *NTPSA I v. Noem*, ECF
15 279 at 48 & 57.

16 In light of this Court's guidance that the production of the CARs for the TPS decisions
17 concerning Haiti, Afghanistan, Cameroon, and South Sudan should precede the production of any
18 other extra-record discovery for these countries, Plaintiffs seek the expedited production of the CARs
19 for these countries. The CARs, particularly if the deliberative materials are also produced, see ECF 97
20 & 107, should provide some insight into the decisionmaking process, which is relevant to the analysis
21 of whether these decisions were part of a preordained policy of termination.

22 Evidence of consistent agency practice may suffice to prove policy. *See, e.g.*, Fed. R. Evid.
23 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that
24 on a particular occasion the person or organization acted in accordance with the habit or routine
25 practice."); *S.R. Nehad v. Browder*, 929 F.3d 1125, 1141 (9th Cir. 2019) ("As an initial matter,
26 Appellants need not show evidence of a policy or deficient training; evidence of an informal practice
27 or custom will suffice."). Here, evidence of a preordained policy of termination may *only* be available
28 through evidence of consistent agency practice. "Agency action . . . need not be in writing to be final

3

and judicially reviewable." *R.I.L.-R. v. Johnson*, 80 F. Supp. 3d 164, 184-85 (D.D.C. 2015) (collecting cases).

Defendants should be able to produce these CARs promptly. Where the CARs have already been produced in other litigation—as is the case for Afghanistan and Cameroon—Defendants should produce the CARs within two days. *Casa de Maryland v. Noem*, Case No. 8:25-cv-1484, ECF Nos. 59 & 64 (D.Md. June 13 & 17, 2025) (CARs for Afghanistan and Cameroon decisions produced). For Haiti and South Sudan, Defendants should produce the CAR in one week, as they have done for the CARs in both this case and *NTPSA I*.

Urgent production is of critical importance as Plaintiffs face an imminent deadline—October 14—by which they must file their motion for summary judgment. As a result of Defendants' actions, more than 60,000 TPS holders who have lived in the United States lawfully for years or decades have lost their legal status already; the only protection potentially available to them would come as a result of this summary judgment motion. In light of the Court's ruling that the CARs must be produced prior to any other extra-record discovery related to other TPS periodic review decisions, which are directly relevant to the APA claim that these decisions were illegally preordained, there is a heightened need for expedited production of the CARs to allow Plaintiffs to consider whether additional extra-record discovery is necessary and justified at that time, and for that production to be made available in advance of the deadline for Plaintiffs to file a motion for summary judgment.

### III.     DEFENDANTS' POSITION

**The Certified Administrative Records for Haiti, Afghanistan, Cameroon, and South Sudan Are Not Relevant to This Action.**

Plaintiffs' request for the CARs for Haiti, Afghanistan, Cameroon, and South Sudan, is misplaced where their claims pertain to a review of the Secretary's determinations regarding Honduras, Nepal, and Nicaragua. Despite Plaintiffs' assertions that they require CARs for countries subject to periodic review by the administration, it is axiomatic that an action regarding Honduras, Nepal, and Nicaragua does not pertain to countries other than those identified as the subject of the complaint. ECF No.1. Moreover, even if there were a relationship between the determinations for these additional countries and the countries for which Defendants have already provided CARs, that connection would be made clear by

the CARs and extra-record discovery already ordered by this Court. ECF No. 107. For example, Plaintiffs have not shown, or even specifically alleged, how the administrative record for Afghanistan contains any information that has any bearing on the decision to terminate the TPS designation for Nepal. Or Honduras. Or Nicaragua. This dearth of a showing is easy to explain: the TPS determinations for Haiti, Afghanistan, Cameroon, and South Sudan (which was an automatic extension) are discrete and separate from the determinations under review by this Court.

In essence, Plaintiffs argue that they require extra-record discovery to determine whether extra-record discovery is needed. Such lines of argument are what define the term "fishing expedition." Plaintiffs' argument for producing CARs from additional countries outside the complaint appears to be premised upon their belief that their demand is appropriate because it is a necessary first step to opening the gateway to additional extra-record discovery. However, to make such an argument in the first place, Plaintiffs simply assume the material in unrelated CARs (and any further discovery outside those records) has a bearing on their claims. They suggest that they are entitled to the CARs for countries to subject to periodic reviews by this administration but this expansive viewpoint does not and cannot suffice to demonstrate relevance or necessity. Just like the last time this issue was raised to this Court a little over a week ago, it remains unclear what Plaintiffs are looking for, and it is speculative at best that a response would produce any relevant information. *See Blagman v. Apple Inc.*, Case No. CV 13-8496-PSG, 2014 WL 12607841, at *2 (C.D. Cal. Jan. 6, 2014) (court will not compel discovery that is "impermissibly overboard, and if answered would produce much tangential if not irrelevant information"); *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010) ("Discovery must be narrowly tailored . . . and must not be a fishing expedition"). While Plaintiffs allege that the Secretary's determination regarding Honduras, Nepal, and Nicaragua are all part of "efforts to terminate virtually all TPS designations," ECF No. 1, ¶ 45, what the CARs for other countries will reveal is purely speculative and has nothing to do with Plaintiffs' claim of deviation from prior practice, especially for country designation determinations made after the at-issue terminations.

Furthermore, it remains true that if there were any pre-ordained termination policy (which Defendants deny), and if such a policy were applied to the TPS terminations for Honduras,

1  Nicaragua, or Nepal, then the communications regarding that policy would certainly be found in the
2  discovery already ordered by this Court. An expansion of this case into decisions not under review
3  is completely unwarranted, especially when Plaintiffs merely repackage their previous demands and
4  offer nothing concrete in support than what is best characterized as the baiting of a hook for a fishing
5  expedition.
6      Plaintiffs demand needlessly increases the burden and expense of discovery far beyond that
7  which is reasonable in this case for no identifiable benefit, and it should be denied.

Date: September 11, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ Emilou MacLean
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
Diana Sanchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

*Attorneys for Plaintiffs*

Date September 11, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH

6
JOINT DISCOVERY LETTER BRIEF RE: PRODUCTION OF CERTIFIED ADMINISTRATIVE RECORDS
CASE NO. 3:25-CV-05687-TLT

Acting Assistant Attorney General

ANNA L. DITCHER
Senior Litigation Counsel

ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
AMANDA B. SAYLOR
JEFFREY M. HARTMAN
DANIEL CAPPELLETTI
Trial Attorneys

/s/ *William H. Weiland*
WILLIAM H. WEILAND
Acting Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-0770
william.h.weiland @usdoj.gov

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean