UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No. 25-cv-05687-TLT  (SK)<br><br>**ORDER REGARDING ADMINISTRATIVE RECORD PRODUCTION**<br><br>Regarding Docket No. 112 |

This matter comes before the Undersigned upon consideration of a discovery dispute regarding whether Defendants should be required to produce administrative records for countries other than Honduras, Nepal, and Nicaragua. (Dkt. No. 112.)

Although Plaintiffs' case is primarily focused on Honduras, Nepal, and Nicaragua, Plaintiffs also allege that Defendants decided "to end TPS for virtually every country that has it." (Dkt. No. 1, ¶ 45.) Previously, the Undersigned denied Plaintiffs' request for extra-record discovery on countries other than Honduras, Nepal, and Nicaragua because it could not grant extra-record discovery when Defendants had not yet produced an administrative record for countries other than Honduras, Nepal, and Nicaragua. (Dkt. No. 107.) Plaintiffs now seek production of the administrative records for Haiti, Afghanistan, Cameroon, and South Sudan. (Dkt. No. 112.)

Plaintiffs argue that this information is relevant to their allegation challenging "the collateral decision to end TPS for virtually every country that has it" and note that the District Judge cited to some of these other terminations in finding that "the Secretary has a history of systematically attempting to limit TPS." (*Id.*; Dkt. No. 73.) Plaintiffs further contend that evidence of the Secretary's practice is relevant to prove that the Secretary's decisions were preordained. (Dkt. No. 112.) Defendants argue that the Haiti, Afghanistan, Cameroon, and South Sudan terminations do not bear on the Honduras, Nepal, and Nicaragua terminations at issue, and

"even if there were a relationship between the determinations for these additional countries and the countries for which Defendants have already provided CARs, that connection would be made clear by the CARs and extra-record discovery already ordered by this Court." (*Id.*)

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Proportionality is evaluated "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiffs' request is not proportional to the needs of the case. It appears from Plaintiffs' complaint that Plaintiffs are only directly challenging the decisions to terminate the TPS designations for Honduras, Nepal, and Nicaragua. (Dkt. No. 1.) Otherwise, Plaintiffs could have directly challenged the terminations of TPS for Haiti, Afghanistan, Cameroon, and South Sudan in their complaint. Instead, the terminations of TPS for Haiti, Afghanistan, Cameroon, and South Sudan are only relevant to proving that the challenged terminations were pretextual. The Undersigned accepts Plaintiffs' argument that evidence of Defendants' pattern of terminations is relevant to demonstrating pretext as to the challenged decisions. However, a single allegation in a 54-page complaint is insufficient to warrant production of four administrative records. Further, evidence of Defendants' pattern is not the only available evidence of pretext. Without these records, Plaintiffs have already shown that the challenged terminations of TPS were likely preordained decisions. (Dkt. No. 73.)

///
///
///
///
///
///
///
///

2

The Undersigned DENIES Plaintiffs' request for production of the administrative records for Haiti, Afghanistan, Cameroon, and South Sudan.  However, Defendants are admonished not to wield this ruling as both a sword and a shield.  Having blocked Plaintiffs from obtaining evidence concerning the Haiti, Afghanistan, Cameroon, and South Sudan terminations to support their theory that all TPS terminations were preordained, Defendants may not later rely on those same terminations to argue that the decisions were not preordained.  Plaintiffs may simply point to the evidence that TPS has been terminated for these additional countries, and Defendants cannot then argue that the terminations of TPS for those countries was based on other valid concerns.

**IT IS SO ORDERED**.

Dated: September 11, 2025



SALLIE KIM
United States Magistrate Judge