BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY M. HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>Plaintiff,<br>v.<br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et. al.*,<br><br>Defendants. | Case No. 3:25-cv-5687<br><br>**DEFENDANTS' RESPONSE TO QUESTIONS FOR SEPTEMBER 16, 2025, HEARING RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Trina L. Thompson |

## II. CLASS MEMBERS ABROAD

1. **To Defendants**: Defendants argue the class includes "individuals who may have once held TPS benefits but . . . no longer reside in the United States." ECF 99 at 10. Yet, residency in the United States is a prerequisite for TPS eligibility. 8 U.S.C. § 1254a(c)(4)(B).

    a. **Are Defendants referring to foreign nationals who left the United States voluntarily during the duration of their country's TPS designation, or those who left the United States after the termination of their country's TPS designation (July 5, 2025, and June 6, 2025, respectively)?**

        i. **How, if at all, do Defendants distinguish between those who left the United States voluntarily and those who were forcibly removed?**

Defendants were referring to foreign nationals who left the United States voluntarily during the duration of their country's TPS designation or no longer hold TPS benefits due other disqualifying factors (e.g., TPS withdrawn due to failure to register or ineligibility). Defendants assert that the proposed classes as drafted fail to meet the requirements of Rule 23 because they are so overbroad that they encompass individuals who have not been harmed by the termination decisions and lack the requisite injuries redressable by a singular injunction or declaratory relief as required by Rule 23(a)(2). However, to the extent individuals left the United States voluntarily or involuntarily due to the termination of the TPS designations at issue in this case, a well-crafted class would encompass only those individuals affected by the termination decisions.

## III. CERTIFICATION OF MULTIPLE CLASSES

1. **To Defendants: Defendants object to Plaintiffs' request to certify three different classes. ECF 99 at 1, 14. The Ninth Circuit has affirmed lower court judgements certifying multiple classes in one motion for class certification.** *See Owino v. CoreCivic, Inc*. **60 F.4th 437, 450 (9th Cir. 2022) (affirming certification of three classes with no discussion of subclasses);** *Wit v. United Behavioral Health* **79 F.4th 1068, 1089 (9th Cir. 2023) ("[T]he district court did not err in certifying three**

**classes to pursue the fiduciary duty claim"). How do Defendants distinguish this case from the precedent cited?**

Defendants concede that it is not inappropriate for a court to certify three different classes in one case, so long as there are common legal and factual questions applicable to all members of each class. It is Defendants' position that Plaintiffs' proposed classes are objectionable for the reasons discussed in Defendants' Opposition to Plaintiffs' Motion for Class Certification. Namely, the proposed classes lack commonality under Rule 23(a)(2), typicality under Rule 23(a)(3), and similarly fail to meet the requirements of Rule 23(b)(2). Defendants also assert that nationwide class certification is inappropriate here because the relief Plaintiffs seek under Rule 23(b)(2) is barred by 8 U.S.C. § 1252(f)(1) and in light of the Supreme Court's cautioning against certification of nationwide class actions. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979); *see also Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2566 (2025) (Alito, J., concurring) (cautioning against reflexively certifying nationwide class actions to provide "nationwide class relief" that would be an end-run around the now forbidden universal injunction).

Dated: September 15, 2025                                        Respectfully submitted,

BRETT A. SHUMATE                                                 /s/ *Daniel M. Cappelletti*
Assistant Attorney General                                       DANIEL M. CAPPELLETTI
                                                                 (DC Bar. No. 1672879)
YAAKOV M. ROTH                                                   Trial Attorney
Deputy Assistant Attorney General                                U.S. Department of Justice, Civil Division
Civil Division                                                   Office of Immigration Litigation
                                                                 General Litigation and Appeals Section
WILLIAM H. WEILAND                                               P.O. Box 868, Ben Franklin Station
Acting Assistant Director                                        Washington, DC 20044
                                                                 Tel: (202) 353-2999
ERIC SNYDERMAN                                                   daniel.cappelletti@usdoj.gov
LAUREN BRYANT
CATHERINE ROSS
SHELBY WADE
JEFFREY HARTMAN
Trial Attorneys                                                  *Attorneys for the Defendants*