| | |
|---|---|
| Ahilan T. Arulanantham (SBN 237841)<br>arulanantham@law.ucla.edu<br>Stephany Martinez Tiffer (SBN 341254)<br>martineztiffer@law.ucla.edu<br>CENTER FOR IMMIGRATION LAW AND<br>POLICY, UCLA SCHOOL OF LAW<br>385 Charles E. Young Dr. East<br>Los Angeles, CA 90095<br>Telephone: (310) 825-1029<br><br>Emilou MacLean (SBN 319071)<br>emaclean@aclunc.org<br>Michelle (Minju) Y. Cho (SBN 321939)<br>mcho@aclunc.org<br>Amanda Young (SBN 359753)<br>ayoung@aclunc.org<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111-4805<br>Telephone: (415) 621-2493<br>Facsimile: (415) 863-7832<br><br>Attorneys for Plaintiffs<br><br>*[Additional Counsel Listed on Next Page]* | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br>YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General<br>WILLIAM H. WEILAND<br>Acting Assistant Director<br>ERIC SNYDERMAN<br>LAUREN BRYANT<br>CATHERINE ROSS<br>JEFFREY HARTMAN<br>SHELBY WADE<br>ILANA KRAMER<br>DANIEL CAPPELLETTI<br>Trial Attorneys<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br><br>Attorneys for Defendants |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　Defendants. | Case No. 3:25-cv-05687-TLT-SK<br><br>**STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER** |

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, 1H
San Diego, CA 92120
Telephone: (949) 603-7411

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

1   The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule
2   26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the
3   production of a document, or part of a document, shall not constitute a waiver of any privilege or
4   protection as to any portion of that document, or as to any undisclosed privileged or protected
5   communications or information concerning the same subject matter, in this or in any other
6   proceeding. This Order applies to attorney client privilege, work-product protection as defined by
7   Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable
8   privilege. Nothing in this Order shall constitute an admission that any document disclosed in this
9   litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to
10  raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from
11  withholding from production any document covered by any applicable privilege or other
12  protection.
13      The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid.
14  502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described
15  above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in
16  this or any other federal or state proceeding, regardless of the standard of care or specific steps
17  taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a
18  pre-production review of documents as it deems appropriate.

**I.    DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).
2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**II.   PROCEDURES**

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify that it has been destroyed to the producing party. The

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

8. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: September 29, 2025          */s/ EmiLou MacLean*
                                                                Counsel for Plaintiffs

Dated: September 29, 2025          */s/ Daniel M. Cappelletti*
                                                                Counsel for Defendants

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____, 2025     _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        HONORABLE SALLIE KIM

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK

| | |
|---|---|
| Date: September 29, 2025 | Respectfully submitted, |
| /s/ Emilou Maclean<br>Emilou MacLean<br>Michelle (Minju) Y. Cho<br>Amanda Young<br>ACLU FOUNDATION OF NORTHERN CALIFORNIA | BRETT SHUMATE<br>Assistant Attorney General<br><br>YAAKOV M. ROTH<br>Deputy Assistant Attorney General |
| Jessica Karp Bansal<br>Lauren Michel Wilfong (Admitted *Pro Hac Vice*)<br>NATIONAL DAY LABORER ORGANIZING NETWORK | WILLIAM H. WEILAND<br>Acting Assistant Director<br><br>ERIC SNYDERMAN<br>LAUREN BRYANT<br>CATHERINE ROSS<br>JEFFREY HARTMAN<br>SHELBY WADE<br>ILANA KRAMER<br>Trial Attorneys |
| Ahilan T. Arulanantham<br>CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW | |
| Eva L. Bitrán<br>Diana Sánchez<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>Erik Crew (Admitted *Pro Hac Vice*)<br>HAITIAN BRIDGE ALLIANCE | /s/ Daniel M. Cappelletti<br>DANIEL M. CAPPELLETTI<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868 Ben Franklin Station<br>Washington, D.C. 20044 |
| *Attorneys for Plaintiffs* | *Counsel for Defendants* |

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that each of the other Signatories have concurred in the filing of this document.

/s/ Daniel Cappelletti
Daniel Cappelletti
Counsel for Defendants

STIP. CLAWBACK AGREEMENT AND FRE 502(d) ORDER - 3:25-cv-05687-TLT-SK