Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY (Dkt. 132)**<br><br>Assigned to: Hon. Trina L Thompson<br><br>Complaint Filed: July 7, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (Admitted *Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (Admitted *Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

1       Plaintiffs oppose Defendants' motion for a stay in light of the government shutdown, both because denying Defendants' motion will not require government counsel to work without pay, and because granting the motion would impose additional irreparable harm on Plaintiffs.[1]

Plaintiffs of course understand the hardship the government shutdown places on everyone, including the government's attorneys and their clients. For that reason, Plaintiffs offered to agree to the stay Defendants seek if Defendants in turn would agree to refrain from enforcing the TPS terminations challenged in this case. But Defendants refused. They apparently have the resources to detain and deport thousands of immigrants with no criminal history to dangerous countries but would prefer not to expend the resources needed to defend the legality of such actions in court.

Fortunately, this Court need not accept that absurd position for a simple reason: Defendants' own policies regarding the shutdown make clear that proceeding with this litigation would not prejudice the government. The Department of Justice contingency plan contemplates that its attorneys can and will continue litigating during the shutdown in the event a court denies a stay motion. In such an event, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Dep't of Justice FY 2026 Contingency Plan (Sep. 29, 2025).[2] As a result, "the litigation will become an excepted activity," *id*., and the responsible litigators will be "excepted" employees.[3] No hardship to defense counsel should result, as "excepted" DOJ employees "shall be paid" for all work performed during the lapse in appropriations. 31 U.S.C. § 1341 (c)(2).

Because a court order denying a stay constitutes express legal authorization for Defendants to continue to litigate this case, this Court need not decide whether this case falls within the exception set forth in 31 U.S.C. § 1342.[4] Section 1342 addresses when a government employee may work

---

[1] Plaintiffs filed similar responses to Defendants' motions to stay Ninth Circuit proceedings on appeal of this Court's postponement order in this matter, Case No. 25-4901, as well as in Ninth Circuit Cases No. 25-2120 and No. 25-5724, which concern TPS for Venezuela and Haiti.
[2] *See* https://www.justice.gov/jmd/media/1377216/dl.
[3] *See* Off. of Personnel Mgmt., *Guidance for Shutdown Furloughs*, at 2 (Sept. 2025), https://www.opm.gov/policy-data-oversight/pay-leave/reference-materials/guidance-for-shutdown-furloughs-sep-28-2025/.
[4] This portion of Plaintiffs' opposition addresses the Court's order that the parties "address whether the case falls within emergencies involving the safety of human life pursuant to 31 U.S.C. § 1342." Dkt. 133.

1  voluntarily on a matter that is *not* "authorized by law." It provides that, as to *un*authorized matters,
2  government employees may not work, even voluntarily, except in limited circumstances, such as
3  "emergencies involving the safety of human life or the protection of property." *Id.* If this Court were
4  to deny Defendants' stay motion, Section 1342 would not apply, because this Court's order would
5  render work on this litigation "authorized by law." *Id.*

6  Should this Court nonetheless reach the question whether this case falls within emergencies
7  involving the safety of human life, it should find that it does. Plaintiffs challenge the termination of
8  TPS for their countries. As a result of losing TPS, Plaintiffs have lost work authorization, on which
9  they depended "to provide food or housing for their families" and health insurance for themselves
10 and their dependents. Dkt. 73 at 30-31 (recognizing that loss of health insurance "would be life
11 threatening to Plaintiffs like Maria Elena Hernandez who relies on insurance to manage her heart
12 conditions and O.C. who suffers from diabetes). They face the prospect of family separation and
13 deportation to countries that remain unsafe, or even to third countries "where they have no ties." *Id.*
14 31. *See also* Dkts. 54-3, 54-4 (State Department advisories recommending reconsideration of travel
15 to Honduras and Nicaragua due to safety concerns).[5]

16 Courts have rejected the federal government's requests for stays in cases involving similar
17 serious harms, notwithstanding lapses in appropriations. *See, e.g., Doe 1 v. Nielsen*, No. 18-cv-
18 02349-BLF, 2019 WL 1473463 (N.D. Cal. Jan. 3, 2019) (denying government's motion to stay
19 based on lapse in appropriations where further delay could result in unlawful deportation of Iranian
20 refugees); *see also, e.g., Roman Catholic Archbishop of Wash. v. Sebelius*, No. CV 13-1441(ABJ),
21 2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013) (finding indefinite stay unwarranted given alleged
22 irreparable harm, time-sensitive nature of case, and government's unwillingness to delay
23 enforcement of law being challenged). Moreover, "anyone subject to immigration detention" may be
24 subject to irreparable harms beyond the loss of a chance at physical liberty, including "subpar
25 medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995

---

[5] *See also* Hannah Beech, *'We Are in a Zero State': Scenes from the Ashes of Nepal's Capital*, NEW YORK TIMES (Sept. 17, 2025), https://www.nytimes.com/2025/09/17/world/asia/nepal-protests-arson-singha-durbar.html (describing devastation in Nepal in the wake of violent protests that led to overthrow of government).

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY
CASE NO. 3:25-CV-05687-TLT

(9th Cir. 2017).

Beyond this, Defendants cannot rely on the shutdown to obtain a stay of litigation challenging the legality of their actions while simultaneously continuing to spend the money to implement them. As noted above, Defendants rejected Plaintiffs' request that Defendants cease enforcing the TPS terminations at issue in this case, but Defendants refused. That appears to be consistent with the government's approach to immigration enforcement during the shutdown more generally. U.S. Immigration and Customs Enforcement (ICE) confirmed yesterday that its "enforcement efforts remain unchanged" notwithstanding the shutdown.[6] The DOJ's lapse plan also exempts from the shutdown all immigration court staff that process "cases and appeals involving detained respondents."[7]

If that is so, then surely the important legal and constitutional questions at issue in this case, which affect thousands of TPS holders and their loved ones, including thousands of American children, deserve resolution without delay.

For these reasons, Defendants' stay motion should be denied.

Date:   October 2, 2025

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ Jessica Karp Bansal
Jessica Karp Bansal
Lauren Michel Wilfong
(Admitted *Pro Hac Vice*)

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

---

[6] ICE (@ICEgov), X (Oct. 1, 2025, at 3:41 a.m. ET), https://x.com/ICEgov/status/1973337418058109328; *see also* Department of Homeland Security, *Procedures Relating to a Federal Lapse in Appropriations*, at 41 (Sept. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf (anticipating around 93% of ICE employees to be excepted and retained during any shutdown).

[7] *FY 2026 Contingency Plan*, at 6, https://www.justice.gov/jmd/media/1377216/dl.

Eva L. Bitrán
Diana Sánchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Erik Crew (Admitted *Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs