BRETT SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
SHELBY WADE
CATHERINE ROSS
JEFFREY HARTMAN
DANIEL CAPPELLETTI
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>　　　　Defendants. | Case No. 3:25-cv-5687<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS**<br><br>Judge: Hon. Trina L. Thompson |

DEFS' REPLY IN FURTHER SUPPORT OF MOTION FOR STAY OF PROCEEDINGS
3:25-CV-5687

1

**MOTION FOR A STAY OF PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS**

Defendants submit this reply in further support of their motion for a stay of proceedings in light of the lapse of appropriations.

1. The law regarding a prohibition against Department of Justice attorneys and employees of the federal government working, even on a voluntary basis, during a lapse in government appropriations is straightforward. To wit, federal employees "may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. "That exception is not deemed to include most civil cases … by the Department of Justice." *Conservation Conv. v. United States Forest Serv.*, No. 218-cv-02404-JAM-CKD, WL 181534, at *1 (E.D. Cal. Jan. 14, 2019).

2. The Court recognized this at the governing standard in its October 2, 2025 order, where in response to Defendants' Motion to Stay Proceedings, it asked the parties to "address whether the case falls within emergencies involving the safety of human life pursuant to 31 U.S.C. § 1342." ECF No. 132.

3. In their opposition, Plaintiffs first contend that the Court need not consider the applicable standard and should simply issue an order denying the stay, which would require excepted government attorneys to continue working on the instant matter. ECF No. 135 at 1-2. This circular argument does not support Plaintiffs' opposition to a stay of proceedings and wholly fails to address the sole question posed by the Court. ECF No. 132. Indeed, Plaintiffs' reliance upon internal Department of Justice guidance is completely misleading, as no reasonable interpretation of that guidance supports a conclusion that it creates a loophole to ignore the clear strictures set by Congress. Plaintiffs' argument that this Court can issue an order that, by simple judicial fiat, creates an exception to the limitations placed on activities during a lapse in appropriations is simply wrong.

4. Nor do the arguments advanced by Plaintiffs show that there exists an imminent threat to "the safety of human life or the protection of property." 31 U.S.C. § 1342. Plaintiffs contend that as a result of losing TPS, Plaintiffs have lost work authorizations and health insurance and face the prospect of family separation and deportation to "countries that remain unsafe or to "third countries 'where they have no

DEFS' REPLY IN FURTHER SUPPORT OF MOTION FOR STAY OF PROCEEDINGS
3:25-CV-5687

ties.'" ECF No. 135. However, termination of TPS for the affected countries has been at issue since Plaintiffs first filed suit in July 2025, and a temporary stay of proceedings will have no effect on the existing terminations that have been in effect for months. The cases cited by Plaintiff where a stay was denied are factually inapposite and do not mandate a contrary conclusion. *cf. Doe 1 v. Nielsen*, No. 18-cv-02349-BLF, 2019 WL 1473463 (N.D. Cal. Jan. 23, 2019) (involving Iranian refugees who were in limbo in third countries, and where further delay could result in their deportation back to Iran, where they would be persecuted). Indeed, accepting Plaintiffs formulation of the current status quo contradicts the clear import of the Ninth Circuit's ruling *in this case* where it stayed the District Court's Postponement Order pending appeal, allowing for the TPS terminations at issue to take effect. *Noem v. Nat'l. TPS All.*, No. 25-4901, Dkt. 19.1 (9th Cir. 2025).

5. Furthermore, in addition to ignoring the Ninth Circuit's clear view of the risks posed to Plaintiffs in this case, Plaintiffs' piling of inferences shows that they are unable to demonstrate that this case represents an emergency involving imminent threat to the safety of human life. *See* 31 U.S.C. § 1342. At best, Plaintiffs allege only fears of potential future harm, the possibility of which have existed since the terminations went into effect months ago and will continue to exist until the conclusion of the litigation. *See, e.g., Bibbs v. Servantes*, No. 25-cv-00895-AGS-MMP, 2025 WL 1883567, at *2 (S.D. Cal. July 7, 2025) (holding that "[i]mminent danger requires an allegation that a harm is 'ready to take place' or 'hanging threateningly over one's head' … [and] 'cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.'") (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007)).

6. Therefore, and in light of the foregoing, the Department of Justice respectfully requests a stay of all proceedings until Congress has restored appropriations to the Department.

Dated: October 3, 2025

DEFS' REPLY IN FURTHER SUPPORT OF MOTION FOR STAY OF PROCEEDINGS
3:25-CV-5687

Respectfully Submitted,

BRETT SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Deputy Assistant Attorney General

WILLIAM H. WEILAND
Acting Assistant Director

DANIEL CAPPELLETTI
CATHERINE ROSS
SHELBY WADE
ERIC SNYDERMAN
JEFFREY HARTMAN
ILANA KRAMER
LORI MACKENZIE
Trial Attorneys

*/s/ Lauren E. Bryant*
LAUREN E. BRYANT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

DEFS' REPLY IN FURTHER SUPPORT OF MOTION FOR STAY OF PROCEEDINGS
3:25-CV-5687

## CERTIFICATE OF SERVICE

I, Lauren Bryant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 3, 2025                                By: */s/ Lauren E. Bryant*
                                                      Lauren E. Bryant
                                                      Trial Attorney