BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY M. HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et. al.*,<br><br>    *Plaintiff*,<br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    *Defendants*. | Case No. 3:25-cv-05687-TLT-SK<br><br>Magistrate Judge Sallie Kim<br><br>**DECLARATION OF ANGELICA ALFONSO-ROYALS IN SUPPORT OF USCIS'S ASSERTION OF THE DELIBERATIV PROCESS PRIVILEGE** |

I, Angelica Alfonso-Royals, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Deputy Director, U.S. Citizenship and Immigration Services ("USCIS"), a component agency within the Department of Homeland Security ("DHS"). As the Deputy Director, I report to the Director of USCIS, Joseph B. Edlow.

2. The Director of USCIS has delegated to me the authority to assert the deliberative process privilege on his behalf regarding the documents at issue in this litigation.

3. In my position as Deputy Director, I oversee the agency's operations, ensuring the integrity of the immigration system through benefit application decisions, compliance verification, and collaboration with law enforcement. I have held this position since July 15, 2025, having previously served as Acting Director for USCIS performing the duties of the USCIS Director from May 25, 2025. Before that, I served in various senior leadership roles at DHS, including Chief of Staff to the Deputy Secretary of Homeland Security, Senior Advisor to the Deputy Secretary, Chief Creative Officer, and Principal Deputy Assistant Secretary for Crisis Communications in the Office of Public Affairs.

4. I submit this declaration to assert the deliberative process privilege over documents related to the recommendations made by USCIS officials with respect to the Secretary's decisions to terminate Nepal's temporary protected status ("TPS") (90 Fed. Reg. at 21,152); terminate TPS for Honduras (90 Fed. Reg. at 30,091); and terminate TPS for Nicaragua (90 Fed. Reg. 30,086) (collectively, "TPS Decisions").

5. This declaration is responsive only to the assertions of deliberative process privilege with respect to the documents named in this declaration and does not waive any undiscussed assertions of privilege. It is my understanding that this subset of documents is representative of the types of documents that have been withheld as privileged.

6. The documents in bold represent documents over which USCIS has asserted the deliberative process privilege and is providing to the court for in-camera review of the deliberative process privilege, in compliance with the court's order on October 1, 2025.

7. The matters contained in this declaration are based upon my review of the USCIS documents mentioned in this declaration that have been withheld due an assertion of deliberative process privilege in the case of *NTPSA, et al., v. Noem, et al., 3:25-cv-05687*, in the United States District Court for the Northern District of California; my personal knowledge; my knowledge of the documents kept by USCIS in the course of ordinary business; and on information provided to me by other USCIS employees in the course of my official duties as Deputy Director of USCIS.

8. I am aware that in this action plaintiffs challenge the Secretary of Homeland Security's TPS Decisions. For the reasons indicated above, I am asserting deliberative process privilege over the following categories of documents produced to Plaintiffs with Defendant's initial disclosures:

    a. Internal USCIS discussions and deliberations regarding the Secretary's TPS decision (NTPSA2_00003126, NTPSA2_00003127, NTPSA2_00001528, NTPSA2_00001629, NTPSA2_00001690, NTPSA2_00001775, NTPSA2_00002433, **NTPSA2_00001802**, **NTPSA2_00002248**, **NTPSA2_00002280**, **NTPSA2_00002361**, **NTPSA2_00002439**, **NTPSA2_00002721**): These pre-decisional discussions contain incomplete considerations, including ideas that were not ultimately adopted, or candid discussions about reasons why certain proposals should or should not be adopted, including mental impressions as to developments in foreign countries gathered from various sources. These documents reflect discussions of information that should be considered, its relevance to internal decisionmaking and policy development, and a pre-decisional, deliberative assessment of such information that is inextricably intertwined with the discussion of policy options. It is crucial that individuals, or interagency partners, can have these discussions without concern that deliberations and discussions will be scrutinized before they are final.

    b. USCIS deliberations and discussions with regards to other federal entities related to the Secretary's TPS decision (NTPSA2_00003095, NTPSA2_00002247, NTPSA2_00002469, NTPSA2_00002472, **NTPSA2_00002053**, **NTPSA2_00002400**): These pre-decisional discussions contain incomplete considerations, including ideas that were not ultimately adopted, or candid discussions

