UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No.  3:25-cv-05687-TLT<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**[PROPOSED] ORDER**

On October 14, 2025, Plaintiffs moved for partial summary judgment pursuant to 5 U.S.C. § 706 to set aside Secretary Noem's terminations of the TPS designations for Nepal, Honduras, and Nicaragua. Plaintiffs' motion also sought declaratory relief under 28 U.S.C. § 2201. After consideration of the briefs and arguments of counsel, the evidence filed in support of and in opposition to Plaintiffs' Motion, and being fully advised, the Court finds that Plaintiffs have demonstrated that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law as to the challenged agency actions. Accordingly, Plaintiffs' Motion for Partial Summary Judgment is granted as follows:

This Court concludes that Secretary Noem's terminations of the TPS designations for Nepal, Honduras, and Nicaragua were unlawful agency actions in violation of the APA, and must be set aside and declared unlawful for the following reasons:

1.     The terminations violate the TPS statute's requirements that TPS decisions be made "after," and based on, "consultation with appropriate agencies" and a "review [of] the conditions in the foreign state." 8 U.S.C. § 1254a(b)(3)(A).

2.     The terminations violate the requirement that TPS decisions not be "preordained" or based on "political influence," rather than country conditions. *See Saget v. Trump*, 375 F. Supp. 3d 280, 345-46 (E.D.N.Y. 2019).

3.     The terminations rest on an incorrect interpretation of the TPS statute—namely that TPS extensions must be based on the original condition that justified the TPS designation, rather than any intervening conditions. That interpretation violates the statute's rule requiring extension unless the Secretary finds the country "no longer continues to meet the conditions for designation," 8 U.S.C. § 1254a(b)(3)(A), which are described at 8 U.S.C. § 1254a(b)(1)(B). Defendants' interpretation to the contrary is "not in accordance with law." 5 U.S.C. § 706(2)(A).

4.     The terminations violate the APA's requirement that changes to agency practice be explained. *See Organized Vill. of Kake v. USDA*, 795 F.3d 956, 966 (9th Cir. 2015) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515-16 (2009)). The agency's longstanding past practice

has been to consider intervening conditions when deciding whether to extend or terminate TPS designations. The termination decisions do not display awareness of that practice or provide any rationale for departing from it.

For the foregoing reasons, it is **HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**. Secretary Noem's decisions to terminate the TPS designations for Honduras, Nicaragua, and Nepal are hereby **SET ASIDE** as arbitrary, capricious, not in accordance with law, and without observance of procedure required by law in violation of the APA.

2. The TPS statute provides that, absent a decision to terminate, a TPS designation "is extended for an additional period of 6 months." 8 U.S.C. § 1254a(b)(3)(C). By operation of that provision, the TPS designations for Honduras, Nicaragua, and Nepal, including all related documentation and related benefits such as employment authorization, remain in effect unless and until lawfully modified in accordance with statutory and procedural requirements.

3. This Court declares, pursuant to 28 U.S.C. § 2201, that Secretary Noem's decisions to terminate the TPS designations for Honduras, Nicaragua, and Nepal were unlawful for the reasons described above.

**IT IS SO ORDERED.**

Date: _____, 2025

_____
The Honorable Trina L. Thompson
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 3:25-CV-05687-TLT