Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, O.C., SANDHYA LAMA, S.K., TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**PLAINTIFFS' REQUEST FOR CLARIFICATION RE: ORDER ON WITHHELD DOCUMENTS BASED ON PRIVILEGE (DKT. 155)**<br><br>Judge: Hon. Sallie Kim<br><br>Complaint Filed: July 7, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (Admitted *Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez (SBN 338871)
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (Admitted *Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

**INTRODUCTION**

This Request for Clarification asks the Court to state more explicitly what Plaintiffs believe should already be clear from its Order on Withheld Documents Based on Privilege (Dkt. 155), namely that (1) Defendants must produce *all* the documents (or portions of documents) they have withheld based on their assertion of the deliberative process privilege (DPP) and (2) they must make that production, along with the production of documents (or portions of documents) the Court found were not protected by attorney-client privilege (ACP) immediately.[1] While Plaintiffs believe the history of this case, the ongoing summary judgment briefing, and the Court's Order make both of those points abundantly clear, Defendants have refused to acknowledge them, forcing Plaintiffs to burden the Court with this Request for Clarification, in order to ensure Plaintiffs get the benefit of the ordered discovery before it is too late to use those documents in connection with the summary judgment briefing, for which the Parties' Oppositions and Replies are due October 28 and November 4, respectively.

**BACKGROUND**

By way of brief background, the parties filed a joint letter on September 30, 2025, in which Plaintiffs sought to compel the production of all documents Defendants had withheld on the basis of DPP as well as 20 specific documents withheld on the basis of attorney-client privilege. Dkt. 129. On October 1, this Court ordered Plaintiffs to identify, and Defendants to provide to the Court *in camera*, twenty of the documents withheld based on DPP. Dkt. 130. This was a sample of the approximately 650 documents Defendants withheld in full or in part pursuant to DPP—including nearly 500 only pursuant to DPP. Dkt. 129 at 2. The Court also ordered Defendants to provide *in camera* the twenty specific documents withheld on the basis of attorney-client privilege that Plaintiffs challenged.[2] Dkt. 130.

On October 14, both parties moved for summary judgment. Dkts. 142, 144. Oppositions are

---

[1] Plaintiffs do not object to Defendants promptly submitting declarations related to their invocation of law enforcement privilege (LEP) in advance of their production of any documents improperly withheld on that ground, and therefore do not include that issue in this Request.
[2] Plaintiffs challenged the ACP invocation over only these 20 documents, even though Defendants withheld in full or in part 152 documents pursuant to ACP. Dkt. 129 at 2.

1
PLAINTIFFS' REQUEST FOR CLARIFICATION
CASE NO. 3:25-CV-05687-TLT
v.

1  due on October 28, and Replies are due November 4. Dkt. 91.

2  On the same day, the parties submitted a stipulation that Plaintiffs may use late-produced
3  documents in connection with their anticipated Reply. Dkt. 141.

4  On October 16, this Court issued its Order finding that the vast majority of the sample DPP
5  documents were either not pre-decisional and/or not deliberative, and therefore not subject to DPP in
6  the first place. Dkt. 155 at 2-3. The Court identified that "a few documents" were both pre-decisional
7  and deliberative, and therefore analyzed "whether Plaintiffs' need for these materials and the need
8  for accurate fact-finding overrides the government's interest in non-disclosure under the *Warner*
9  factors." *Id.* at 3. After applying those factors, the Court concluded that "shielding these documents
10 from disclosure under the deliberative process privilege is not warranted." *Id.* at 6. The Court also
11 concluded that, with the exception of a few sections of a few documents, none of the challenged
12 documents were protected by the attorney-client privilege. *Id.* at 7. The Court also "admonished
13 [Defendants] to consider the [Court's] prior rulings when determining whether to assert the attorney-
14 client or the deliberative process privileges." *Id.* at 1.

