United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | Case No.  25-cv-05687-TLT<br><br>**ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 159 |

On October 20, 2025, Plaintiffs filed a Motion for Clarification of the Magistrate Judge's order on withheld documents base on privilege. ECF 157. A briefing schedule was set for Plaintiff's motion. *Id.* However, due to the time sensitive nature of Plaintiff's request, on October 21, 2025, the Magistrate Judge ordered Defendants to produce the remaining withheld documents by October 22, 2025. *Id.*

On October 21, 2025, Defendants filed an Emergency Motion for Relief from Nondispositive Order of the Magistrate Judge requesting a stay of the Magistrate Judge's clarification order until Defendants have an opportunity to respond. ECF 159. Defendants object to the disclosure of allegedly irrelevant material not pertaining to the TPS, General Counsel legal recommendation memoranda (and drafts), and information they assert is protected by the Law Enforcement Privilege (collectively, "Challenged Documents"). *Id.*

Courts may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court's broad discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts

have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). The decision to conduct an *in camera* review of allegedly privileged documents is one procedural tool the Court may use to achieve its discovery goals. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-mc-03047, 2025 WL 1292655, at *2 (N.D. Cal. May 5, 2025) (citing *United States v. Zolin*, 491 U.S. 554, 569 (1989) (finding that the "practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection" is "well established in the federal courts"). "[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege." *Zolin*, 491 U.S. at 568.

The Court must await full briefing on the issues raised before ordering disclosure of the challenged documents to all parties. Civil L.R. 72-2 (b)-(d). However, the Court finds that Defendants will not be harmed by the limited production of the Challenged Documents under seal for *in camera* review by the Court.

The Magistrate Judge's order requiring disclosure of the withheld documents by October 22, 2025, is AFFIRMED. It is hereby ORDERED that Defendant shall file the Challenged Documents under seal for the Court's *in camera* review and that Defendants shall otherwise comply with the Magistrate Judge's order at ECF 158 no later than October 22, 2025.

Plaintiffs are ORDERED to provide any response in opposition to Defendants' privilege invocations for the Challenged Documents no later than October 23, 2025.

Defendants are ORDERED to provide additional briefing in support of Defendants' objections to ECF No. 155, and in support of Defendants privilege invocations no later than October 24, 2025.

IT IS SO ORDERED.

Dated: October 22, 2025

_____
TRINA L. THOMPSON
United States District Judge

2