UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, et al.,<br><br>  Defendants. | Case No. 25-cv-05687-TLT  (SK)<br><br>**ORDER REGARDING CHALLENGED DOCUMENTS**<br><br>Regarding Docket Nos. 159, 160 |

The Undersigned reviewed documents *in camera* and ruled on Defendants' asserted privileges. After Defendants sought *de novo* review of the Undersigned's Order, the District Judge directed Defendants to provide the documents that Defendants were challenging back to the Undersigned for another *in camera* review. Upon further review of the documents *in camera*, the Court ORDERS as follows:

**A.  Deliberative Process Privilege.**

Upon further review, the Court finds that small portions of the documents do arguably contain an opinion or recommendation – the summaries under USCIS NPRM: Employment Authorization Reform for Asylum Applicants, USCIS NPRM: Weighted Selection Process for Registrants and Petitioners Seeking to File Cap-Subject H-1B Petitions, and USCIS NPRM: Collection and Use of Biometrics by USCIS on NTPSA2_00000873-874 and NTPSA2_00000896-897.  None of the other challenged documents contain deliberative material.

As the Court has previously noted, the deliberative process privilege is a qualified privilege under federal law. *FTC v. Warner Comm'n, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (per curiam).  To qualify for the privilege, a document "must be predecisional – it must have been generated before the adoption of an agency's policy or decision." *Id*.  In addition, a document must be "deliberative in nature, containing opinions, recommendations, or advice about agency

policies" rather than "purely factual material." *Id*. However, even the deliberative process privilege applies, it is not absolute. *Id*. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id*. In determining whether the need for deliberative materials outweighs the Government's interest in non-disclosure, courts consider four factors identified in *Warner*: "(1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id*.

      In the Cabinet Meeting Notes for the United States Department of Homeland Security ("DHS"), there are very brief descriptions of what modifications DHS proposed for immigration related regulations. In balancing the factors identified in *Warner*, the Court notes that these portions of the Cabinet Meeting Notes are only tangentially related to the subject matter of this litigation in that they involve DHS's proposed modifications to immigration related regulations. Again, the second and third factors favor Plaintiffs. "The evidence sought is primarily, if not exclusively, under Defendants' control, and the government – the Executive – is a party to and the focus of the litigation." *See Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) (per curiam). As for the fourth factor – the potential chilling effect on frank government deliberations – "the disclosure of some types of documents will be less likely to cause embarrassment or chilling than others." *Desert Survivors v. US Dep't of the Interior*, 231 F. Supp. 3d 368, 385 (N.D. Cal. 2017). Notably, despite the Court pointing out Defendant's previous failure, Defendants still do not explain how disclosure of the documents in question "would cause embarrassment on the part of the author or give rise to confusion on the part of the public." *Desert Survivors v. US Dep't of the Interior*, 2017 WL 1549373, at *7 (N.D. Cal. May 1, 2017). The brief statements are entirely general in nature and do not identify a specific author. Additionally, as the Court has repeatedly pointed out, the Defendants argued in *Ramos et al. v. Nielsen et al.*, No. 18-cv-01554-EMC, that disclosure would chill internal preparation for meetings and congressional hearings. (*Ramos et al v. Nielsen et al*, No. 18-cv-01554-EMC, Dkt. No. 73.) Both the Undersigned and the District Court rejected that argument. (*Id.* at Dkt. Nos. 63, 79, 84.) As a result, "[t]he government produced thousands of documents, including a significant number of drafts, emails, and other

deliberative materials." *Ramos v. Wolf*, 975 F.3d 872, 884 (9th Cir. 2020), *reh'g en banc granted, opinion vacated*, 59 F.4th 1010 (9th Cir. 2023). The Undersigned also required deliberative materials disclosed in *National TPS Alliance v. Noem*, No. 25-cv-01766-EMC. (*Id*. at Dkt. No. 184.) There is no indication that these disclosures had any chilling effect on future deliberations.

The Court previously pointed out Defendants' failure to provide any analysis for balancing the factors or to address the Court's prior determinations and, thus, made no effort to show how the documents that were before the Court for *in camera* review differed from those documents the Undersigned previously ordered disclosed. Again, Defendants fail to address these issues. The Court finds that the balance tips in favor of Plaintiffs and that shielding these documents from disclosure under the deliberative process privilege is not warranted.

**B.     Attorney-Client Privilege.**

Defendants again argue that the entire Acting General Counsel's memoranda are privileged. However, the portion the Court held was not privileged merely provides factual background. It does not contain any legal analysis or opinions. Therefore, the Court does not find any additional portions of the challenged documents should be withheld under the attorney-client privilege.

**C.     Law Enforcement Privilege.**

With the benefit of the Defendants' belated declarations, the Court finds that the following additional portions of the challenged documents may be withheld under the law enforcement privilege:

- The budget numbers on NTPSA2_00000555;
- The numbers in the 287(g) Program bullets on NTPSA2_00000556;
- The description of where the National Defense Area is on NTPSA2_00000557;
- The rest of the sentence after "Commissioner's signed memorandum to the Secretary seeking implementation of" on NTPSA2_00000558;
- The remainder of the fourth bullet point under Intelligence Initiatives on NTPSA2_00000559;
- Under Current Operations, the number of Navy assets in the second bullet point

3

and the first sentence of the fourth bullet point on NTPSA2_00000560;

- The Executive Summary and the numbers of students, officers, and vehicles on NTPSA2_00000565;
- The identity of who the Private Sector Office met with, including the company name and type of company, on NTPSA2_00000566;
- On NTPSA2_00000570, the last sentence of the first bullet point under Border and Immigration Security, the first bullet point under Analytic Production, and the events and dates in the bullet point under Other Special Events;
- The name of the application and research company under Known Exploited Vulnerabilities and the number of employees on NTPSA2_00000571;
- The number of members and partners on NTPSA2_00000572;
- The number of screening teams on NTPSA2_00000574;
- The number of applicants on NTPSA2_00000578;
- The country names under International Agreements on NTPSA2_00000580;
- The suggested response on NTPSA2_00000584;
- The number of personnel and agents on NTPSA2_00000590;
- The number of teams and personnel on NTPSA2_00000592, NTPSA2_00000593, and NTPSA2_00000594;
- Pages NTPSA2_00000607 through NTPSA2_00000628;
- The last sentence in the LA Protests bullet point on NTPSA2_00000862, NTPSA2_00000885, NTPSA2_00000908, and NTPSA2_00000931;
- The bullets points under Positive Updates on NTPSA2_00000890;[1]
- The Trade Updates on NTPSA2_00000931;[2]
- The number of federal, state, and local partners and the number of centers with vacancies on NTPSA2_00000868 and NTPSA2_00000891;

---

[1] The Order on Withheld Documents mistakenly stated that the Positive Updates bullet points was on NTPSA2_00000892.

[2] The Order on Withheld Documents mistakenly stated that the Trade Update was on NTPSA2_00000932.

4

- The number of officers, individuals, and Marshals on NTPSA2_00000879 and NTPSA2_00000902;
- The number of miles, feet, officers, agents, divisions, magnetometers, and screeners on NTPSA2_00000881 and NTPSA2_00000904;
- The name of the entity of which the allegations are being identified and the locations of the HSI field offices in the first bullet point in Executive Action Priorities on NTPSA2_00001625-001;
- The name of the gang and the number of personnel on NTPSA2_00001625-002; and
- The number of volunteers on NTPSA2_00001625-003;

**IT IS SO ORDERED**.

Dated: October 31, 2025



SALLIE KIM
United States Magistrate Judge

5