BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>              Plaintiffs,<br>   v.<br>KRISTI NOEM, in her official capacity as<br>Secretary of Homeland Security, *et al.*,<br><br>              Defendants. | Case No. 3:25-cv-5687<br><br>**DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (ECF NO. 169)**<br><br>Judge: Hon. Trina L. Thompson |

**INTRODUCTION**

Pursuant to Local Rule 72-2, Defendants, Kristi Noem, Secretary of Homeland Security ("DHS"), *et al.*, hereby move this Court for emergency relief from two specific portions of the Court's Order Regarding Challenged Documents (ECF No. 169) (the "Order"). First, after *in camera* review of a subset of exemplar documents Defendants seek to withhold in whole or part under the Deliberative Process Privilege (DPP) as "completely irrelevant to TPS," ECF No. 164 at 3, the Magistrate Judge ordered Defendants to produce all documents withheld under DPP, regardless of whether they formed part of the decision process for TPS or for entirely unrelated decisions. Order at 3. While Defendants disagree with the wholesale piercing of DPP, Defendants have produced to Plaintiffs previously withheld material in accordance with the Magistrate Judge's orders, with the exception of particularly sensitive, predecisional and deliberative documents (the "Withheld DPP"), identified in Ex. A, for which Defendants seek additional review. *See also* Ex. B, Withheld DPP Privilege Log.

Second, Defendants seek relief from disclosure of five pages of documents (NTPSA2_00000570, NTPSA2_00000868, NTPSA2_00000891, NTPSA2 00000914, and NTPSA2_00000937, together the "I&A Documents"), ordered without any analysis of the privilege claim. *Compare* ECF Nos. 164 at 13, 164-3 at 4 *with* Order at 3-5. If the Court wishes to review either set of documents *in camera*, Defendants will provide them to the Court.

**ARGUMENT**

**I.    The Magistrate Judge Erred in Ordering Production of Documents Withheld Under the Deliberative Process Privilege for Matters Unrelated to TPS**

After review of a handful of exemplars, ECF No 164 at 4, the Magistrate Judge found that only "the summaries under USCIS NPRM: Employment Authorization Reform for Asylum Applicants, USCIS NPRM: Weighted Selection Process for Registrants and Petitioners Seeking to File Cap-Subject H-1B Petitions, and USCIS NPRM: Collection and Use of Biometrics by USCIS on NTPSA2_00000873-874

1    and NTPSA2_00000896-897" are deliberative because they "contain an opinion or recommendation."

2    Order at 1. The Magistrate Judge then decided to pierce DPP for all documents because Plaintiffs' interest

3    in disclosure outweighs the government's interest in confidentiality. Order at 3. But the documents are

4    privileged, and Plaintiffs have no legitimate interest in obtaining material with no bearing on their claims

5    that could weigh in the balance.

6        The withheld material is privileged. "Deliberative" material under the privilege is not limited to

7    opinions or recommendations, as the Magistrate Judge erroneously thought. *See* ECF No. 164 at 5-6.

8    Discussion of proposed, unadopted policies – even the title of the policy itself, such as titles of proposed

9    regulations in NTPSA2_00000385, NTPSA2_00000388, NTPSA2_00000391, and NTPSA2_00000393

10   – and the fact that the agency is considering regulatory changes, is itself deliberative. *See Reporters Comm.*

11   *for Freedom of the Press v. FBI*, 3 4th 350, 356 (D.C. Cir. 2021); *Survivors v. United States DOI*, Case

12   No. 16-cv-01165-JCS, 2017 U.S. Dist. LEXIS 66189, at *4–5 (N.D. Cal. May 1, 2017) (one purpose of

13   DPP is "to protect against premature disclosure of *proposed policies* before they have been finally

14   formulated or adopted") (emphasis added). Even if a document's content is factual, if disclosure of the

15   document would expose "the decision-making process itself" to public scrutiny by revealing the agency's

16   "evaluation and analysis of the multitudinous facts," the document is nonetheless exempt from disclosure.

