UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No. 25-cv-05687-TLT  (SK)<br><br>**ORDER REGARDING NEWLY SUBMITTED** *IN CAMERA* **DOCUMENTS**<br><br>Regarding Docket Nos. 170, 172 |

The presiding District Court referred the documents Defendants submitted for *in camera* review for the first time in connection with Defendants' second emergency motion. The Undersigned has reviewed those newly submitted documents *in camera* and ORDERS as follows on Defendants' asserted privileges:

**A.      Deliberative Process Privilege.**

Upon review, the Undersigned finds that the following documents do not contain any deliberative material: NTPSA2_00000214, NTPSA2_00000244, NTPSA2_00000247, NTPSA2_00000413, NTPSA2_00001155, NTPSA2_00001178, NTPSA2_00001339, NTPSA2_00001369, NTPSA2_00001464, NTPSA2_00001490, NTPSA2_00001914, NTPSA2_00002547, NTPSA2_00002558, NTPSA2_00002569, NTPSA2_00002572, NTPSA2_00002582, NTPSA2_00002585, and NTPSA2_00002736. Therefore, those documents may not be withheld under the deliberative process privilege. The Undersigned notes that Defendants argue that they are being required to produce irrelevant documents. However, the issue before the Court is whether Defendants properly withheld documents on the basis of claimed privileges. If the documents do not contain privileged materials, the Court will not cull through the documents to determine whether they contain information that is not relevant to this litigation.

The following document or portions of documents contain deliberative matter:

1. The text in item number 16 under the Rule Name column after NPRM on NTPSA2_00001040-006. The same text appears in item number 16 under the Rule Name column after NPRM on NTPSA2_00001042-006 and NTPSA2_00001334-007. While the description is very general and does not identify who proposes the rule change, the text is about a rule that has nothing to do with TPS or immigration status. Therefore, these small portions may be withheld under the deliberative process privilege.

2. The text under the Summary and Recommendation sections on NTPSA2_00001156 and NTPSA2_00001179 and the last paragraph before "For the Chairperson" on NTPSA2_00001157 and NTPSA2_00001180 address matters that have nothing to do with TPS or immigration status. Therefore, these portions may be withheld under the deliberative process privilege.

3. NTPSA2_00001159 and NTPSA2_00001182 may be withheld in their entirety as they are copies of a draft agreement between the United States and another county that is not the subject of the TPS changes. NTPSA2_00001160 and NTPSA2_00001183 are about the same agreement and may be withheld for the same reason.

4. The summaries on NTPSA2_00001335-001 and NTPSA2_00001335-002 are the same as the text on NTPSA2_00000873-874 and NTPSA2_00000896-897 that the Undersigned determined may not be withheld under the deliberative process privilege. (Dkt. No. 169.) Therefore, these portions also may not be withheld under the deliberative process privilege.

5. The text in the Summary column in the last row on NTPSA2_00001336-007 and continuing onto the first row in the Summary column on NTPSA2_00001336-008 addresses a matter that has nothing to do with TPS or immigration status. Therefore, these portions may be withheld under the deliberative process privilege.

6. The two lines of text after "H2A Visa" and the two lines of text after "Waiting to see" on NTPSA2_00001361 address matters that have nothing to do with TPS or immigration status. Therefore, these portions may be withheld under the

2

        deliberative process privilege.

7.     The text under the Rules column in the first three rows on NTPSA2_00001366-001 concerns the same subject matter of the text on NTPSA2_00000873-874 and NTPSA2_00000896-897 that the Undersigned determined may not be withheld under the deliberative process privilege. (Dkt. No. 169.) Therefore, these portions also may not be withheld under the deliberative process privilege.

8.     The sixth full bullet points on NTPSA2_00001599-004 and NTPSA2_00002962-004 and the third bullet points on NTPSA2_00002554-004 and NTPSA2_00002556-002 address matters that have nothing to do with TPS or immigration status. Therefore, these portions may be withheld under the deliberative process privilege.

**B.**     **Attorney-Client Privilege.**

    The portion in item 2 in the Status column after "USCIS sent a clean version of the petition response per OGC's request" on NTPSA2_00001040-010, NTPSA2_00001042-010, and NTPSA2_00001334-011 is the same language the Undersigned previously held may be withheld under the attorney-client privilege. (Dkt. No. 169.) Therefore, these portions may be withheld under the attorney-client privilege. No other portions of the newly provided documents *in camera* may be withheld under the attorney-client privilege.

**C.**     **Law Enforcement Privilege.**

    The Court finds that the following may be withheld under the law enforcement privilege:

1.     The names of the targeted organizations in the second bullet point under Priorities on NTPSA2_00001599-001, NTPSA2_00002554-002, and NTPSA2_00002962-001;

2.     The abbreviation of one of those organizations on NTPSA2_00001599-002 and NTPSA2_00002962-002;

3.     The first full bullet point on NTPSA2_00001599-004 and NTPSA2_00002962-004 after "In March, April, May and June 2025, USCIS is providing"; and

4.     The first full bullet point on NTPSA2_00002554-004 after "In May and June 2025,

USCIS will provide".

No other portions of the newly provided documents *in camera* may be withheld under the attorney-client privilege.

**IT IS SO ORDERED**.

Dated: November 6, 2025



SALLIE KIM
United States Magistrate Judge

4