BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>            Plaintiffs,<br>     v.<br>KRISTI NOEM, in her official capacity as<br>Secretary of Homeland Security, *et al.*,<br><br>            Defendants. | Case No. 3:25-cv-5687<br><br>**DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (ECF NO. 178) AND, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**<br><br>Judge: Hon. Trina L. Thompson |

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687

## INTRODUCTION

Pursuant to Local Rule 72-2, Defendants hereby move this Court for emergency relief from two specific portions of the Court's Order Regarding Newly Submitted *In Camera* Documents (ECF No. 178) (the "Order"). Defendants understand the Magistrate Judge's ruling but respectfully assert the Magistrate Judge continues to err by applying a too-narrow understanding of the Deliberative Process Privilege (DPP). Defendants also respectfully assert the Magistrate Judge has overlooked sensitive material protected by the Law Enforcement Privilege (LEP) when ruling on Defendants' privilege assertions. Defendants respectfully request that the Court review these issues, so as to resolve them, as opposed to referring them back to the Magistrate Judge.

Defendants' prior motions for relief from nondispositive orders of the magistrate judge have all raised concerns over the production of sensitive, predecisional and deliberative documents (ECF Nos. 172-1, 172-2, 172-3, the "Withheld DPP") as well as five pages of documents containing sensitive law enforcement information (ECF No. 172-4, the "I&A Documents"). *See* ECF No. 170. The Magistrate Judge reviewed *in camera* the Withheld DPP and I&A Documents and ruled that small portions may be withheld. Order at 1-3. But in ruling on DPP, the Magistrate Judge has continued to apply an erroneously narrow interpretation of "deliberative" and erroneously expansive definition of responsive. As for the I&A Documents, which describe "on-going efforts to proactively identify threats to the homeland and provide DHS's partners, including other agencies of the Intelligence Community, with information and actionable intelligence," Tyson Dec., ECF No. 163-3 at 4-5, the Magistrate Judge found that none were privileged without specifically acknowledging these pages or providing any analysis. Order at 3-4.

Even if this Court finds that the Withheld DPP and I&A Documents are not privileged as, alternatively, Defendants request entry of a protective order permitting them withhold or redact portions of irrelevant but sensitive documents. Defendants incorporate by reference their prior motions for relief from the Magistrate Judge's nondispositive orders and related briefing. ECF Nos. 159, 164, 170.

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687

**ARGUMENT**

**I.     The Magistrate Judge Erred in Ordering Production of Documents Withheld Under the Deliberative Process Privilege for Matters Unrelated to TPS**

As a threshold matter, the only information currently at issue is unrelated to TPS.  The Magistrate Judge "granted extra-record discovery for only [Honduras, Nepal, and Nicaragua.]." ECF No. 107 at 7 (denying Plaintiffs' request for discovery on countries other than Honduras, Nepal, and Nicaragua). Nevertheless, because Defendants were required to produce document "families," and because multiple topics are discussed in emails and briefing documents, significant extraneous information—including privileged information—was deemed responsive.  The Magistrate Judge has already pierced DPP as to deliberations for *all TPS* determinations arising in the documents originally logged—not just the relevant TPS decisions challenged in this case.  But Defendants do not challenge that decision.  What Defendants challenge is her determination that anything related to immigration policy is "tangentially related to the subject matter of this litigation" such that Plaintiffs are entitled to Defendants' deliberative information. For example, the Magistrate Judge found that *only* "the text in item 16 under the Rule Name column after NPRM on NTPSA2_000010440-006 … has nothing to do with TPS or immigration status" and may be withheld under DPP. Order at 2. But that document contains much more deliberative material *wholly unrelated* to TPS and the issues in this case. Documents cannot be relevant to this litigation simply because they concern the *sphere* of immigration policy. The Court granted limited extra-record discovery, instructing that Defendants would not be required to produce documents that do not relate to TPS decision-making. ECF No. 107 at 7. The Withheld DPP documents are not even "tangentially" related to TPS decisionmaking.

