UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>        Defendants. | Case No. 25-cv-05687-TLT<br><br>**QUESTIONS FOR THE HEARING**<br><br>Re: Dkt. Nos. 110, 142, 143, 144, 153 |

## I. DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

A. **To Plaintiffs**: Defendants argue that Dr. Wong's expert opinion is cumulative. ECF 143 at 23. Considering Dr. Wong's declaration in ECF 17-16, please elaborate and explain the cumulative nature of his opinion. In answering this question, please cite to binding and persuasive caselaw. *See also,* Fed. Rules of Civil Procedure 43(c).

B. **To Plaintiffs:** Plaintiffs offer the opinions of several experts to demonstrate the harmful consequences that terminating TPS will have on the United States economy, the economies of other countries, on the TPS holders themselves, as well as the impact on public safety, public health, foreign policy, and national security. ECF 168 at 3, 5, 7, 14, 17–18. Evidence is relevant only if it "will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 50 F.3d 870, 942 (9th Cir. 2007). Please identify the issue in the parties' summary judgement motions which the testimony described above will assist the trier of fact in resolving.

      i. Does Plaintiff contend that the Court must conduct an analysis of the consequences of terminating TPS to resolve the pending summary judgment motions?

          a. If so, please cite to binding and persuasive caselaw to show such a showing is required to rule on Plaintiffs' claims.

## II. DEFENDANTS' MOTION TO DISMISS

A. **To Defendants:** Defendants argue that "a court may look beyond the complaint to matters of public record without having to convert the motion to one for summary judgment." ECF 110 at 8 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Please cite case and statutory authority for your position and each your response to the questions listed below.

B. Under what circumstances may a court convert a motion to dismiss to a motion for summary judgement?

      i. **To Both Parties:** Does the Court need to look to evidence beyond the pleadings to resolve Defendants' motion to dismiss?

          a. Does the analysis of the question above change if the Court grants Plaintiffs' motion to consider extra-record evidence at ECF 153? Specifically, should the court convert the Motion to Dismiss to a Summary Judgment Motion and apply the standard pursuant to Federal Rules of Civil Procedure 56? If so, why? If not, why not?

III. **TRANSITION PERIOD**

    C. **To Plaintiffs:** Plaintiffs raise the argument that there is a "uniform agency practice lasting at least two decades of at least six months for orderly transition in the event of a termination of TPS" in their opposition to Defendants' motion for summary judgment. ECF 167 at 12. However, the argument is not raised in Plaintiffs' affirmative motion for partial summary judgement. Explain. Please cite case and statutory authority for your position and each your response to the questions listed below.

        i. Do Plaintiffs argue that they are entitled to judgment as matter of law on their claim that the transition period was improperly shortened?

            a. If so, what remedy would be appropriate?

            b. Do Plaintiffs seek, for example, a six month or more transition period from the terminations of TPS for Nepal on June 6, 2025 as well as Nicaragua and Honduras on July 8, 2025?

IV. **REMEDIES**

    A. **To Plaintiffs:** Plaintiffs argue that the terminations violate the requirement that TPS decisions not be "preordained" or based on "political influence," rather than country conditions. ECF 144 at 16. If the Court were to find in Plaintiffs' favor on this APA claim, what remedy would be appropriate? Please cite case and statutory authority for your position and each of the questions below.

        i. If the Court set aside the Secretary Noem's terminations as "preordained" or based on "political influence," could Secretary Noem later properly terminate TPS during this administration? Or, according to Plaintiffs' view, would the

3

previous public statements of Secretary Noem and other officials of this administration also taint future attempts by the Secretary to terminate TPS?

The parties are *ordered* to respond in writing by the end of the business day on **November 14, 2025**. A timely response will allow the Court to receive the benefit of the parties briefing on the Court's questions prior to oral argument. Additional questions will be provided during the hearing.

IT IS SO ORDERED.

Dated: November 12, 2025

TRINA L. THOMPSON
United States District Judge

4