UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Defendants. | Case No.  25-cv-05687-TLT <br><br> **ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (ECF 178) AND, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER** <br><br> Re: Dkt. No. 181 |

Before the Court is Defendants' Third Emergency Motion for Relief from Nondispositive Order of Magistrate Judge Kim. ECF 181. Defendants object to the disclosure of documents previously ordered produced arguing that the deliberative process privilege and the law enforcement privilege protect the documents from disclosure. *Id.* at 1. In the alternative, Defendants request entry of a protective order permitting them to withhold or redact portions of irrelevant but sensitive documents. *Id.* Pursuant to the Court's order at ECF 171, Defendants have filed the withheld documents at issue under seal for the Court's *in camera* review. ECF 172. Defendants incorporate by reference their prior motions for relief from the Magistrate Judge's nondispositive orders and related briefing. ECF 181 at 1.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **DENIES** Defendants' motion for emergency relief from Magistrate Judge Kim.

I. **BACKGROUND**

Magistrate Judge Kim is familiar with the documents at issue here. She has ruled on them at least four times. On October 16, 2026, she ordered the disclosure of previously withheld documents after reviewing a representative sample of the documents Defendants claimed privilege

1   over. ECF 155. At Defendants' request, Judge Kim clarified this order on October 21, 2025.
2   ECF 158.
3         Defendants sought emergency relief from Judge Kim's order on October 21, 2025. ECF
4   159. On October 22, 2025, the Court ordered Defendants to file the documents sought to be
5   withheld under seal for further *in camera* review of the documents. ECF 160. On October 31,
6   2025, Judge Kim ruled on Defendants' further challenge based her *in camera* review of documents
7   provided to the Court. ECF 169.
8         On November 3, 2025, Defendants' again requested emergency relief from Judge Kim's
9   order arguing that some of the information ordered to be disclosed was protected by the
10  deliberative process privilege and law enforcement privilege despite Judge Kim's findings to the
11  contrary. ECF 170.
12        On the same day, the Court ordered Defendants to file the remaining withheld documents
13  under seal for another *in camera* review of the information. ECF 171. The review of these
14  documents was referred to Judge Kim on November 5, 2025. On November 6, 2025, Judge Kim
15  ruled on the full set of documents specifically at issue here. ECF 177.
16        On November 10, 2025, Defendants requested emergency relief for the third time arguing
17  that Judge Kim erred in ordering the disclosure of certain privileged and irrelevant information.
18  ECF 181.

19  **II.   LEGAL STANDARD**

20        Pursuant to 28 U.S.C. § 636, this Court reviews Judge Kim's discovery order for clear error
21  or a ruling contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate
22  a magistrate to hear and determine any pretrial matter pending before the court [with limited
23  exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that
24  the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P.
25  72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). In reviewing for clear
26  error, a district judge may not simply substitute his or her judgment for that of the magistrate
27  judge. *See id*. On review of a nondispositive order, "the magistrate's factual determinations are
28  reviewed for clear error," and the district court may only set aside those factual determinations if it

is left with a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "[T]he magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry*, 268 F.R.D. at 348.

## III.  DISCUSSION

In its motion, Defendants do not argue that Judge Kim committed error by applying the incorrect legal standard. Instead, Defendants argue that Judge Kim (1) erred in ordering the production of documents withheld under the deliberative process privilege which contained information unrelated to TPS and (2) erred in ordering the disclosure of sensitive intelligence information without conducting a privilege analysis. ECF 181 at 1. Defendants request that the Court find the withheld documents are protected from disclosure, or, alternatively, enter a protective order permitting Defendants to redact irrelevant portions or the documents. ECF 181 at 5.

### A.  Judge Kim's Deliberative Process Privilege Findings Are Affirmed

Defendants argue that Judge Kim applied a narrow interpretation of the deliberative process privilege and, in doing so, ordered the disclosure of privileged information which is irrelevant to the litigation. ECF 181 at 3.

Judge Kim, in reviewing a representative sample of documents Defendants seek to withhold under the deliberative process privilege—including some of the same documents at issue in the instant motion, explained the relevance of the documents to this litigation. ECF 155 at 3–4 ("Plaintiffs contend that Defendants provided one reason for the TPS designations but actually relied upon other invalid reasons for those decisions. To determine if Plaintiffs are correct, the decision-maker will need to examine Defendants' deliberative process."). Judge Kim also explained that the seriousness of the litigation weighed in favor of finding the evidence relevant. *Id.* at 4 (citing *North Pacifica LLC v. City of Pacifica*, 274 F.Supp.2d 1118, (N.D. Cal. 2003)). In her most recent order, Judge Kim made specific findings regarding which documents and the portions of specific documents which were not relevant to the TPS decisions. ECF 178 at 1–3.

3

1    The Court finds no error in Judge Kim's reasoning. Thus, Defendants' argument Judge
2 Kim erred because the documents sought to be disclosed are irrelevant is unavailing. With respect
3 to documents identified in the Deliberative Privilege Process section of Judge Kim's order at ECF
4 178, Judge Kim's order stands.

### B. Judge Kim's Law Enforcement Privilege Findings Are Affirmed

Defendants next argue that Judge Kim erred in ordering the disclosure of sensitive intelligence information without conducting a privilege analysis. ECF 181 at 1.

"The law enforcement privilege protects from disclosure information whose release would be contrary to the public interest in the effective functioning of law enforcement because disclosure would undermine the integrity of law enforcement techniques. *Doe 1 v. McAleenan*, No. 18-cv-02349, 2019 WL 4235344, at *2 (N.D. Cal. Sept. 6, 2019). A claim of law enforcement privilege must satisfy a "threshold showing" in which the party opposing disclosure must "submit a declaration or affidavit from a "responsible official with personal knowledge of the matters to be attested to in the affidavit." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* No. 16-cv-00236, 2018 WL 2441518, at *17 (N.D. Cal. May 31, 2018). If the party asserting the privilege "meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests." *Id.*

Here, Judge Kim acted in accordance with the procedures described above. She conducted an *in camera* review of the documents Defendants seek to withhold under the law enforcement privilege and made the following specific findings regarding the documents:

> 1. The names of the targeted organizations in the second bullet point under Priorities on NTPSA2_00001599-001, NTPSA2_00002554-002, and NTPSA2_00002962- 001;
>
> 2. The abbreviation of one of those organizations on NTPSA2_00001599-002 and NTPSA2_00002962-002;
>
> 3. The first full bullet point on NTPSA2_00001599-004 and NTPSA2_00002962-004 after "In March, April, May and June 2025, USCIS is providing"; and
>
> 4. The first full bullet point on NTPSA2_00002554-004 after "In May and June 2025, USCIS will provide"

4

ECF 178 at 3–4.  The Court finds no clear error in Judge Kim's findings. Accordingly, Judge Kim's findings as to Defendants' claim of law enforcement privilege are affirmed.

### C. Defendants' Request to Redact Irrelevant Portions of the Withheld Documents is Futile

Defendants finally request that, should the Court affirm Judge Kim's order, to enter a protective order precluding the disclosure of irrelevant information.  However, Defendants have not demonstrated that this request is grounded in reasons other than those offered in Defendants' request to withhold the documents which the Court rejected above.  Accordingly, the Court rejects Defendants' request that Court enter a protective order precluding the withheld from disclosure for the reasons provided above.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion for emergency relief from Judge Kim's order at ECF 178.

Defendants are **ORDERED** to produce the withheld documents in accordance with Judge Kim's order at ECF 178.

This order resolves ECF 181.

IT IS SO ORDERED.

Dated: November 13, 2025

TRINA L. THOMPSON
United States District Judge