BRETT A. SHUMATE
Assistant Attorney General
Civil Division
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
WILLIAM H. WEILAND
Acting Assistant Director
ERIC SNYDERMAN
LAUREN BRYANT
CATHERINE ROSS
JEFFREY HARTMAN
DANIEL CAPPELLETTI
SHELBY WADE
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br> v. <br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-5687 <br><br> **DEFENDANTS' RESPONSE TO QUESTIONS FOR THE HEARING (ECF NO. 182)** <br><br> Judge: Hon. Trina L. Thompson |

Defendants hereby provide their responses to the Court's Questions for the Hearing (ECF No. 182) in advance of the motions hearing scheduled for November 18, 2025.

## DEFENDANTS' MOTION TO DISMISS

**Defendants argue that "a court may look beyond the complaint to matters of public record without having to convert the motion to one for summary judgment." ECF 110 at 8 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Please cite case and statutory authority for your position and each your response to the questions listed below.**

**A. Under what circumstances may a court convert a motion to dismiss to a motion for summary judgment?**

The Court must "generally refrain from considering extrinsic evidence in deciding a motion to dismiss for failure to state a claim." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 n.5 (9th Cir. 2003). In ruling on a Rule 12(b)(6) motion, the court's consideration is ordinarily limited to "the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The court should only convert a motion to dismiss into a motion for summary judgment when either party submits materials *dehors* the pleadings in support of, or in opposition to, the motion, and when the court relies on those materials in consideration of the motion. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). Thus, the mere presence of additional filings outside the pleadings does not engender the automatic conversion from a motion to dismiss into a motion for summary judgment. It is only when the court relies upon the additional materials in determining the motion to dismiss that such motion may be converted into a motion for summary judgment. *See N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court correctly declined to convert a motion to dismiss into one for summary judgment, despite presence of affidavits, where the court did not appear to rely on the additional materials and where the court expressly stated that it was dismissing for failure to state a claim

upon which relief could be granted); *see also Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) ("12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials"). In this vein, where a court "acts to convert the [motion to dismiss] by indicating, preferably by an explicit ruling, that it will not exclude extraneous materials from its consideration," a motion to dismiss supplemented by materials outside the pleadings may be regarded as one for summary judgment. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

       **i.   Does the Court need to look to evidence beyond the pleadings to resolve Defendants' motion to dismiss?**

Defendants maintain that this Court lacks jurisdiction over Plaintiffs' claims. ECF No. 110 at 17-24. A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Mayer*, 373 F.3d 1035, 1038 (9th Cir. 2004). Here, the jurisdictional attack is facial because Defendants assert the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. *Id.* A court is only permitted to look beyond the complaint at affidavits or other extrinsic evidence when deciding *factual* challenges to jurisdiction under Rule 12(b)(1). *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

Notwithstanding, Defendants recognize this Court has found that it has jurisdiction over Plaintiffs' claims. ECF No. 73 at 14-20. Thus, should the Court proceed to the merits in order to resolve Defendants' motion to dismiss, the Court's consideration should be limited to materials necessarily implicated in the Complaint and information which is publicly available, in accordance with well-settled precedent. *See Warren*, 328 F.3d 1136 n.5; *see also Tellabs, Inc.*, 551 U.S. at 322 (in addition to the complaint, the "sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion to dismiss … [include] documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

DEFS.' RESPONSE TO QUESTIONS FOR THE HEARING (ECF NO. 182) – No. 3:25-cv-5687
2

Here, Plaintiffs' allegation that Secretary Noem's determinations for Honduras, Nepal, and Nicaragua were predetermined and not based on an objective review of country conditions is belied by the FRNs announcing the terminations, *see* ECF No. 110 at 26, which this Court should consider because they are incorporated into the Complaint and publicly available. *See, e.g.,* Compl. at 24 n. 20 (citing the "Honduras Termination Notice" and "Nicaragua Termination Notice"), 43 n. 90 (citing the FRN announcing the termination of the TPS designation for Nepal). *See Kanfer v. Parmacare US, Inc.* 142 F.Supp.3d 1091, 1099 (S.D. Cal. 2015) ("The contents of the Federal Register are noticeable as a matter of law") (citing 44 U.S.C. § 1507). Similarly, the FRNs published for each country, which outline positive improvements in the countries' conditions that informed the Secretary's decision for each country and explained why these countries were able to handle the return of their nationals, are relevant to Plaintiffs' constitutional claims of discriminatory animus. ECF No. 110 at 29.

Thus, to resolve Defendants' motion to dismiss, the Court need only look to extrinsic evidence on jurisdiction (if necessary to satisfy the Court's obligation to ensure it has jurisdiction before proceeding further), and anything incorporated by reference in the Complaint or publicly available to rule under Rule 12(b)(6).

> **a. Does the analysis of the question above change if the Court grants Plaintiffs' motion to consider extra-record evidence at ECF 153? Specifically, should the court convert the Motion to Dismiss to a Summary Judgment Motion and apply the standard pursuant to Federal Rules of Civil Procedure 56? If so, why? If not, why not?**

For the reasons set forth in Defendant's Opposition to Plaintiffs' Motion to Consider Extra-Record Evidence (ECF No. 156), this Court should disregard completely the extra-record evidence that Plaintiffs submitted. Even if the Court were to grant the motion, it should not consider the extra-record evidence when ruling on Defendant's Motion to Dismiss. However, should this Court grant Plaintiffs' Motion to

Consider Extra-Record Evidence and consider the extra-record evidence Plaintiffs "submitted in support of their Motion for Partial Summary Judgement," *in ruling on Defendants' Motion to Dismiss*, this Court must convert the Motion to Dismiss to a summary judgment motion and apply the standard pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) …, matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56") (emphasis added).

Dated: November 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

WILLIAM H. WEILAND
Acting Assistant Director

ERIC SNYDERMAN
CATHERINE ROSS
DANIEL CAPPELLETTI
JEFFREY HARTMAN
SHELBY WADE
LORI MACKENZIE
ILANA KRAMER
Trial Attorneys

 */s/ Lauren E. Bryant*
LAUREN E. BRYANT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0134
Lauren.e.bryant@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Lauren E. Bryant*
Lauren E. Bryant
Attorney for Defendants

DEFS.' RESPONSE TO QUESTIONS FOR THE HEARING (ECF NO. 182) – No. 3:25-cv-5687