UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL TPS ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Defendants. | Case No. 25-cv-05687-TLT <br><br> **ORDER ON STIPULATION, MOTION TO CONSIDER EXTRA-RECORD EVIDENCE, AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 141, 153, 162 |

Having considered Plaintiffs' request and any response thereto, and in light of the reasons and findings set forth in Magistrate Judge Kim's order determining that extra-record discovery is warranted for Plaintiffs' Administrative Procedure Act and Equal Protection claims, see Docket No. 97 (order), the Court finds good cause and GRANTS Plaintiffs' request. ECF 141, 153.

**I.     STIPULATION REGARDING LATE PRODUCED DOCUMENTS**

During the hearing, Plaintiffs were allowed to introduce and rely on any documents produced by Defendants after the filing of this stipulation in connection with Plaintiffs' Reply to the Defendants' Motion for Summary Judgment filed October 14, 2025. ECF 142, 167.

The Court determined that this stipulation did not waive any objection by Defendants to the Court's consideration of extra-record evidence.

The Court further ordered the Plaintiffs to file a revised exhibit index outlining the passage or description of the content relevant to Plaintiffs' Motion for Partial Summary. ECF 189. As such, this will be taken into consideration while the matter is under submission.

//

//

## II. ADMINISTRATIVE MOTION TO CONSIDER EXTRA-RECORD EVIDENCE

Plaintiffs request that the Court consider three categories of evidence which cannot be found in the administrative record. ECF 153. This evidence includes; (1) public statements of Secretary Noem, President Trump, and the Department of Homeland Security that reveal a motivation for the Secretary's decisions which did not match the agency's stated rationales; (2) documents regarding decision-making for the challenged agency actions, and other TPS terminations during this administration; and (3) documents and explanatory testimony related to other TPS decisions prior to the current administration that demonstrate the agency's longstanding practices. ECF 153 at 2. Plaintiffs contend, it is appropriate to consider evidence outside the administrative record because (1) they have made a showing of bad faith on the part of DHS/Secretary Noem and (2) such evidence is necessary to determine whether DHS or the Secretary considered all relevant factors and explained the TPS decisions. ECF 153 at 1. Defendants argue that (1) Defendants' statements are irrelevant to the Secretary's TPS determinations. ECF 156 at 3.

An APA claim is usually adjudicated based on the administrative record. *See Cty. of Amador v. United States DOI*, 872 F.3d 1012, 1020 (9th Cir. 2017) ("'In general, a court reviewing agency action under the APA must limit its review to the administrative record.'"). However, under "narrow exceptions," "district courts are permitted to admit extra-record evidence." *See Lands Council*, 395 F.3d at 1029-30. Those exceptions include: (1) "if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Id.*

The "bad faith" exception is founded on the principle that, "when the agency has been dishonest, further judicial scrutiny is justified and, in fact, necessary to effectuate judicial review." *In re U.S. Dep't of Educ.*, 25 F.4th at 703. The Supreme Court held in *Dep't of Com.* that requisite bad faith is established where the "explanation for agency action . . . is incongruent with what the record reveals about the agency's priorities and decisionmaking process"—that is, if the rationale

2

for the agency's action "seems to have been contrived." 588 U.S. at 784–85. The Court may then "consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis," and therefore assess "whether the agency complied with the APA's requirement that the agency's decision be neither arbitrary nor capricious." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

Magistrate Judge Kim found that this case "falls within the 'bad faith' exception" for permitting extra-record discovery for APA claims. ECF 97 at 3. Plaintiffs' claims that the Secretary terminated TPS for Nepal, Honduras, and Nicaragua based on a preordained decision to limit TPS requires the Court to examine evidence which shows that the "explanation for agency action" is "incongruent with what the record reveals about the agency's priorities and decisionmaking process." *Dep't of Com.*, 588 U.S. at 784–85. Such evidence will not be found in the administrative record, but requires an examination of public statements, communications outside of the record which reveal the Secretary's or her staff's alternative goals, and documents and testimony related to other TPS decisions that reveal a broader agenda than that offered in the administrative record. Extra-record evidence in this case is necessary to "identify and plug holes in the administrative record," which might reveal "whether the agency has considered all relevant factors and has explained its decision" truthfully. *Lands Council*, 395 F.3d at 1030. Plaintiffs provide a list of thirty-six exhibits that they request the Court consider. ECF 191. Each of these exhibits are relevant to the Court's inquiry regarding Plaintiffs' APA claims and are therefore admissible in support of Plaintiffs' motion for partial summary judgement.

Accordingly, the Court will consider the extra-record evidence submitted by Plaintiffs in support of their Motion for Partial Summary Judgment.

### III. ADMINISTRATIVE MOTION TO FILE UNDER SEAL

On October 22, 2025, the Court ordered Defendants to file a series of documents of which Defendants challenged the disclosure. ECF 160. The Court's order on October 22, 2025, affirmed the Magistrate Judge's order requiring disclosure of the withheld documents. *Id.* On the same day, Defendants filed the documents under seal for the Magistrate Judge's *in camera* review of the challenged documents. ECF 162. On October 28, 2025, the Court affirmed that the documents

1  were under seal for the Magistrate Court's review.  ECF 165.  The text order issued on October

2  28, 2025, resolved Defendants administrative motion to file under seal at ECF 162.

3      This order resolves ECF 141, 153, and 162.

4      IT IS SO ORDERED.

5  Dated: November 24, 2025

                                          TRINA L. THOMPSON
                                          United States District Judge