Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, SANDHYA LAMA, TEOFILO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 3:25-cv-05687-TLT<br><br>**PLAINTIFFS' NOTICE OF MOTION AND EMERGENCY MOTION FOR COMPLIANCE**<br><br>Assigned to: Hon. Trina L. Thompson<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9<br><br>Complaint Filed: July 7, 2025 |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (Admitted *Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Eva L. Bitrán (SBN 302081)
ebitran@aclusocal.org
Diana Sánchez
dianasanchez@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (Admitted *Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# NOTICE OF MOTION

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on January 27, 2026 or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for Compliance with this Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment (Dkt. 197). This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the supporting declarations and evidence filed concurrently herewith; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Date:   January 21, 2026

Respectfully submitted,

NATIONAL DAY LABORER ORGANIZING NETWORK

 */s/ Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong
(Admitted *Pro Hac Vice*)

Ahilan T. Arulanantham
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW

Eva L. Bitrán
Diana Sánchez
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Erik Crew (Admitted *Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................................. 1

BACKGROUND .................................................................................................................................... 1

ARGUMENT ......................................................................................................................................... 4

    A.    TPS for Honduras, Nicaragua, and Nepal Remains in Effect Pursuant to this Court's December 31 Order ............................................................................................................. 4

    B.    Defendants Have an Obligation to Accurately Reflect this Court's Order on Official Government Websites ........................................................................................................ 5

    C.    Defendants' Failure is Causing Serious, Ongoing Harm ................................................... 7

CONCLUSION ...................................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Crystal Palace Gambling Hall, Inc.*,
    817 F.2d 1361 (9th Cir. 1987) ..........................................................................................6

*Ctr. for Food Safety v. Vilsack*,
    734 F. Supp. 2d 948 (N.D. Cal. 2010) ..............................................................................6

*Haitian Evangelical Clergy Ass'n v. Trump*,
    No. 25-cv-1464, Dkt. 63 (E.D.N.Y. July 1, 2024) ............................................................6

*National TPS Alliance et al. v. Noem et al.*,
    No. 25-cv-05687-TLT (N.D. Cal.) .....................................................................................2

*NTPSA v. Noem*,
    Case No. 3:25-cv-01766-EMC (N.D. Cal. Sept. 11, 2025), Dkt. 304 ...........................1, 5

*Oceana, Inc. v. Ross*,
    359 F. Supp. 3d 821 (N.D. Cal. 2019) ..............................................................................6

*Shillitani v. United States*,
    384 U.S. 364 (1966) ..........................................................................................................6

**Statutes**

8 U.S.C. § 1254 ............................................................................................................... 3, 4

**Other Authorities**

88 Fed. Reg. 40,294 (June 21, 2023) .....................................................................................4

88 Fed. Reg. 40,304 (June 21, 2023) .....................................................................................4

88 Fed. Reg. 40,317 (June 21, 2023) ................................................................................. 4, 5

90 Fed. Reg. 30089 (July 8, 2025) .........................................................................................2

E-Verify, Update: Compliance with District Court Order Regarding Designation of
    TPS Haiti, at https://www.e-verify.gov/about-e-verify/whats-
    new/updatecompliance-with-district-court-order-regarding-designation-of-tps ...........6

USCIS, *DHS Complies with District Court-Issued Stay to Postpone the Termination
    of TPS for Nepal, Honduras and Nicaragua*, at
    https://www.uscis.gov/save/current-user-agencies/news-alerts/dhs-complies-with-
    district-court-issued-stay-to-postpone-the-termination-of-tps-for-nepal-honduras .......5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On December 31, 2025, this Court held that the terminations of TPS for Honduras, Nicaragua, and Nepal violated the Administrative Procedure Act. The Court declared the terminations unlawful and set them aside. Defendants' official websites, however, fail to accurately reflect this Court's order. Instead, they indicate—wrongly—that TPS for Honduras, Nicaragua, and Nepal is no longer in effect. This misinformation has resulted in TPS holders being denied employment and unlawfully detained. Despite repeated requests from Plaintiffs, Defendants have failed to correct the problem.

