1  BRETT SHUMATE
   Assistant Attorney General
2  YAAKOV M. ROTH
   Deputy Assistant Attorney General
3  Civil Division
4  RUTH ANN MUELLER
   Senior Litigation Counsel
5  ERIC SNYDERMAN
   ILANA KRAMER
6  SHELBY WADE
7  LAUREN BRYANT
   CATHERINE ROSS
8  JEFFREY HARTMAN
   DANIEL CAPPELLETTI
9  RACHEL BERMAN-VAPORIS
   Trial Attorneys
10 U.S. Department of Justice, Civil Division
   Office of Immigration Litigation
11 General Litigation and Appeals Section
12 P.O. Box 868, Ben Franklin Station
   Washington, DC 20044
13 Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-5687 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR SHORTENING TIME AND SETTING BRIEFING SCHEDULE RE: PLAINTIFFS' MOTION FOR COMPLIANCE WITH COURT ORDER** |

| | |
|---|---|
| Dated: January 26, 2026 | Respectfully submitted, |
| | BRETT SHUMATE<br>Assistant Attorney General |
| | YAAKOV M. ROTH<br>Deputy Assistant Attorney General<br>Civil Division |
| | RUTH ANN MUELLER<br>Senior Litigation Counsel |
| | ERIC SNYDERMAN<br>SHELBY WADE<br>LAUREN BRYANT<br>DANIEL CAPPELLETTI<br>ILANA KRAMER<br>CATHERINE ROSS<br>RACHEL BERMAN-VAPORIS<br>JEFFREY HARTMAN<br>Trial Attorneys |
| | */s/Catherine Ross*<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7082<br>Catherine.ross@usdoj.gov |
| | *Attorneys for the Defendants* |

DEFS.' OPPOSITION TO PLS.' ADMIN. MOT. FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
3:25-cv-05687

**INTRODUCTION**

Defendants, Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs National TPS Alliance, et al.'s ("NTPSA") Administrative Motion for Order Shortening Time and Setting Schedule. *See* ECF No. 208. First, Plaintiffs have failed to demonstrate that good cause exists to shorten time and accelerate the briefing schedule. As Plaintiffs set forth in their motion, on December 31, 2025, this Court declared Secretary Noem's terminations of the TPS designations for Nepal, Honduras and Nicaragua as unlawful under the Administrative Procedure Act (APA) and vacated these decisions. ECF No. 208 at 3; *see also* ECF No. 197 ("Order"). In full compliance with the Court's order, on January 6, 2025, Defendants updated the main U.S. Citizenship and Immigration Services ("USCIS") webpages for the Nepal, Honduras, and Nicaragua TPS designations to reflect that the terminations have been vacated and that the validity of Employment Authorization Documents (EADs) issued under the TPS designation of the relevant countries with certain expiration dates are extended per court order. Thus, Plaintiffs have not shown that good cause exists to expeditiously consider their Motion for Compliance beyond the proposed schedule set by the court. Second, the briefing schedule proposed by Plaintiffs is not feasible under the circumstances and is unduly prejudicial to the Defendants. For the reasons below, Plaintiffs' Administrative Motion for Order Shortening Time and Setting Schedule, ECF No. 208, should be denied.

**ARGUMENT**

**I.     PLAINTIFFS HAVE NOT MET THEIR BURDEN FOR DEMONSTRATING THAT "GOOD CAUSE EXISTS" FOR SHORTENING THE BRIEFING SCHEDULE.**

Plaintiffs have not shown that good cause exists to warrant an accelerated briefing schedule beyond the scheduling order issued by this Court. Indeed, Plaintiffs' argument rests on their belief that Defendants have not updated USCIS' TPS webpages for Nepal, Honduras, and Nicaragua in compliance with this Court's Order, resulting in "irreparable harm." ECF No. 208. Fatal to Plaintiffs' argument, however, is that Defendants have complied with the Order by acknowledging on the TPS webpages for Nepal,

Honduras, and Nicaragua that the termination decisions have been vacated, and that Employment Authorization Documents (EADs) issued under these designations remain valid pending further litigation.[1] Defendants have also been in frequent contact with Plaintiffs since this Court's order regarding any individuals with TPS status under these designations that may have been detained and are working to process those individuals for release. Thus, Plaintiffs' allegations of urgency to justify the abbreviated schedule fall flat. *See Belina K. v. Baldovmos*, No. C 10–02507 PSG, 2011 WL 335315 at *2 (N.D. Cal. Feb. 1, 2011) ("An order shortening time on a motion necessarily delays resolution of other matters pending before the Court. Because such an order is effectively a request to jump the line, good cause is required."). As Plaintiffs have failed to establish that good cause exists for shortening the briefing schedule, their motion should be denied.

