BRETT SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Deputy Assistant Attorney General
Civil Division
RUTH ANN MUELLER
Senior Litigation Counsel
ERIC SNYDERMAN
ILANA KRAMER
SHELBY WADE
LAUREN BRYANT
CATHERINE ROSS
JEFFREY HARTMAN
DANIEL CAPPELLETTI
RACHEL BERMAN-VAPORIS
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, *et al.*,<br><br>                Plaintiffs,<br><br>     v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>                Defendants. | Case No. 3:25-cv-5687<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR COMPLIANCE WITH COURT ORDER** |

Dated: February 4, 2026          Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Deputy Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel


ERIC SNYDERMAN
SHELBY WADE
LAUREN BRYANT
DANIEL CAPPELLETTI
ILANA KRAMER
CATHERINE ROSS
RACHEL BERMAN-VAPORIS
JEFFREY HARTMAN
Trial Attorneys

*/s/Catherine Ross*
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7082
Catherine.ross@usdoj.gov

*Attorneys for the Defendants*

## INTRODUCTION

The Court should deny Plaintiffs' improper request to order Defendants to modify the contents of their websites in accordance with Plaintiffs' preferred language. Plaintiffs' Motion for Compliance with the Court's December 31, 2025, Order (the "Mot."). ECF No. 207. Notwithstanding Plaintiffs' equivocation that Defendants have "revised the USCIS TPS webpages in some respects[,]" Mot. 2, yet have "not acknowledged this Court's order[,]" *id.*, Defendants are in full compliance with the December 31, 2025 order, and the Motion should be denied because the relief sought micromanages and exceeds the scope of that order.

## RELEVANT STATEMENT OF FACTS

On December 31, 2025, this Court granted Plaintiffs' motion for partial summary judgment on three of the claims raised under the Administrative Procedure Act ("APA") and temporarily stayed the remaining six claims for continued litigation. ECF No. 197. Specifically, the Court declared that:

"[T]he termination of TPS for Nepal on June 6, 2025, and Honduras and Nicaragua on July 7, 2025, were unlawful under the APA. Moreover, the Court vacates the Secretary's termination decisions with respect to Honduras, Nepal, and Nicaragua."  ECF No. 197 at 51.

After the Court issued its Order, Defendants updated the government websites for Nepal, Honduras and Nicaragua with the following alert:[1]

> The validity of Employment Authorization Documents (EADs) issued under the TPS designation of Nepal with an original expiration date of June 24, 2018, June 24, 2019, March 24, 2020, Jan. 4, 2021, Oct. 4, 2021, Dec. 31, 2022, June 30, 2024, and June 24, 2025, is extended per court order. *National TPS Alliance et al. v. Noem et al.*, No. 25-cv-05687-TLT (N.D. Cal.).

---

[1] Available at: https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-nepal; https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-honduras; https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-nicaragua. (Last visited: February 4, 2026).

DEFS.' OPPOSITION TO PLS.' MOT. FOR COMPLIANCE
3:25-cv-5687-TLT
1

Plaintiffs now seek an order from the Court directing Defendants to "revise USCIS's TPS webpages for Honduras, Nicaragua, and Nepal to state that TPS remains in effect until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order." Mot. at 1. Plaintiffs also request the Court to order Defendants to "update USCIS's SAVE and E-Verify webpages and associated databases to state that TPS protections for people from Honduras, Nicaragua, and Nepal remain in effect, and that employment authorization documents for TPS holders from Honduras, Nicaragua, and Nepal remain valid until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order." *Id*.

On January 21, 2026, Plaintiffs filed an emergency motion to shorten time and set the briefing schedule with respect to their motion for compliance, seeking to compel Defendants to file their response by January 26, 2026. ECF No. 208. This Court denied Plaintiffs' motion after finding that good cause was not shown, and maintained all dates set by the Court's Revised Case Management and Scheduling Order. ECF No. 210.

**ARGUMENT**

**I.    Plaintiffs' Motion Impermissibly Seeks Relief That Exceeds the Scope of the December 31, 2025, Order**

Defendants have complied with the Court's Order by recognizing that the Secretary's termination determinations for Nepal, Honduras, and Nicaragua have been vacated pursuant to this Court's order, and that the Employment Authorization Documents (EADs) issued under TPS designations for Nepal, Honduras and Nicaragua remain valid during this litigation. ECF No. 197 at 51. While not required under the Order, Defendants also promptly updated their website to reflect the Court's holding, sufficiently alerting the public. Plaintiffs are not entitled to the relief they seek.

First, the Court's Order was an APA vacatur, not an injunction. Plaintiffs have repeatedly argued that such relief is distinct from an injunction because it does not require the government to take any actions and instead operates directly on the agency action by nullifying it. *See* ECF No. 121 at 8. Yet

under the guise of a compliance issue[2], Plaintiffs act as though the Court issued an injunction and demand that Defendants immediately include language on USCIS's website to state that "TPS remains in effect until July 5, 2026 (Honduras and Nicaragua) and June 24, 2026 (Nepal), absent further court order." *See* ECF No. 200 at 7.

Compliance with the Court's Order may be achieved through various reasonable means. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982) (explaining that a party is compliant when its action "appears to be based on a good faith and reasonable interpretation of the [court's order].") (quotation omitted). Defendants have reasonably effectuated the vacatur—which, again, is not an injunction—by updating the website to memorialize that the Secretary's determinations to terminate TPS for Nepal, Nicaragua, and Honduras are vacated per court order and that the status of those TPS holders, including their EADs, remains valid pending further litigation. That is consistent with Defendants' implementation of previous TPS preliminary relief and judgments, and Plaintiffs have previously been satisfied by that implementation.

