Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Vanessa Young (SBN 352693)
youngviniegra@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, SANDHYA LAMA, TEOFILO MARTINEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:25-cv-05687-TLT <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:       September 24, 2026 <br> Time:       2:00 PM <br> Location:  Zoom |

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280512)
MTajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

PLEASE TAKE NOTICE THAT, on September 24, 2026, or as soon thereafter as this matter may be heard before the district court judge of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, assigned to this matter, Plaintiffs move for leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; all prior pleadings and filings in this case; any additional matter of which the Court may take judicial notice; and such further evidence or argument as may be presented before, at, or after the hearing.

Dated: July 24, 2026

Respectfully submitted,
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/ Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
Vanessa Young
CENTER FOR IMMIGRATION LAW AND POLICY,
UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER ORGANIZING
NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs respectfully move for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The proposed First Amended Complaint is attached hereto as **Exhibit A**. Plaintiffs seek to amend their complaint in light of intervening changes in law and newly revealed facts. Specifically, Plaintiffs seek to amend the complaint to eliminate the claim which is no longer viable and raise three new claims. Amendment is in the interests of justice and does not prejudice Defendants.

### BACKGROUND

On July 7, 2025, Plaintiffs initiated this lawsuit challenging DHS Secretary Noem's unlawful decisions to terminate Temporary Protected Status ("TPS") for over 60,000 individuals from Honduras, Nepal, and Nicaragua who have lived lawfully in the United States for at least 26 years (Honduras and Nicaragua) or 10 years (Nepal) during ongoing crises in their countries. Plaintiffs are the National TPS Alliance ("NTPSA"), a member-led organization representing TPS holders across the country, and individual TPS holders from Nepal, Nicaragua, and Honduras. Plaintiffs brought claims under the Administrative Procedure Act ("APA") and the Equal Protection Clause of the Due Process Clause of the Fifth Amendment. *See* Dkt. 1.

On July 8, 2025, Plaintiffs moved under 5 U.S.C. § 705 of the APA to postpone the Secretary's actions and to delay the implementation or enforcement of the termination of TPS for Nepal, Nicaragua, and Honduras until the resolution of these proceedings on the merits. Dkt. 17.

On July 31, 2025, the Court granted Plaintiffs' motion to postpone the Secretary's actions. Dkt. 73. However, on August 20, 2025, following briefing and oral argument, the Ninth Circuit granted Defendants' Motion for a Stay of the Postponement Order Pending Appeal and denied Defendants' Motion for a Stay of District Court Proceedings. Dkt. 96.

Meanwhile, on August 15, 2025, Plaintiffs filed a Motion for Class Certification. Dkt. 89. This Court heard argument on the Motion on September 16, 2025, and granted the Motion on October 2, 2025. Dkt. 134.

1

On October 14, 2025, Defendants filed a Motion for Summary Judgment, and Plaintiffs filed a Motion for Partial Summary Judgment. Dkts. 142 & 144.

On December 31, 2025, this Court issued an order granting Plaintiffs' Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment. Dkt. 197. The Court directed entry of final judgment under Rule 54(b) on the APA claims for which it granted summary judgment in favor of Plaintiffs and vacated the Secretary's termination decisions. *Id.* at 51–52. However, on February 9, 2026, the Ninth Circuit stayed this Court's December 31, 2025 Vacatur Order. Dkt. 214.

On February 11, 2026, this Court stayed "[t]his matter . . . pending further instruction from the Ninth Circuit," Dkt. 215, and the Court has since been awaiting further direction from the Ninth Circuit before proceeding.

The Ninth Circuit has now given that direction. On June 25, 2026, the Supreme Court issued its consolidated decision in the Syria and Haiti TPS cases in *Mullin*. *Mullin v. Doe*, Nos. 25-1083, 25-1084, 2026 WL 1825840 (U.S. June 25, 2026) ("*Dahlia Doe*"). While no opinion garnered five votes on the question whether 8 U.S.C. § 1254a(b)(5)(A) bars review of constitutional claims,[1] a majority did hold that the statute bars review of statutory claims that challenge "a discrete decision made by the Secretary . . . [as] part of the process that led to her final decision to terminate those countries' TPS designations." *Id.* at *7. In light of the Supreme Court's holding, on July 14, 2026, the Ninth Circuit vacated this Court's December 31, 2025 entry of judgment under Rule 54(b) and remanded to this Court for further proceedings. Dkt. 224.

On July 14, this Court lifted the stay in this matter and set a deadline of July 24, 2026, for Plaintiffs to move for leave to amend the pleadings in a manner consistent with the instructions provided by the Ninth Circuit and new Supreme Court precedent. Dkt. 225. This Court set a further case management conference for September 24, 2026. *Id.*

Plaintiffs now seek leave to file an amended complaint under Rule 15(a)(2) consistent with the recent judgments of the Ninth Circuit and Supreme Court. Plaintiffs' First Amended Complaint

---

[1] While the Court did not reach the issue, five Justices appeared to agree that the stripping provision does *not* bar review of constitutional claims. See *infra* Section B.3.

