Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Vanessa Young (SBN 352693)
youngviniegra@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
Amanda Young (SBN 359753)
ayoung@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, SANDHYA LAMA, TEOFILO MARTINEZ,

Plaintiffs,

vs.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,

Defendants.

Case No. 3:25-cv-05687-TLT

**SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER, DKT. 236**

Date: September 24, 2026
Time: 2:00 PM
Location: Zoom

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280512)
MTajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

# INTRODUCTION

Plaintiffs have sought leave to amend their complaint to add new claims challenging the TPS terminations for Honduras, Nicaragua, and Nepal. Dkt. 229; 229-1 ¶¶ 191-94. This supplemental brief addresses three questions raised by the Court at the August 13, 2026 Status Conference regarding Plaintiffs' proposed third claim, which alleges that the terminations are unconstitutional because they are motivated by bare animus: (1) whether Federal Rule of Civil Procedure 15(a)(2) permits amendment to add claims at this stage of the proceedings; (2) whether Plaintiffs' bare animus claim should be brought in this lawsuit or a new lawsuit; and (3) whether Plaintiffs' bare animus claim is foreclosed by the Supreme Court's recent decision in *Mullin v. Dahlia Doe*, 146 S. Ct. 2121 (2026) ("*Dahlia Doe*"). *See* Dkt. 239 (ordering supplemental briefing on proposed third claim). As described below, Rule 15(a)(2) favors amendment to add new claims, this lawsuit presents the proper forum to litigate Plaintiffs' proposed bare animus claim, and *Dahlia Doe* does not foreclose such a claim.

# ARGUMENT

## A. Rule 15(a)(2) Favors Amendment to Add Claims

Rule 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires," drawing no distinction between amendments that refine existing claims and amendments that add new ones. Fed. R. Civ. P. 15(a)(2). *Foman v. Davis*, 371 U.S. 178 (1962), the seminal Supreme Court decision construing Rule 15(a)(2), involved an amendment adding a new claim. There, the Court held that the district court abused its discretion in refusing to permit the plaintiff to amend her complaint to assert a right of recovery in quantum meruit, reasoning that the amendment "would have done no more than state an alternative theory for recovery," and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182.

The Ninth Circuit has also held that Rule 15's "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (reversing denial of leave to amend). This policy favoring amendment "is to be applied with extreme liberality," *Eminence Capital, LLC v. Aspeon,*

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted), and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend," *id.* at 1052 (emphasis in original).

Consistent with these principles, courts in this Circuit routinely grant leave to add new claims, including new legal theories, particularly where an intervening development makes those theories newly material. *See, e.g., Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014) ("It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile."); *see also Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 527–29 (N.D. Cal. 2012) (Chen, J.) (granting leave to add a new statutory cause of action and new legal theories nearly two years into the litigation and after the close of discovery, where the new theories were "based on the same underlying allegations," and denying amendment only insofar as it would have added a new party).

That is precisely the posture here. Plaintiffs' proposed bare animus claim challenges the same termination decisions and rests largely on the same factual record as the equal protection claim pled in the original Complaint. It adds a legal theory made newly material by the Supreme Court's decision in *Dahlia Doe* —where the Court itself suggested that some of the statements made by high-level government officials "malign" Haitian immigrants, but nonetheless suggested that they may have been motivated by "antipathy" toward TPS rather than racism. *Dahlia Doe*, 146 S. Ct. at 2138. Because the amendment would do "no more than state an alternative theory for recovery" on facts already before the Court, *Foman*, 371 U.S. at 182, Rule 15(a)(2) requires that leave be freely given.

Finally, it is Plaintiffs' understanding that Rule 15(a)(2), rather than Rule 16(b), supplies the proper standard for assessing their motion to amend, because this Court has already modified the scheduling order to permit Plaintiffs to seek amendment "in a manner consistent with the instruction and clarity provided by the Ninth Circuit and the Supreme Court." *Compare* Dkt. 225 (directing Plaintiffs to file any Motion to Amend by July 24, 2026) *with* Dkt. 210 (setting September 22, 2025 deadline for amending pleadings). However, to the extent this Court holds Rule 16(b)'s good-cause standard applies, that standard is also met, because a "change in law constitutes good cause for …

amendment" to add new claims. *See Lazorosas v. Mercedes-Benz USA, LLC*, No. 8:24-CV-01161-JWH-DFM, 2025 WL 1543629, at *2 (C.D. Cal. Jan. 27, 2025) (permitting Plaintiff to amend to add new claims where a change in law precluded some of her existing claims).

**B. This Litigation is the Proper Forum for Plaintiffs' Bare Animus Claim**

Plaintiffs believe this litigation presents the proper forum to raise their bare animus claim. The federal rules strongly favor amendment—which must be freely given, as noted above—rather than new litigation between the same parties, as the latter is inefficient and cumbersome for both the Court and the parties. That rationale is manifest in the rule against "improper claim-splitting." *Mendoza v. Amalgamated Transit Union International*, 30 F.4th 879, 886 (9th Cir. 2022).

