Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
Vanessa Young (SBN 352693)
youngviniegra@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
Michelle (Minju) Y. Cho (SBN 321939)
mcho@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Attorneys for Plaintiffs
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL TPS ALLIANCE, DENIS MOLINA, JHONY SILVA, MARIA ELENA HERNANDEZ, SANDHYA LAMA, TEOFILO MARTINEZ,

Plaintiffs,

vs.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,

Defendants.

Case No. 3:25-cv-05687-TLT

**RESPONSIVE BRIEF PURSUANT TO COURT ORDER, DKT. 236**

Date: September 24, 2026
Time: 2:00 p.m.
Location: Zoom

Additional Counsel for Plaintiffs

Jessica Karp Bansal (SBN 277347)
jessica@ndlon.org
Lauren Michel Wilfong (*Pro Hac Vice*)
lwilfong@ndlon.org
NATIONAL DAY LABORER ORGANIZING NETWORK
1030 S. Arroyo Parkway, Suite 106
Pasadena, CA 91105
Telephone: (626) 214-5689

Mohammad K. Tajsar (SBN 280512)
MTajsar@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Erik Crew (*Pro Hac Vice*)
ecrew@haitianbridge.org
HAITIAN BRIDGE ALLIANCE
4560 Alvarado Canyon Road, Suite 1H
San Diego, CA 92120
Telephone: (949) 603-7411

## INTRODUCTION

Defendants agree governmental action motivated solely by animus remains unconstitutional in the wake of the Supreme Court's decision in *Mullin v. Dahlia Doe*, 609 U.S. ---, 146 S. Ct. 2121 (2026) ("Dahlia Doe"). It follows that Plaintiffs' proposed third claim—which alleges the terminations of TPS for Honduras, Nicaragua, and Nepal were based on animus toward TPS holders, rather than any legitimate government purpose—states a viable claim. Defendants read *Dahlia Doe* to foreclose this claim purely because the Supreme Court identified "antipathy toward past administrations' TPS policies" as a reason for the current administration's TPS termination decisions. Defs' Br. at 5. But that statement cannot bear the weight Defendants place on it. *Dahlia Doe* does not address the allegation at the heart of Plaintiffs' bare animus claim: that Defendants' "antipathy" toward TPS *policy* is based on antipathy toward TPS *holders*. In fact, *Dahlia Doe* says nothing about bare animus. Rather, *Dahlia Doe* holds only that the administration's policy views "could rest on race-neutral justifications." *Dahlia Doe*, 146 S. Ct. at 2138. Because a view that is "race-neutral" may nonetheless be grounded in animus, *Dahlia Doe* does not foreclose Plaintiffs' proposed bare animus claim.

## ARGUMENT

### A. Amendment is Appropriate Because Plaintiffs' Bare Animus Claim is Not Clearly Futile

"When a law exhibits . . . a desire to harm a politically unpopular group," the Supreme Court has "applied a more searching form of rational basis review to strike down such laws under the Equal Protection Clause." *Lawrence v. Texas*, 539 U.S. 558, 580 (2003) (O'Connor, J., concurring). "Sometimes the animus cases are said to apply heightened rational-basis review, or—more colorfully—rational basis with bite . . . ." *Bishop v. Smith*, 760 F.3d 1070, 1099 (10th Cir. 2014) (Holmes, J., concurring) (cleaned up). Under this standard, courts look to identify the *true* reason for the challenged government action, dismissing proffered justifications that are not genuine, even if they would otherwise be considered legitimate. *See, e.g., City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 450 (1985) (dismissing a defendant city's argument that special permit requirement was rationally related to legitimate concerns about "avoiding concentration of population and

lessening congestion of the streets”).

Defendants proffer two supposedly legitimate reasons for the challenged TPS terminations that they claim foreclose Plaintiffs’ bare animus claim. First, Defendants assert the challenged terminations were based on country conditions. Defs’ Br. at 3. But Plaintiffs allege—and this Court has found—they were not. Dkt. 197 at 40 (“The Court agrees that the Secretary’s Honduras, Nicaragua, and Nepal TPS termination decisions were preordained” and based on “a bias against TPS.”); Dkt. 229-1 ¶¶ 78–90. So—at least at this stage, where Plaintiffs’ well-pleaded allegations must be taken as true—Defendants’ assertion cannot defeat Plaintiffs’ motion to amend. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Next, Defendants assert that “[t]he Supreme Court has identified a rational basis for the Secretary’s TPS termination determinations: the ‘present administration’s general stance on immigration and its obvious antipathy toward past administrations’ TPS policies[.]’” Defs’ Br. at 5 (quoting *Dahlia Doe*, 146 S. Ct. at 2138–39). Even if one accepts the extraordinary proposition that it would be legitimate for Defendants to dismantle a congressionally created program simply because they dislike it, Defendants’ argument begs the question *why* the present administration is hostile toward TPS. The Supreme Court did not answer that question, other than to say the reasons “could” be “race-neutral.” *Dahlia Doe*, 146 S. Ct. at 2138. Plaintiffs’ amended complaint *does* allege an answer: the administration’s hostility toward the TPS program is based in “irrational prejudice” toward TPS holders. *Cleburne*, 473 U.S. at 448–50.