3

    regarding USICS and other government entities about reasons why certain proposals should or should not be adopted, including mental impressions as to developments in foreign countries gathered from various sources. These documents reflect discussions of information that should be considered, its relevance to internal decisionmaking and policy development, and a pre-decisional, deliberative assessment of such information that is inextricably intertwined with the discussion of policy options. It is crucial that individuals, or interagency partners, can have these discussions without concern that deliberations and discussions will be scrutinized before they are final.

  c. Draft decision memorandums from USCIS to Secretary, including with agency personnel comments and suggested edits (NTPSA2_00001504, NTPSA2_00001873, NTPSA2_00001931): These draft memos cover non-finalized, draft documents, include internal comments and deliberations for consideration by decisionmakers. These draft documents are inherently deliberative in nature and many such documents contain tracked changes and related comments expressing impressions, ideas, and opinions provided to in the policymaking process and to assist decisionmakers. In particular, these drafts include discussions among subject matter experts and operational personnel from the component agency responsible for granting temporary protected status.

  d. USCIS discussions and deliberations regarding Federal Register Notices (NTPSA2_00001500): These pre-decisional discussions contain incomplete considerations, including ideas that were not ultimately adopted, or candid discussions about reasons why certain proposals should or should not be adopted, including mental impressions as to developments in foreign countries gathered from various sources. These documents reflect discussions of information that should be considered, its relevance to internal decisionmaking and policy development, and a pre-decisional, deliberative assessment of such information that is inextricably intertwined with the discussion of policy options. It is crucial that individuals, or interagency partners, can have these discussions without concern that deliberations and discussions will be scrutinized before they are final.

  e. Draft country conditions reports, as well as agency personnel comments and suggested edits (NTPSA2_00002423, NTPSA2_00002826, NTPSA2_00001560,

      **NTPSA2_00001530**): These draft reports and discussions cover non-finalized, draft documents, including internal comments and deliberations for consideration by decisionmakers. These draft documents are inherently deliberative in nature and many such documents contain tracked changes and related comments expressing impressions, ideas, and opinions provided to in the policymaking process and to assist decisionmakers.

    f.  Draft documents and discussions tangentially related to the Secretary's TPS decision (NTPSA2_00002438, NTPSA2_00002444, NTPSA2_00001914, NTPSA2_00002736, NTPSA2_00002913, NTPSA2_00001779, NTPSA2_00001780, NTPSA2_00001785, NTPSA2_00001625): These draft documents and discussions cover non-finalized, draft documents, including internal comments, deliberations, opinions, and data for consideration by decisionmakers. These documents are inherently deliberative in nature and many such documents contain tracked changes and related comments expressing impressions, ideas, and opinions provided to in the policymaking process and to assist decisionmakers.

9.  The information identified and redacted as subject to the deliberative process privilege in these documents reflect the deliberative, pre-decisional processes of USCIS personnel engaged in efforts to generate, review, revise, discuss, and otherwise formulate policy and procedure relating to critical governmental interests. Those documents include draft memoranda, emails, and other documents memorializing the internal process of discussion and deliberation related to policy formulation and/or revision. Disclosure of the withheld portions of these documents would jeopardize USCIS's ability to engage in decisionmaking by discouraging future candid discussion and debate within the government. USCIS and other government personnel would be reluctant to share their opinions for or against a particular decision if those predecisional comments were subject to disclosure, and to future use for the purpose of challenging the final decision and/or the process by which it was achieved.

10.  For the categories of documents discussed above, it is imperative to protect the open and honest exchange of ideas and opinions among USCIS employees. This exchange is necessary to assist final decisionmakers in ensuring that DHS's mission of protecting the United States is

faithfully executed. Release of the redacted information in the above referenced general topic could chill this exchange and impede DHS and USCIS's decisionmaking process. This is especially true, where, as here, the opinions, proposals, and recommendations of USCIS employees concern approaches to the government's immigration enforcement that are the subject of public controversy. If USCIS employees are aware that their opinions, deliberations, and recommendations may be subject to public disclosure—and the scrutiny and criticism which may follow—the candor of their views could be chilled. This is especially true when those opinions may be taken out of context or not understood in the full context in which they were made or intended. Thus, it is vital that pre-decisional and deliberative communications such as those contained and reflected the documents that discuss the vacatur, partial vacatur, and/or termination of temporary protected status be protected from disclosure based on the deliberative process privilege.

Executed on October 7, 2025        _____

                                                      Angelica Alfonso-Royals
                                                      Deputy Director
                                                      U.S. Citizenship and Immigration Services
                                                      U.S. Department of Homeland Security