15 On the same day this Order issued, Plaintiffs contacted Defendants and asked Defendants to
16 confirm they would promptly produce all documents or portions of documents withheld as DPP as
17 well as the documents or portions of documents the Court found were not protected by the attorney-
18 client privilege. *See* MacLean Dec., Ex. A. Defendants did not reply to that message for four days
19 despite repeated inquiries by email and telephone. *Id.* Today, four days later, Defendants finally
20 responded substantively, taking the position that "the Court did not specifically order every
21 document marked with DPP to be produced immediately" and that, instead of producing the
22 documents immediately, Defendants intended to re-review all the documents to "determine how [the
23 Court's] ruling applies" which "will require substantial review." *Id.* Defendants did not commit to
24 any specific date for production, only that they "aim to produce at least a tranche of those documents
25 that pertain to the TPS decisions in this case later this week." *Id.* They also identified that they
26 intended to seek reconsideration of this Court's order. *Id.* To date, Defendants have produced zero of
27 the documents which this Court ordered produced. *See id.*

28

## ARGUMENT

Defendants' position is clearly inconsistent with this Court's ruling, which analyzed the *Warner* factors as they applied to deliberative materials as a whole. *See, e.g.*, Dkt. 155 at 3-4 ("To determine if Plaintiffs are correct, the decision-maker will need to examine Defendants' deliberative process."). It is also clearly inconsistent with the Court's admonishment to consider its prior orders in *National TPS Alliance v. Noem,* No. 25-cv-01766-EMC (N.D. Cal.). *See id.* at 1. There, this Court also analyzed a sample of DPP documents and concluded that *all* documents withheld as DPP should be produced. *National TPS Alliance v. Noem,* No. 25-cv-01766-EMC (N.D. Cal.), Dkt. 184 ("The Undersigned ORDERS Defendants to produce documents for which Defendants claim only the deliberative process privilege."). *See also id.*, Dkt. 195 (upholding this Court's order overruling the deliberative process privilege based on a review of bellwether documents). This Court did the same in *Ramos v. Nielsen*, overruling the deliberative process privilege as applied to *all* withheld DPP documents based on in camera review of a sample. No. 18-cv-01554-EMC (N.D. Cal.), Dkts. 63, 79, 84.

Defendants' position is also inconsistent with the case schedule. Summary judgment briefing is already underway, and Plaintiffs' opposition to Defendants' motion is due in 8 days, and Plaintiffs' reply in support of their motion is due in 15 days. There is no time for rolling productions on whatever schedule Defendants prefer.

Instead, it appears Defendants' position is consistent only with their view that the Court's Order is wrong and with their stated intention to file a motion for reconsideration. *See* MacLean Dec., Ex. A. But a mere intention to file a motion for reconsideration does not give Defendants license to interpret the Court's Order in an unreasonable and self-serving manner. Accordingly, Plaintiffs are forced to request that this Court clarify what should not need any clarification, and explicitly state that Defendants must produce all the documents they have withheld based on their assertion of the deliberative process privilege, along with the documents not protected by attorney-client privilege, immediately. In light of the briefing schedule, and the delay already wrought by Defendants waiting four days to inform Plaintiffs of their position, despite repeated inquiries,

1  Plaintiffs ask that the Court order this production by October 22, 2025.

**CONCLUSION**

Plaintiffs respectfully request that the Court clarify that its Order on Withheld Documents Based on Privilege requires Defendants to produce all the documents (and portions of documents) they have withheld based on their assertion of the deliberative process privilege, along with the specific documents (and portions of documents) not protected by attorney-client privilege, by October 22, 2025.

Date:   October 20, 2025                                     Respectfully submitted,

                                                             NATIONAL DAY LABORER
                                                             ORGANIZING NETWORK

                                                              /s/ Emilou MacLean
                                                             Emilou MacLean
                                                             Michelle (Minju) Y. Cho
                                                             Amanda Young
                                                             ACLU FOUNDATION
                                                             OF NORTHERN CALIFORNIA

                                                             Jessica Karp Bansal
                                                             Lauren Michel Wilfong
                                                             (Admitted *Pro Hac Vice*)

                                                             Ahilan T. Arulanantham
                                                             CENTER FOR IMMIGRATION LAW AND
                                                             POLICY, UCLA SCHOOL OF LAW

                                                             Eva L. Bitrán
                                                             Diana Sánchez
                                                             ACLU FOUNDATION
                                                             OF SOUTHERN CALIFORNIA


                                                             Erik Crew (Admitted *Pro Hac Vice*)
                                                             HAITIAN BRIDGE ALLIANCE

                                                             Attorneys for Plaintiffs