17   *Nat'l Wildlife Fed'n v. U.S. Forest Svc.*, 861 F.2d 1114, 1118 (9th Cir. 1988) (citation omitted).

18   Accordingly, DPP covers all "recommendations, draft documents, proposals, suggestions and other

19   subjective documents which reflect the personal opinions of the writer rather than the policy of the

20   agency," as well as documents which would "inaccurately reflect or prematurely disclose the views of the

21   agency." *Id.* at 1118–190. The Withheld DPP documents readily fall into that category.

22        Furthermore, even though the Magistrate Judge found that the matters are "tangentially related to

23   the subject matter of this litigation in that they involve DHS's proposed modifications to immigration

24   related regulations," Order at 2, even that finding of limited relevance is clear error. It is indefensible to

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687

1   conclude that *every* document touching on immigration policy is relevant to this litigation just because it

2   is in the *sphere* of immigration policy. DHS is the primary agency tasked with overseeing the U.S.

3   immigration system. Innumerable DHS documents relate to immigration policy. Every DHS document

4   touching on immigration policy cannot be discoverable in every TPS challenge. And the Withheld DPP

5   documents are not even "tangentially" related to TPS decisionmaking.

6       That should doubly preclude the Magistrate Judge's decision here, where the Court granted limited

7   extra-record discovery with the provision that Defendants would not be required to produce documents

8   that do not relate to TPS decision-making. ECF No. 107 at 7. Piercing DPP for documents or portions of

9   documents that have nothing to do with TPS decision-making goes two steps beyond that provision. The

10  Order is even more indefensible and burdensome in light of the serious doubts about the scope of any

11  judicial review signaled by the Ninth Circuit and the Supreme Court in this and similar TPS litigation.

12  Broad-ranging and invasive discovery on unrelated immigration matters is the antithesis of the system

13  Congress created by directing that "there shall be no judicial review" of TPS termination determinations.

14  8 U.S.C. § 1254a(b)(5)(A).

15      Even worse, many of the Withheld DPP documents are not even related to immigration. The

16  Magistrate Judge reviewed *in camera* USCIS Regulatory Priority Lists containing information about

17  unimplemented immigration regulations unrelated to TPS, the Deputy Secretary's Briefing Book, and

18  DHS Cabinet Meeting documents. The latter documents cover the full range of DHS authority, much of

19  which stretches far beyond immigration policy. Simply put, the Withheld DPP documents contain

20  predecisional and deliberative material wholly unrelated to the claims and defenses in this case, and are

21  outside the scope of discovery, ECF No. 107 at 7–8. Moreover, these documents are entirely irrelevant

22  under the first *Warner* factor, which alone should determine the outcome as irrelevant material can play

23  no role in this Court's decision making, and requiring the disclosure of such material needlessly harms

24  Defendants. Balancing the harms to the government and to the Plaintiffs is easy where Plaintiffs have no

1  need for the information and the presentation of their case will be unaffected whether the information is
2  disclosed or not.

3      Despite Defendants' evidence in support of the chilling effect and confusion that will arise
4  impacting candid discussion and debate regarding the irrelevant policies under consideration, the
5  Magistrate Judge adopted a false expectation that Defendants must prove the absence of candid discussion
6  in order to invoke the privilege. ECF No. 139-1 at 6–7. Finding that that disclosures of deliberative
7  material in other cases have not manifested in *identifiable* "indication[s] that these disclosures had any
8  chilling effect on future deliberations," Order at 3, it is not clear that any document ever would meet such
9  an incomprehensible standard. Certainly, no government employee who wants to keep their job will ever
10  admit to doing less, nor would an agency declaration ever be able to meet such a subjective and
11  unquantifiable standard. Straightforwardly, an agency should not have to suffer the actual harm of chilled
12  deliberations before being able to claim the privilege protecting the agency from such an outcome. By
13  then, the damage would have been done making the privilege meaningless. The Magistrate Judge's
14  impossible ruler here cannot serve as a basis for definitively establishing that public disclosure will have
15  no chilling effect. Rather, "[t]he privilege is rooted in the obvious realization that officials will not
16  communicate candidly among themselves if each remark is a potential item of discovery and front page
17  news." *Sierra Club*, 592 U.S. at 267 (internal quotations omitted).