What's more, much of the Withheld DPP information is not even related to immigration. Simply put, the Withheld DPP documents contain predecisional and deliberative material wholly unrelated to the claims and defenses in this case, which all fall outside the scope of discovery authorized in this case, ECF

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687

1  No. 107 at 7–8. Indeed, the Magistrate Judge found that "the text in the Summary column in the last row

2  on NTPSA2_00001336-007 and continuing onto the first row of the Summary column on

3  NTPSA2_00001336-008 addresses a matter that has nothing to do with TPS or immigration status," Order

4  at 2, for example, but then overlooked other portions of the document that are similarly unrelated.[1]

5        Respectfully, the Magistrate Judge appears to continue to interpret DPP too narrowly. The Order

6  did not explain the Magistrate Judge's view that various Withheld DPP documents did not contain

7  deliberative material, *see* Order at 1, but it appears to rest at least to some extent on previous reasoning,

8  *see* Order at 2 (referencing previous ruling in ECF No. 169). The deliberative process privilege protects

9  far more than just opinions or recommendations. *See* ECF No. 164 at 5-6. Discussion of proposed,

10  unadopted policies—even the title of the policy itself, such as titles of proposed regulations in

11  NTPSA2_00000385, NTPSA2_00000388, NTPSA2_00000391, and NTPSA2_00000393—and the fact

12  that the agency is considering regulatory changes, are themselves deliberative and privileged. *See*

13  *Reporters Comm. for Freedom of the Press v. FBI*, 3 4th 350, 356 (D.C. Cir. 2021); *Survivors v. United*

14  *States DOI*, Case No. 16-cv-01165-JCS, 2017 U.S. Dist. LEXIS 66189, at *4–5 (N.D. Cal. May 1, 2017)

15  (one purpose of DPP is "to protect against premature disclosure of *proposed policies* before they have

16  been finally formulated or adopted") (emphasis added). Despite this, the Magistrate Judge ruled that only

17  a handful of the Withheld DPP documents contain deliberative material. Order at 1.[2]

18        Even if a document's content is factual, if disclosure of the document would expose "the decision-

19  making process itself" to public scrutiny by revealing the agency's "evaluation and analysis of the

20  multitudinous facts," the document is nonetheless exempt from disclosure. *Nat'l Wildlife Fed'n v. U.S.*

21

22  [1] For example, rows 3 through 5 on NTPSA2_00001336-007 also have "nothing to do with TPS or immigration status" and so do countless other rows in that very same document (see, e.g., the first six rows on NTPSA2_00001336_10).

23  [2] The Order does not address all of the Withheld DPP documents. The Magistrate Judge did not expressly rule on NTPSA2_00000385, NTPSA2_00000388, NTPSA2_00000391, NTPSA2_00000393, NTPSA2_00000545, NTPSA2_00000907, NTPSA2_00000930, NTPSA2_00001042, or NTPSA2_00001625. *See* Order at 1-3.

24

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687
3

*Forest Svc.*, 861 F.2d 1114, 1118 (9th Cir. 1988) (citation omitted). Accordingly, DPP covers all "recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency," *as well as* documents which would "inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 1118–190. The Withheld DPP documents readily fall into that category.

## II.    The Magistrate Judge Erred in Ordering Disclosure of Sensitive Intelligence Information Without Conducting a Privilege Analysis

Even with the benefit of declarations in support of Defendants' privilege assertions regarding the 5 I&A pages, the Magistrate Judge ruled that they were not privileged without any explanation or analysis (for a second time). Order at 3-4. These documents plainly meet the requirements for protection, as detailed in the Tyson Declaration. ECF No. 164-3 at 4. Disclosure of this information would reveal national and DHS intelligence priorities and help hostile state actors, terrorist organizations, and organized crime groups "to change tactics to avoid detection." *Id*. at 5.

To the extent the Magistrate Judge has conflated the absence of classified information or an assertion of the State Secrets Privilege, *see* ECF No. 164 at 13, as somehow dispositive of Defendants' claim, Defendants maintain their assertion may only be overcome with a showing of relevance or need by Plaintiffs. *See* ECF No. 164 at 10 (discussing Supreme Court recognition of a qualified privilege for certain information related to law enforcement activities in *Roviaro v. United States*, 353 U.S. 53 (1957) and that the privilege has various names, including "the official information privilege").