In this and other TPS cases, Defendants have previously recognized their obligation to ensure official government websites—on which employers, state and local agencies, and others rely for accurate, up-to-date information about TPS—accurately reflect court orders. Indeed, as another court in this district recognized in a different TPS case, unless Defendants' websites "accurately reflect[]" court orders, a court's "judgment setting aside the Secretary's action will be meaningless." Order Granting Pls.' Mot. for Compl., *NTPSA v. Noem*, Case No. 3:25-cv-01766-EMC (N.D. Cal. Sept. 11, 2025) ("*NTPSA (Venezuela)*"), Dkt. 304 at 3–4.

To ensure that this Court's December 31, 2025 order is not rendered "meaningless" and to remedy ongoing serious harm to Honduras, Nicaraguan, and Nepali TPS holders, Plaintiffs respectfully request that this Court order Defendants to: (1) revise USCIS's TPS webpages for Honduras, Nicaragua, and Nepal to state that TPS remains in effect until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order; and (2) update USCIS's SAVE and E-Verify webpages and associated databases to state that TPS protections for people from Honduras, Nicaragua, and Nepal remain in effect, and that employment authorization documents for TPS holders from Honduras, Nicaragua, and Nepal remain valid until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order.

## BACKGROUND

On December 31, 2025, this Court granted Partial Summary Judgment for Plaintiffs. Dkt. 197. The Court's order "declares . . . unlawful" and "vacates" the termination of TPS for Honduras,

1

1  Nicaragua, and Nepal. *Id.* at 51.

2      The next day, January 1, Plaintiffs' counsel emailed Defendants' counsel to request they

3  confirm USCIS's websites would be updated to reflect this Court's order by affirming that the

4  employment authorization documents and TPS status of TPS holders from these three countries

5  remain valid. Declaration of Jessica Bansal in Support of Plaintiffs' Motion for Compliance ("Bansal

6  Decl. ISO Compliance") ¶ 2.

7      On the morning of January 6, Defendants revised the USCIS TPS webpages in some

8  respects. *Id*. ¶ 3. The updated USCIS TPS webpages for Honduras, Nicaragua, and Nepal include

9  versions of the following "Alert":

> **ALERT**: After reviewing country conditions and consulting with the appropriate U.S. government agencies, Secretary of Homeland Security Kristi Noem determined that Honduras no longer met the conditions for its designation for Temporary Protected Status (TPS). *See* Termination of the Designation of Honduras for Temporary Protected Status, 90 Fed. Reg 30089 (July 8, 2025). Honduras's TPS designation and related benefits terminated on Sept. 8, 2025. However, on Dec. 31, 2025, a single judge in the U.S. Northern District of California issued an order vacating the Secretary's TPS termination decision. *National TPS Alliance et al. v. Noem et al.*, No. 25-cv-05687-TLT (N.D. Cal.). The judge did so even though the Department of Homeland Security recently prevailed twice in the U.S. Supreme Court in a similar case. The Department of Homeland Security vehemently disagrees with this order and is working with Department of Justice to determine next steps.

16  *See* Declaration of Jessica Bansal in Support of Plaintiffs' Motion for Shortened Time (Bansal Dec.

17  ISO Shortened Time), Exs. A–C, filed concurrently herewith.  A chart below the Alert states that

18  "[t]he validity of Employment Authorization Documents (EADs)" issued to TPS holders "is

19  extended per court order. *National TPS Alliance et al. v. Noem et al.*, No. 25-cv-05687-TLT (N.D.

20  Cal.)." *See id.*

21      However, subsequent language in the same chart indicates that the TPS designations for

22  Honduras, Nicaragua, and Nepal are no longer in effect. As to Honduras and Nicaragua, the chart

23  states: "TPS Continues Through: Sept. 8, 2025." *Id.* Exs. A–B. As to Nepal, the chart states: "TPS

24  Continues Through: Aug. 20, 2025." *Id.* Ex. C. USCIS's TPS webpages contain no recognition that

25  these dates have been extended as a result of this Court's December 31 order, or that the TPS

26  designations for these countries remain in effect.

27      Further, Defendants have not acknowledged this Court's order or updated the information

28  about TPS for Honduras, Nicaragua, and Nepal on USCIS's SAVE or E-Verify webpages, which

employers and state and local agencies rely on for accurate, up-to-date information about TPS. *Id.* Exs. D–F.