## II. PLAINTIFFS' PROPOSED BRIEFING SCHEDULE IS UNDULY PREJUDICIAL TO DEFENDANTS

Plaintiffs' motion to shorten time should also be denied because the expedited response deadlines of the current proposed briefing schedule are unduly prejudicial to Defendants. Plaintiffs' proposed schedule provides Defendants *one* day to respond to Plaintiffs' motion to shorten time and at most four days to respond to Plaintiffs' motion for compliance. ECF No. 208 at 3-4. This schedule, whose clock started ticking before the Court has even set its briefing schedule, unjustifiably prejudices Defendants for multiple reasons and should be denied. *See City of Richmond v. Trump*, Case No. 17-cv-01535-WHO, 2017 WL 3605216 *1 (N.D. Cal. Aug. 21, 2017) (denying motion to shorten time and concluding that "it would be unduly prejudicial to the government, which would have only five days to respond to [Plaintiffs'] motion."); *see Dairy, LLC v. Milk Movement, Inc.*, No. 2:21-cv-02233 WBS AC, 2022 WL 378838 *3

---

[1] See https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-honduras (Last visited Jan. 26, 2026); https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-nepal (Last visited Jan. 26, 2026); and https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-nicaragua (Last visited Jan. 26, 2026)

DEFS.' OPPOSITION TO PLS.' ADMIN. MOT. FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
No. 3:25-cv-5687
2

(E.D. Cal. Feb. 8, 2022) ("The Court is persuaded that it would be unduly burdensome on defendants to force preparation for such a deposition on the proposed shortened timeframe").

First, prior to the Case Management Conference, this Court proposed tentative briefing schedule to address the issues in this case, including a schedule for pretrial conference, bench trial, and briefing for non-dispositive motions. This schedule was set in consideration of the Court's busy calendar and was based upon the representations the parties made in their joint case management statements and during the case management hearing. ECF No. 205. Plaintiffs have not sufficiently set forth reasons warranting a deviation from this proposed schedule, particularly where it already follows expedited briefing of non-dispositive motions under Local Rule 6.4(b), and where Defendants have cooperated with Plaintiffs to ensure full compliance with this Court's Order.

Second, granting Plaintiffs' administrative motion for order shortening time and setting schedule would be unduly prejudicial to Defendants as they would be placed on an imminent, unreasonable deadline to respond to Plaintiffs' motion that, if Plaintiffs have their way, will alter this Court's judgment and result in a micromanaging of the specific language used on government websites. The Court should instead order a briefing schedule no faster than the schedule proposed in the Court's tentative scheduling order discussed at the last status conference.

For these reasons, Defendants request that the Court deny Plaintiffs' Administrative Motion for Order Shortening Time and Setting Schedule. ECF No. 208.

Dated: January 26, 2026

                                              Respectfully Submitted,

                                              BRETT SHUMATE
                                              Assistant Attorney General

                                              YAAKOV M. ROTH
                                              Principal Deputy Assistant Attorney General

                                              RUTH ANN MUELLER
                                              Senior Litigation Counsel

|   |   |
|---|---|
| 1 | LAUREN BRYANT |
| 2 | CATHERINE ROSS |
|   | ERIC SNYDERMAN |
| 3 | JEFFREY HARTMAN |
|   | SHLEBY WADE |
| 4 | DANIEL CAPPELLETTI |
|   | ILANA KRAMER |
| 5 | RACHEL BERMAN-VAPORIS |
|   | Trial Attorneys |

*s/Catherine Ross*
CATHERINE ROSS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044

*Counsel for Defendants*

DEFS.' OPPOSITION TO PLS.' ADMIN. MOT. FOR ORDER SHORTENING TIME AND SETTING SCHEDULE
No. 3:25-cv-5687
4