Second, Plaintiffs raise concerns about employers refusing to employ TPS holders or state agencies denying drivers' licenses to TPS holders. Mot. at 3. Defendants have no responsibility or control over whether employers of TPS holders choose to follow the language on Defendants' website alerting the public to the Court's Order. ECF No. 197 at 51. To rule otherwise could open the door to permitting litigants and courts to micromanage the Executive Branch's websites. *See Freeman v. Pitts*, 503 U.S. 467 (1992) (holding that a district court need not retain active control over every step defendant's efforts to comply where Defendant has achieved compliance); *see also In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (compliance with a court order "is not vitiated by 'a few

---

[2] Plaintiff's motion relies largely on the Court's dicta. ECF No. 207 at 4-5. To the extent Plaintiffs wish for the Court to modify its Order or seek to "[c]larify [the Court's] Order," those requests are inappropriate here as a Motion for Compliance and should be brought as a motion for modification or clarification. *Id.* at 6. S*ee Stein v. Kaiser Found. Health Plan, Inc.*, 115 F.4th 1244, 1249 (9th Cir. 2024) (Forrest, J., conc.) ("only holdings are binding, not dicta") (internal quotations omitted).

1  technical violations' where every reasonable effort has been made to comply"); *see also OCA Greater*
2  *Houston v. Texas*, Case No. 1:15-cv-679-RP, 2016 WL 4597636 *6 (W.D. Tex. Sept. 2, 2016) ("the Court
3  need not order Defendants to adopt specific revisions, but rather feels that Defendants can use whatever
4  language they choose in order to effectuate the Court's injunction"). And none of Plaintiff's cited cases,
5  Mot. at 6, warrant a contrary conclusion. *See*, *e.g.*, *Shillitani v. United States*, 384 U.S. 364, 370 (1966)
6  (defining noncompliance as the "refusal to obey a court order."); *Ctr. For Food Safety v. Vilsack*, 74 F.
7  Supp. 2d 948. 950 (N.D. Cal. 2010) (noting that the Ninth Circuit has held that, "when equity demands,"
8  agency regulations "can be left in place while the agency follows the necessary procedures.") (emphasis
9  added); *Oceana, Inc. v. Ross*, 359 F. Supp. 3d 821, 829 (N.D. Cal. 2019) (granting motion to enforce
10  where the Court's order required the agency to promulgate a new rule within 90-days, and finding that
11  defendants failed to comply where they "did not see a stay to relieve themselves of the requirements of
12  the Court's order," and where they "failed to offer any specific plan to comply…"); *see also In re Crystal*
13  *Palace Gambling Hall, Inc.*, 817 F.2d 1361 (9th Cir. 1987) (affirming the district court's finding of
14  contempt where appellants failed to close the sale of a casino in conformity with the court's prior order,
15  and where appellants did not seek a stay while they challenged the court's order on appeal).

16  Moreover, as a show of good faith, Defendants have contacted Plaintiffs ahead of their filing to
17  discuss any individuals under the TPS designations that may have been detained and are working on
18  processing those individuals for release. ECF No. 207 at 7. As of the date of this filing, all of these
19  individuals have been released except for one, who is currently being processed for release.

20  Plaintiffs' motion also relies on the court's decision in *Haitian Evangelical Clergy Ass'n v. Trump*,
21  No. 25-cv-1464, Dkt. 63 (E.D.N.Y. July 1, 2024) ("HECA"), which set aside the Secretary's decision to
22  partially vacate the 2024 TPS Designation for Haiti. *See* ECF No. 207 at 6. Following entry of this order,
23  USCIS updated its TPS and E-Verify webpages to reflect that "TPS for Haiti remained in effect and that
24  EADs for Haitian TPS holders remained valid." *HECA*, No. 25-cv-1464, Dkt. 70. However, in that matter,
25  the court declined plaintiffs' request for post-judgment relief, rejecting similar arguments that Plaintiffs
26  assert here. *Id*. Specifically, the court held that the Government's website language complied with this
27  Court's ruling, and that the Government's acknowledgment that the validity of the EADs issued under the

28

TPS designation for Haiti is "sufficient to let employers know that Haitian TPS holders may legally work through February 3, 2026." *Id*. Here, Defendants' have updated the webpages to reflect that the Secretary's determinations have been vacated per court order, and that documentation for TPS holders under these designations remain valid. Like *HECA*, there is nothing further to compel. *Id*.

## CONCLUSION

Because Defendants have complied with the Court's Order, and Plaintiffs fail to show otherwise, the Court should deny Plaintiffs' Motion for Compliance with Court Order.

Dated: February 4, 2026

        Respectfully Submitted,

        BRETT SHUMATE
        Assistant Attorney General

        YAAKOV M. ROTH
        Principal Deputy Assistant Attorney General

        RUTH ANN MUELLER
        Senior Litigation Counsel

        LAUREN BRYANT
        ERIC SNYDERMAN
        JEFFREY HARTMAN
        SHLEBY WADE
        DANIEL CAPPELLETTI
        ILANA KRAMER
        RACHEL BERMAN-VAPORIS
        Trial Attorneys

        */s/Catherine Ross*
        CATHERINE ROSS
        Trial Attorney
        U.S. Department of Justice, Civil Division
        Office of Immigration Litigation
        P.O. Box 868 Ben Franklin Station
        Washington, D.C. 20044
        Catherine.ross@usdoj.gov
        *Counsel for Defendants*