2

eliminates all aspects of the original complaint's statutory Administrative Procedure Act claim because Plaintiffs agree that this Court now lacks jurisdiction over that claim in light of *Dahlia Doe*.

Plaintiffs' First Amended Complaint also raises three new claims—(1) that the challenged terminations violate the Constitution's Due Process Clause because Defendants failed to follow the congressionally mandated process required of any TPS termination (First Claim); (2) that the challenged terminations violate the Constitution's equal protection guarantee because Defendants were motivated by bare animus and a desire to harm TPS holders (Third Claim); and (3) that the challenged terminations constituted illegal ultra vires action as the Secretary lacked statutory authority to execute TPS terminations, a power that lies exclusively with the Attorney General (Fourth Claim). As explained below, Plaintiffs are entitled to litigate each of these claims in light of *Dahlia Doe*.

## ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend a complaint] when justice so requires." Courts apply this policy with "extreme liberality" while weighing the *Foman* factors—undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, prejudice, and futility. *Eminence Cap., LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice to the opposing party carries the greatest weight, *id.* at 1052, and the opposing party bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice or a strong showing on another factor, there "exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original).

### B.    The Court Should Grant Plaintiffs Leave to Amend Their Complaint

The liberal policy of allowing amendment, as well as each of the relevant factors, weighs in favor of allowing Plaintiffs leave to amend the operative complaint. The Supreme Court's recent decision has obviously changed the landscape for TPS-related litigation. Plaintiffs' proposed amendments simply respond to that change.

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
CASE NO. 3:25-CV-05687-TLT

### 1. Amendment is in the interest of justice

"It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile." *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-CV-01667-ART-MDC, 2026 WL 984239, at *2 (D. Nev. Apr. 10, 2026) (citing *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014)). "The Ninth Circuit has found it prudent to grant leave to amend after a change in law where it would allow the court to avoid sorting out the various possible interpretations attributable to the pleadings[.]" *Id.* (cleaned up). "Courts have granted leave to amend not only where the law reversed course, but also where the change in law was a decision on a novel legal issue that the pleadings failed to anticipate." *Id.*

Plaintiffs' proposed First Amended Complaint incorporates new legal theories based on intervening changes in case law and newly discovered facts. The Supreme Court's June 25, 2026 ruling constitutes a substantial change in the legal landscape, which warrants permitting Plaintiffs the opportunity to amend their Complaint. *See Las Vegas Sun, Inc.*, 2026 WL 984239, at *2. First, some of the same legal errors that Plaintiffs previously pled underlying the now-vacated Postponement Order also give rise to constitutional violations. *See Lanza v. Ashcroft*, 389 F.3d 917, 927 (9th Cir. 2004) ("The due process afforded aliens stems from those statutory rights granted by Congress and the principle that minimum due process rights attach to statutory rights.") (cleaned up). The Supreme Court in *Dahlia Doe* did not consider the merits of Plaintiffs' claims regarding these legal errors but held only that the statute's jurisdiction-stripping provision barred review of these claims. *Dahlia Doe*, 2026 WL 1825840, at *7–10. Whereas the distinction between statutory and constitutional claims was not relevant in this context under pre-existing law, the Supreme Court's recent decision renders that distinction material, as most statutory claims are no longer reviewable, while constitutional claims are. Second, the Supreme Court reviewed the constitutional equal protection claim notwithstanding the jurisdictional bar, even while concluding that the *Miot* respondents had not, at a preliminary stage, provided sufficient evidence for the Court to conclude that the termination was motivated by racial animus. *Id.* at *10–13. Indeed, the Supreme Court recognized that the terminations could have been motivated by something other than racial animus— "antipathy" towards TPS policy writ large. *Id.* at *12. In light of the Supreme Court's new

4

jurisprudence analyzing the equal protection clause in the context of TPS terminations, Plaintiffs seek to plead a claim that the challenged terminations demonstrate *bare animus* towards TPS holders, which is itself unconstitutional under a distinct line of Supreme Court authority, whether or not motivated by racial animus. Finally, while the Supreme Court held in *Dahlia Doe* that the TPS statute's jurisdictional bar prohibits statutory challenges to "a discrete decision made by the Secretary," *id.* at *7, nothing in *Dahlia Doe* eliminates the viability of a claim that the challenged decisions constituted ultra vires agency action because it is the Attorney General, rather than the Secretary, who holds statutory authority to terminate TPS. In light of the change in the legal landscape from the Supreme Court's recent decision, the Court should grant Plaintiffs leave to amend to eliminate the APA claim, which Plaintiffs concede is no longer viable, and to add these three new claims that would be reviewable notwithstanding the TPS statute's jurisdiction-limiting provision as the Supreme Court has now construed it.

Plaintiffs also intend to amend the complaint to account for additional discovery already produced over the past few months in *National TPS Alliance v. Noem*, Case No. 25-cv-01766-EMC (N.D. Cal.), as that information supports their proposed new claims. These facts were not available to Plaintiffs when they filed their original Complaint. *Juarez v. Auto Zone Stores, Inc.*, No. 08cv417-L(BLM), 2010 WL 3470759, at *1–3 (S.D. Cal. Sept. 3, 2010) (granting leave where the plaintiff moved to amend after learning additional facts during two other trials against the same defendant); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022) (granting leave to amend after plaintiff uncovered new facts in discovery).