"[T]he bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Id.* Whether two suits involve the same cause of action turns largely on whether they "arise out of the same transactional nucleus of facts." *Id*. at 887 (quoting *Adams v. California Dep't of Health Servs.,* 487 F.3d 684, 689 (9th Cir. 2007)). "The fact that [a second lawsuit] … involves somewhat different legal theories" and a "somewhat broader range of conduct does not alter the underlying fundamental identity of the suits …." *Id.*

While Plaintiffs do not take any position at this time on whether a separate lawsuit raising a bare animus challenge to the termination of TPS for Honduras, Nicaragua, and Nepal would be barred under the claim-splitting doctrine, it should nonetheless be clear that the claim-splitting doctrine counsels against bringing a new lawsuit involving the same parties and similar facts. That principle favors resolution of Plaintiffs' bare animus claim in *this* lawsuit, rather than any future case.

**C. *Dahlia Doe* Does Not Foreclose Plaintiffs' Bare Animus Claim**

Finally, *Dahlia Doe* does not foreclose Plaintiffs' proposed bare animus claim for at least two reasons. First, *Dahlia Doe* addressed the propriety of interim relief for an equal protection claim. The Court held, based on the record before it, that plaintiffs were not entitled to interim relief on their race-based equal protection claim because they were "*unlikely* to prove that race was a motivating factor in the decision to terminate Haiti's TPS designation." 146 S. Ct. at 2140 (emphasis added). The Court did not hold that plaintiffs had failed to state a claim or that they *could not*

succeed. The standard matters, because Plaintiffs here seek only leave to amend, not preliminary relief. They do not need to show likely success on their claim to prevail on their motion to amend. Instead, the bar is much lower: amendment should be permitted unless Plaintiffs' proposed claim is "clearly futile." *Doe I,* 766 F.3d at 1028. It is not. The claim at issue in *Dahlia Doe* was also a different type of equal protection claim—racial animus rather than bare animus toward TPS holders.

Plaintiffs' amended complaint alleges that "Defendants' decisions to terminate the TPS designations of Honduras, Nepal, and Nicaragua are unconstitutional because they were motivated by explicit animosity and a desire to harm TPS holders." Dkt. 229-1 ¶ 193. If the evidence ultimately bears out that allegation, then Plaintiffs are entitled to relief. *See Romer v. Evans*, 517 U.S. 620, 634 (1996) ("[A] bare . . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest."); *see also United States Dep't of Agriculture v. Moreno*, 413 U.S. 528 (1973), *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985). Indeed, Plaintiffs note that, following *Dahlia Doe*, litigation on the *Miot* plaintiffs' race-based equal protection claim is moving forward in the district court, because the Supreme Court's holding that plaintiffs are unlikely to succeed on that claim does not mean that any further litigation of the claim is foreclosed. *See* Order, *Miot v. Trump*, Case No. 1:25-cv-02471 (D.D.C. August 5, 2026) (denying government's request for stay of discovery and directing parties to propose a schedule for further proceedings). Thus, the *Dahlia Doe* decision cannot be read to foreclose a different type of equal protection claim if it did not even foreclose the equal protection claim at issue there.

Second, *Dahlia Doe* cannot be read to silently overrule *United States Department of Agriculture v. Moreno*, 413 U.S. 528 (1973), *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985), or *Romer v. Evans*, 517 U.S. 620 (1996), which establish that government action motivated by bare animus is unconstitutional. *Dahlia Doe* does not address bare animus at all. Instead, the Court found the *Miot* plaintiffs had failed to show likely success on their racial-animus theory in part because the Court credited a "strong, race-neutral explanation" for the terminations—the administration's "obvious antipathy toward past administrations' TPS policies." 146 S. Ct. at 2128. The Court did not address whether such antipathy, if directed at TPS holders themselves, independently violates the Fifth Amendment's equal protection guarantee. Plaintiffs' proposed claim

presents that distinct theory, which *Dahlia Doe* left untouched.

Finally, as Plaintiffs' counsel noted at the last status conference, the Supreme Court does not overrule its prior cases without saying so explicitly. As the Court has instructed, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc*., 490 U.S. 477, 484 (1989). "Because [*Dahlia Doe*] says literally nothing whatsoever about [*Moreno*, *Cleburne*, and *Romer*], it cannot provide any basis for disregarding" those cases. *Ramirez v. Shinn*, 971 F.3d 1116, 1125 n.3 (9th Cir. 2020), *rev'd by Shinn v. Ramirez*, 596 U.S. 366 (2022) (Collins, J., dissenting from denial of rehearing en banc).

## CONCLUSION

For the reasons stated above and in Plaintiffs' motion, this Court should grant Plaintiffs leave to amend to add a bare animus claim.

Dated: August 20, 2026

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
Amanda Young
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
Vanessa Young
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)

HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER
ORGANIZING NETWORK

*/s/ Jessica Karp Bansal*
Jessica Karp Bansal