Plaintiffs’ complaint includes ample factual allegations that “raise [their] right to relief” on their bare animus claim “above the speculative level.” *Twombly*, 550 U.S. at 555. *See, e.g.*, Dkt. 229-1 ¶¶ 88, 93–104 (statements of administration officials describing TPS holders as “illegal aliens,” “invaders,” “criminals,” “murderers,” and “violent terrorists” even though, by definition, TPS holders are lawfully present and have never been convicted of more than a single misdemeanor). While the Supreme Court in *Dahlia Doe* found similar statements “expressed policy views that *could* rest on race-neutral justifications,” the Supreme Court did not address whether such statements showed animus toward TPS holders themselves. *Dahlia Doe*, 146 S. Ct. at 2138 (emphasis added). Further, the record before *this* Court also includes extensive internal government documents

revealing the irregular and arbitrary process by which the challenged termination decisions were made. Dkt. 197 at 8–9, 40–43 (finding Secretary's decisions were not based on country conditions or consultation with State Department). These facts further undermine any notion that the challenged terminations were grounded in rational or legitimate decision-making.

Defendants next assert that, since race discrimination claims are subject to more heightened scrutiny than bare animus claims, the Supreme Court's holding that TPS holders are unlikely to prevail on the former means they cannot state a claim as to the latter. Defs' Br. at 2. That makes no sense. The plaintiffs in *Romer*, *Cleburne*, and *Moreno* would not have prevailed on a racial discrimination claim, because the animus they alleged was not race-based. But they *won* their bare animus claims. *Romer v. Evans*, 517 U.S. 620, 635 (1996) ("We must conclude that Amendment 2 classifies homosexuals not to further a proper legislative end but to make them unequal to everyone else. This Colorado cannot do."); *City of Cleburne,* 473 U.S. at 450 ("The short of it is that requiring the permit in this case appears to us to rest on an irrational prejudice."); *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973) ("[I]f the constitutional conception of 'equal protection of the laws' means anything, it must at the very least mean that a bare congressional desire to harm a politically unpopular group cannot constitute a legitimate governmental interest."). Defendants' focus on level of scrutiny ignores that the *substance* of what must be proved under each theory is different.

Finally, Defendants claim that *Trump v. Hawaii's* rational basis standard—rather than the "rational basis with bite" standard typically applied in animus cases, *Bishop*, 760 F.3d at 1099, applies to Plaintiffs' animus claim. Defs' Br. at 3. But the animus cases supply the proper standard because Plaintiffs have adequately pleaded that the challenged terminations are so "'divorced from any factual context from which we could discern a relationship to legitimate state interests' . . . that [they are] 'inexplicable by anything but animus.'" *Trump v. Hawaii*, 585 U.S. 667, 706 (2018) (quoting *Romer*, 517 U.S. at 632). Dkt. 229-1 ¶¶ 183–84. And even assuming, *arguendo*, that the *Trump v. Hawaii* standard applied, this Court has already held that Plaintiffs adequately alleged that the challenged terminations were "completely divorced from any 'facially legitimate and bona fide' reason." Dkt. 197 at 32–33. There can be no question that the allegation that the terminations have

no legitimate purpose, coupled with Plaintiffs' allegations of bias against TPS holders, properly state a bare animus claim.

### B. The Parties Agree That *Dahlia Doe* Did Not Overturn Prior Supreme Court or Ninth Circuit Precedent and That Rule 15 Provides a Liberal Standard for Amending a Complaint

The parties agree on the answers to two of the questions this Court posed: First, the "governing legal framework for equal protection claims" remains unchanged. Defs' Br. at 1–2. *Dahlia Doe* did not overturn either prior Supreme Court precedent, which cannot be overturned implicitly, or Ninth Circuit precedent. *Id.* Second, while the parties disagree as to whether amendment should be granted here, the parties agree that Rule 15 requires courts to freely grant leave to amend "when justice so requires." *Id.* at 7. Plaintiffs' new claim thus need not be pleaded in a new case.

## CONCLUSION

This Court should grant Plaintiffs leave to amend to add their proposed bare animus claim.

Dated: August 24, 2026

Respectfully submitted,

NATIONAL DAY LABORER
ORGANIZING NETWORK

/s/ *Jessica Karp Bansal*
Jessica Karp Bansal
Lauren Michel Wilfong (*Pro Hac Vice*)

Emilou MacLean
Michelle (Minju) Y. Cho
ACLU FOUNDATION
OF NORTHERN CALIFORNIA

Ahilan T. Arulanantham
Vanessa Young
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Mohammad K. Tajsar
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Erik Crew (*Pro Hac Vice*)
HAITIAN BRIDGE ALLIANCE

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

NATIONAL DAY LABORER ORGANIZING NETWORK

*<u>/s/ Jessica Karp Bansal</u>*
Jessica Karp Bansal