18  **II.    The Magistrate Judge Erred in Ordering Disclosure of Sensitive Intelligence Information
           Without Conducting a Privilege Analysis**
19

20      With the benefit of declarations in support of Defendants' LEP assertions following the Magistrate
21  Judge's prior, *sua sponte*, ruling on LEP, ECF No. 155 at 7-8, the Magistrate Judge ruled that "additional
22  portions of the challenged documents may be withheld under the law enforcement privilege[.]" Order at
23  3. However, despite the Tyson Declaration, ECF No. 164-3 at 4, the Magistrate Judge ordered disclosure
24  of sensitive portions of the I&A Documents. *Compare* Order at 3-4, *with* ECF No. 164-3 at 4. The

documents plainly meet the requirements for LEP, as detailed in the declaration. They describe "on-going efforts to proactively identify threats to the homeland and provide DHS's partners, including other agencies of the Intelligence Community, with information and actionable intelligence." ECF No. 164-3 at 4-5. Disclosure of this information would reveal national and DHS intelligence priorities and help hostile state actors, terrorist organizations, and organized crime groups "to change tactics to avoid detection." *Id.* at 5. The Magistrate Judge found no deficiency in the privilege assertions but ordered disclosure of the I&A Documents without *any* explanation or analysis.

"To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Dousa v. DHS*, No. 19-cv-1255, 2019 WL 6311990, at *2 (S.D. Cal. Nov. 22, 2019). As Defendants have argued, "the importance of the information sought to the plaintiff's case," forecloses disclosure. ECF No. 164 at 11-14; *see Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973). The I&A Documents, which are largely duplicates of each other, have no relevance to this case. Plaintiffs do not need the documents, and if disclosed, Plaintiffs will have no use for them. The Magistrate Judge never found otherwise and never explained why she discounted the serious harms associated with disclosure. *See Hemstreet v. Duncan*, Case No. CV-07-732-ST, 2007 WL 4287602, at *2 (D. Or. Dec. 4, 2007) (the law enforcement privilege requires "a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information"). Meanwhile, disclosing the information would harm intelligence sources and methods as well as relationships with partner organizations. Those harms, weighted against the utter irrelevance of the information for this litigation, are dispositive. The Magistrate Judge clearly erred.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court 1) order that the irrelevant DPP information withheld in the documents identified in Exhibit A may be withheld and 2)

order that the I&A Documents (NTPSA2_00000570; NTPSA2_00000868; NTPSA2_00000891; NTPSA2_00000914; and NTPSA2_00000937) may be withheld under the Law Enforcement Privilege.

Dated: November 3, 2025                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General
                                           Civil Division

                                           YAAKOV M. ROTH
                                           Principal Deputy Assistant Attorney General

                                           WILLIAM H. WEILAND
                                           Acting Assistant Director

                                           ERIC SNYDERMAN
                                           CATHERINE ROSS
                                           LAUREN BRYANT
                                           JEFFREY HARTMAN
                                           SHELBY WADE
                                           LORI MACKENZIE
                                           ILANA KRAMER
                                           Trial Attorneys

                                           */s/ Daniel M. Cappelletti*
                                           DANIEL M. CAPPELLETTI
                                           Trial Attorney
                                           U.S. Department of Justice, Civil Division
                                           Office of Immigration Litigation
                                           General Litigation and Appeals Section
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, D.C. 20044
                                           Tel: (202) 353-2999
                                           Daniel.Cappelletti@usdoj.gov

                                           *Attorneys for Defendants*

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on November 3, 2025, I caused the foregoing to be electronically filed with

3   the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to

4   all counsel of record.

5                                                                */s/ Daniel M. Cappelletti*
                                                                 Daniel M. Cappelletti
6                                                                Attorney for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24