As Defendants have argued, "the importance of the information sought to the plaintiff's case," precludes piercing the privilege. ECF No. 164 at 11-14; *see Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973). The I&A Documents, which are largely duplicates, have no relevance to this case. Plaintiffs do not need the documents for purposes of this litigation and their disclosure risks compromising I&A's national security and homeland security missions. ECF No. 163-3 at 5. The Magistrate Judge never found

1    otherwise and has never explained why the agencies' concerns about the harm that might be caused by

2    disclosure do not merit the withholding of such irrelevant, but sensitive, information.

3    **III.    Alternatively, this Court Should Enter a Protective Order Permitting Defendants to Redact Irrelevant Portions or Withhold Completely Irrelevant Documents of the Withheld DPP and I&A Documents**

4

5    Should this Court decline to uphold Defendants' privilege assertions over Withheld DPP and I&A

6    Documents, Defendants respectfully request that this Court enter a protective order under Rule 26(c) of

7    the Federal Rules of Civil Procedure precluding them from disclosure. *See* Order at 1 (declining to assess

8    relevance). Pursuant to Rule 26, parties may obtain discovery regarding any matter that is not privileged,

9    which is relevant to the claim or defense of any party. *In re REMEC, Inc. Securities Litigation*, No.

10    04cv1948, 2008 WL 2284647, at *2 (S.D. Cal. May 30, 2008). Production of entirely irrelevant but

11    sensitive documents or portions of documents is an "undue burden" on a party. *See Snow Covered Capital,*

12    *LLC v. Fonfa*, No. 2:22-cv-1181, 2024 WL 3394343, at *3 (D. Nev. July 12, 2025). Moreover, Defendants

13    have detailed the specific harms disclosure would cause. *See* ECF No. 170 at 5-8 (discussing impact on

14    candid discussion regarding irrelevant policies and harm to intelligence sources and methods).

15    Here, the Magistrate Judge ordered limited extra-record discovery on Plaintiffs' APA and

16    constitutional claims. ECF No. 97 at 3. Plaintiffs served requests for production, and the Parties reached

17    agreement regarding custodians, search terms, and date ranges. ECF No. 105 at 3-4. The Magistrate Judge

18    "granted extra-record discovery for only [Honduras, Nepal, and Nicaragua,]" ECF No. 107 at 7, and

19    ordered production of responsive documents with the following caveats: "1. RFP 3: Defendants are not

20    required to produce documents that do not relate to TPS decision-making. 2. RFPs 4 and 5: Defendants

21    are not required to produce documents that do not relate to TPS designations for Honduras, Nepal, and

22    Nicaragua." *Id.* at 8. The Withheld DPP and I&A Documents are undeniably outside the scope of

23    discovery, and their disclosure would cause Defendants undue burden. *See* ECF No. 170 at 5-8.

24

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court 1) order that the irrelevant DPP information in the Withheld DPP documents may be withheld and 2) order that the I&A Documents may be withheld under the Law Enforcement Privilege. Alternatively, Defendants request that the Court enter a protective order precluding the Withheld DPP and I&A Documents from disclosure.

Dated: November 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

WILLIAM H. WEILAND
Acting Assistant Director

ERIC SNYDERMAN
CATHERINE ROSS
LAUREN BRYANT
JEFFREY HARTMAN
SHELBY WADE
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys

*/s/ Daniel M. Cappelletti*
DANIEL M. CAPPELLETTI
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-2999
Daniel.Cappelletti@usdoj.gov

*Attorneys for Defendants*

1

**RULE 26(c)(1) CERTIFICATE**

2      I hereby certify that on November 8, 2025, I have in good faith conferred with Plaintiffs' counsel

3   via email in an effort to resolve the dispute without court action.

4

5                                            */s/ Daniel M. Cappelletti*
                                             Daniel M. Cappelletti
6                                            Attorney for Defendants

7      **CERTIFICATE OF SERVICE**

8      I hereby certify that on November 3, 2025, I caused the foregoing to be electronically filed with

9   the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to

10  all counsel of record.

11                                           */s/ Daniel M. Cappelletti*
                                             Daniel M. Cappelletti
12                                           Attorney for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

DEFS.' EM. MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. J. – No. 3:25-cv-5687
7