The National TPS Alliance and Plaintiffs' counsel have received reports of dozens of TPS holders who have been refused employment, denied drivers' licenses, or unlawfully detained as a result of the incomplete and inaccurate information on Defendants' webpages, including after Defendants updated the USCIS TPS webpages on January 6. *See* Declaration of Jose Palma ¶¶ 3–6; Bansal Decl. ISO Compliance ¶¶ 4, 8, 9. *See also* Section C, *infra*. In connection with the case of one detained Nepali TPS holder, Plaintiffs' counsel emailed the local Assistant U.S. Attorneys to explain that his TPS remains valid due to this Court's December 31, 2025 order, so his detention is unlawful. Bansal Decl. ISO Compliance ¶ 8; 8 U.S.C. § 1254(d)(4) ("An alien provided temporary protected status under this section shall not be detained by the [Secretary] on the basis of the alien's immigration status in the United States."). They responded that it was their understanding that his TPS had been terminated. Although Plaintiffs' counsel provided them with a link to USCIS's TPS Nepal webpage after it was updated on January 6, the TPS holder remained in immigration detention for 15 more days—separated from his U.S. citizen wife and young U.S. citizen children—and was released only today, January 21, after he filed a habeas petition seeking release. On January 20, Plaintiffs' counsel also contacted local Assistant U.S. Attorneys regarding the detention of a Honduran TPS holder, and were told that the attorney could not confirm the TPS holder would not be removed absent confirmation of his status from ICE. Bansal Decl. ISO Compliance ¶ 9.

On January 13, 2026, Plaintiffs' counsel emailed Defendants' counsel to inform them of these issues. *Id.* ¶ 4. Plaintiffs asked that Defendants take two specific steps to resolve the problem: (1) revise USCIS's TPS webpages to state that TPS for Honduras, Nicaragua, and Nepal remains in effect pursuant to this Court's December 31 order and (2) update the SAVE and E-Verify webpages to state that TPS and employment authorization documents for TPS holders from Honduras, Nicaragua, and Nepal remain valid. *See* Bansal Dec. ISO Shortened Time, Ex. F. Despite repeated follow-up emails from Plaintiffs' counsel between January 13 and 20, 2026, Defendants have responded only that they are "notify[ing]" and "check[ing]" with DHS. *Id.* The parties each referenced this issue in their Joint Case Management Statement, filed on January 15, with Defendants asserting that they

were "discussing … updates to the E-Verify and SAVE database" to respond to Plaintiffs' concerns. Dkt. 205 at 11–12. As of this filing, Defendants have taken no action to resolve the lack of compliance with this Court's December 31 order.

## ARGUMENT

### A. TPS for Honduras, Nicaragua, and Nepal Remains in Effect Pursuant to this Court's December 31 Order

There should be no dispute that TPS protections for people from Honduras, Nicaragua, and Nepal remain in effect pursuant to this Court's order. Indeed, that is the basis for the government's request for an "emergency" stay presently pending before both this Court and the Ninth Circuit. Nonetheless, the USCIS TPS webpages for Honduras, Nicaragua, and Nepal inaccurately state that TPS ended on September 8, 2025 for Honduras and Nicaragua and August 20, 2025 for Nepal. *See supra*, Background. Those dates are based on the termination decisions that have been set aside by the district court as unlawful.

Instead, pursuant to this Court's December 31 order, the website should state that TPS protections remain in place until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal) absent further court order. That is so because this Court has vacated the TPS termination decisions for Honduras, Nicaragua, and Nepal. Dkt. 197 at 51. Accordingly, there are no standing TPS terminations for those countries. Under the TPS statute, absent a termination decision, a country's TPS designation "is extended" for a period of six months. 8 U.S.C. § 1254a(b)(3)(C). During both the first Trump administration and the Biden administration, DHS specifically recognized that TPS designations must be treated as auto-extended for six months during the period where court orders prevent them from taking effect. *See, e.g.*, 88 Fed. Reg. 40,317 at 40,321 (June 21, 2023) (explaining that, "absent any standing secretarial" decision to terminate TPS for Nepal, its TPS designation was automatically extended in six-month increments).[1] Pursuant to Section 1254a(b)(3)(C) and this Court's December 31 order vacating the terminations of TPS for Honduras, Nicaragua and Nepal, two six-month auto-extensions were triggered for Honduras and Nicaragua, running from July 5,

---

[1] *See also* 88 Fed. Reg. 40,304, 40,308–09 (June 21, 2023) (same, as to Honduras); 88 Fed. Reg. 40,294, 40,298–99 (June 21, 2023) (same, as to Nicaragua).