### 2. Defendants will not be prejudiced by amendment

"Where the theory and the operative facts of the complaint remain the same, the defendant should be 'fully prepared to litigate the substantive issues of the claim' and would not be prejudiced by amendment." *Las Vegas Sun, Inc.*, 2026 WL 984239, at *3 (citing *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013)). "Even if litigation has been going on for several years, the mere fact that an amendment is offered late in the case is not enough to bar it." *Id.* (cleaned up). Where the proposed complaint would require defendants to undertake an entirely new course of defense, they may suffer prejudice, although this kind of prejudice standing

5

alone is not fatal to amendment. *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Plaintiffs' proposed First Amended Complaint continues to challenge the same decisions terminating TPS for Nepal, Nicaragua, and Honduras, and it rests principally on the same factual record the parties have already developed and litigated through class certification and cross-motions for summary judgment. The principal amendments are legal: they plead theories made newly material by the Supreme Court's intervening construction of the TPS statute and reorganize Plaintiffs' claims to conform to that decision. The proposed amendment also will not impose the type of discovery burden that may support a finding of prejudice. The amended allegations rely largely on the existing factual record and discrete materials produced in related litigation, though Plaintiffs may seek limited additional discovery in light of the change in law and in support of the First Amended Complaint. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (identifying factors courts consider in resolving motions to amend scheduling order to reopen discovery and reversing the trial court's denial of the motion to amend to allow new discovery).

Defendants have not identified any concrete prejudice arising from the proposed amendment. Prior to the Ninth Circuit's remand order, their sole stated objection was that amendment would be futile while the appeal remained pending. Dkt. 221 at 13. Now that the Ninth Circuit has remanded the matter to this Court for further proceedings, Defendants cannot credibly claim prejudice from Plaintiffs endeavoring in good faith to amend the Complaint consistent with intervening changes in law and according to this Court's guidance and the schedule set.

### 3. The remaining factors weigh in favor of amendment

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, and futility—support granting leave to amend.

First, amendment is not futile. "An amendment is only futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Las Vegas Sun, Inc.*, 2026 WL 984239, at *4 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiffs' proposed amended complaint addresses a live controversy and seeks relief for ongoing harm. Though *Dahlia Doe* held that the jurisdictional provision bars APA claims similar to those Plaintiffs

6

asserted in their original Complaint, *Dahlia Doe* explicitly does *not* foreclose review of all conceivable statutory claims. *Id.* at *18 (declining to address several jurisdictional hypotheticals). Further, regarding constitutional claims, five Justices appeared to agree that the stripping provision on which the government has relied does not bar review of constitutional claims. *Id.* at *11–13 (six Justices joining jurisdictional analysis as to non-constitutional claims); *id.* at *19–20 (Kagan, J., dissenting) (four Justices assuming without deciding that there is jurisdiction over constitutional claim, indicating other two found jurisdiction); *id.* at *20–21 (Kagan, J., dissenting) (three other Justices finding jurisdiction over statutory and constitutional claims). While the Court held that the *Miot* plaintiffs were unlikely to succeed on the merits of their equal protection claim, that preliminary merits holding was based on the distinct factual record in that case. It does not preclude Plaintiffs from moving forward with their equal protection claims here, particularly given that Plaintiffs do not anticipate moving for preliminary relief at this time. Accordingly, the new legal theories contained in Plaintiffs' proposed amended complaint are obviously not frivolous, nor do they contain fatal defects.

Second, there is no undue delay. Plaintiffs bring this motion less than ten days after the Ninth Circuit's remand, less than one month after the relevant Supreme Court decision, and according to the schedule set by this Court. Plaintiffs have therefore moved at the first opportunity following remand and in accordance with the schedule selected by the Court. Amendment is not an unexpected detour from the contemplated course of proceedings; it is the procedural step the Court expressly anticipated when it returned the case to active litigation. *See Las Vegas Sun, Inc.*, 2026 WL 984239, at *3 ("The mere fact that an amendment is offered late in the case is not enough to bar it.") (cleaned up).

Third, there is no bad faith or dilatory motive. The First Amended Complaint asserts new, viable claims on behalf of over 60,000 TPS holders consistent with and necessitated by recent changes in law and factual development in other cases asserting similar legal theories.

Finally, the Court has not dismissed any of Plaintiffs' claims. Therefore, there are no identified deficiencies for Plaintiffs to cure.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File a First Amended Complaint pursuant to Rule 15(a)(2). Amendment is in the interest of justice and will not prejudice Defendants. Accordingly, Plaintiffs urge the Court to grant leave to amend as requested.

Dated:  July 24, 2026

Respectfully submitted,
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/  Emilou MacLean*
Emilou MacLean

Michelle (Minju) Y. Cho
Amanda Young

Ahilan T. Arulanantham
Vanessa Young
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

*/s/  Emilou MacLean*
Emilou MacLean