2025 to January 5, 2026 and January 5, 2026 to July 5, 2026. Similarly, two six-month extensions were triggered for Nepal running from June 24, 2025 to December 24, 2025 and December 24, 2025 to June 24, 2026. Should any future Court order reinstate the now-vacated termination decisions, of course the terminations would once again take effect pursuant to that order at such time as the order provides. But for now, "absent any standing secretarial" termination, the statute clearly provides for six-month auto-extensions.[2] *See* 88 Fed. Reg. 40,317 at 40,321.

### B. Defendants Have an Obligation to Accurately Reflect this Court's Order on Official Government Websites

Because TPS protections for Honduras, Nicaragua, and Nepal are currently in effect pursuant to this Court's order, Defendants have an obligation to accurately reflect that fact on government websites which Defendants have not fully done. Defendants have previously recognized their obligation to ensure official government websites accurately reflect court orders, including USCIS's TPS webpages, SAVE webpage, and E-Verify webpage—on which employers, state and local agencies, and others rely for accurate, up-to-date information about TPS. For example, in this case, after this Court postponed the effective date of termination of TPS for Honduras, Nicaragua, and Nepal, Defendants updated USCIS's TPS webpages and its SAVE webpages to reflect that the TPS designations of those countries remained in effect. *See, e.g.,* USCIS, *DHS Complies with District Court-Issued Stay to Postpone the Termination of TPS for Nepal, Honduras and Nicaragua*, at https://www.uscis.gov/save/current-user-agencies/news-alerts/dhs-complies-with-district-court-issued-stay-to-postpone-the-termination-of-tps-for-nepal-honduras.

As another example, on May 30, 2025, another district court in this district postponed in part the vacatur of Venezuela's TPS designation. *NTPSA (Venezuela)*, Dkt. 162. Defendants then partially updated their website, reflecting the ongoing validity of some categories of TPS-related documentation but not others, leading Plaintiffs to challenge Defendants' noncompliance. *NTPSA (Venezuela)*, Dkt. 200. Subsequently, prior to the Court issuing any order, Defendants updated their

---

[2] Defendants have offered no alternate interpretation of the statute, nor any alternate potential language for USCIS's website to address Plaintiffs' concerns. Defendants are of course free to adopt language other than what Plaintiffs have proposed, provided that it ensures that TPS holders maintain their work authorization, protection from detention and deportation, and other TPS benefits as required by this Court's December 31 order.

5

1  website to comply fully. *Id.* Dkt. 213 at 1 ("[T]he USCIS website now accurately reflects the
2  categories of TPS-related documentation that remain valid under this Court's May 30, 2025 order").
3  Similarly, after a judge in the Eastern District of New York set aside Secretary Noem's partial
4  vacatur of Haiti's TPS, Defendants updated USCIS's TPS webpages and E-Verify webpage to
5  accurately reflect that TPS for Haiti remained in effect and EADs for Haitian TPS holders remained
6  valid. *Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464, Dkt. 63 (E.D.N.Y. July 1, 2024)
7  ("HECA"). The government specifically affirmed that they understood the need to update the USCIS
8  website to comply with the court order. *Id.,* Dkt. 67 at 1 (E.D.N.Y. July 18, 2025) (government
9  affirmed that they "posted, and then edited, public notice of [the] Court's final judgment on the U.S.
10 Citizenship and Immigration Services (USCIS) website" and that "[t]he notice reflects that the
11 Department of Homeland Security intends to comply fully with the Court's final judgment"). *See*
12 *also* E-Verify, Update: Compliance with District Court Order Regarding Designation of TPS Haiti,
13 at https://www.e-verify.gov/about-e-verify/whats-new/updatecompliance-with-district-court-order-
14 regarding-designation-of-tps.

15     Defendants have offered no reason why they are not obligated to make similar updates in this
16 case. They have simply failed to do so. This Court unquestionably has authority to remedy the harm
17 caused by Defendants' failure to accurately reflect this Court's order on official government
18 websites. *See, e.g., Shillitani v. United States*, 384 U.S. 364, 370 (1966) (discussing courts' "inherent
19 power to enforce compliance with their lawful orders"); *Ctr. for Food Safety v. Vilsack*, 734 F. Supp.
20 2d 948, 955 (N.D. Cal. 2010) (the court's vacatur "[o]rder is without prejudice to Plaintiffs seeking
21 further redress if, after the deregulation decision is vacated, Plaintiffs can demonstrate that
22 Defendant-Intervenors or other third parties have in fact violated the vacatur"); *Oceana, Inc. v. Ross*,
23 359 F. Supp. 3d 821, 829 (N.D. Cal. 2019) (granting motion to enforce judgment in APA case and
24 requiring defendants to disclose steps taken to comply with court order). The fact that the
25 Defendants are seeking a stay of this Court's order and have filed a notice of appeal does not absolve
26 them of the responsibility to comply with that order. *See In re Crystal Palace Gambling Hall, Inc.*,
27 817 F.2d 1361, 1365 (9th Cir. 1987) ("Absent a stay, all orders and judgments of courts must be
28 complied with promptly") (citation and quotation marks omitted).

### C. Defendants' Failure is Causing Serious, Ongoing Harm

Defendants' failure to accurately reflect this Court's orders on official government websites and databases is causing widespread, serious harm. For example, on January 7, a 55-year-old Honduran TPS holder, construction worker, and father of four U.S. citizens, was detained in Louisiana following a traffic stop and is now being held in immigration detention. *See* Declaration of J.L., ¶¶ 1–3. His detention has been devastating for his family, especially his 13-year-old son who is very close to his father and is now afraid to sleep alone at night or drive past police cars. *Id.* ¶ 5.

As another example, on January 13, Nepali TPS holder V.T. was denied the opportunity to return to her job as product owner for a technology company. Declaration of V.T. ¶¶ 2–6. V.T. was placed on administrative leave after Nepal's TPS termination went into effect in August. Her employer informed her that she could return to work if TPS were restored. When V.T. heard about this Court's December 31 order, she "felt so relieved" because she "believed that it meant [she] could again legally work." *Id.* ¶ 5. She emailed her employer's I-9 team, but they informed her that she could not return because her TPS status had not been "officially authorized by the government." *Id.* ¶ 6.

The problems are not isolated incidents. The National TPS Alliance has received reports from dozens of TPS holders who have been unable to return to their jobs and hundreds who have been unable to renew their licenses due to incomplete and inaccurate information provided by Defendants. Declaration of Jose Palma ¶¶ 3–6.

### CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion and order Defendants, within one business day of this Court's order, to ensure their websites accurately reflect this Court's orders by: (1) revising USCIS's TPS webpages to state that TPS for Honduras, Nicaragua, and Nepal remains in effect until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order, and (2) updating USCIS's SAVE and E-Verify webpages and associated databases to state that TPS and employment authorization documents for TPS holders from Honduras, Nicaragua, and Nepal remain valid until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order.

| | |
|---|---|
| Date: January 21, 2026 | Respectfully submitted,<br><br>NATIONAL DAY LABORER<br>ORGANIZING NETWORK<br><br> /s/ *Jessica Karp Bansal*  <br>Jessica Karp Bansal<br>Lauren Michel Wilfong<br>(Admitted *Pro Hac Vice*)<br><br>Ahilan T. Arulanantham<br>CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW<br><br>Eva L. Bitrán<br>Diana Sánchez<br>ACLU FOUNDATION<br>OF SOUTHERN CALIFORNIA<br><br>Emilou MacLean<br>Michelle (Minju) Y. Cho<br>Amanda Young<br>ACLU FOUNDATION<br>OF NORTHERN CALIFORNIA<br><br>Erik Crew (Admitted *Pro Hac Vice*)<br>HAITIAN BRIDGE ALLIANCE<br><br>Attorneys for Plaintiffs |

1  **CERTIFICATE OF SERVICE**

2  I hereby certify that on January 21, 2026, I caused the foregoing to be electronically filed with

3  the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF)

4  to all counsel of record.

NATIONAL DAY LABORER
ORGANIZING NETWORK

 /s/ *Jessica Karp Bansal*
Jessica Karp Bansal